# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

CMT USA, Inc. and CMT Utensili S.p.A.

      *Plaintiffs*,

      *v.*

Apex Tool Group LLC and Apex Brands, Inc.,

      *Defendants*.

-------------------------------------------------------------------------------

Civil Case No. 1:23-cv-07507- JLR

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

Plaintiffs, CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT" or "Plaintiffs"), by its undersigned attorneys, for its Amended Complaint against Apex Tool Group LLC ("Apex Tool Group") and Apex Brands, Inc. ("Apex Brands"), allege as follows:

## NATURE OF THE ACTION

1.      CMT brings this civil action against Defendants for trademark infringement under the trademark laws of the United States, Title 15, United States Code. This action involves infringement of CMT's registered mark for the color orange in connection with woodworking circular blades (U.S. Registration No. 3,038,625). CMT also brings claims against Defendants for common law trademark infringement, unfair competition under 15 U.S.C. § 1125(a) and New York common law, and trademark dilution under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. L. §360-1.

## THE PARTIES

2.      CMT USA, Inc. is a corporation organized and existing under the laws of North Carolina with its principal place of business located at 7609 Bentley Rd. Ste. D., Greensboro, North Carolina, 27409.

1

3. CMT Utensili S.p.A. is a corporation organized and existing under the laws of Italy, with its principal place of business located at Via della Meccanica, Pesaro, Italy 61122.

4. CMT USA, Inc. is a wholly owned subsidiary of CMT Utensili S.p.A.

5. CMT offers goods throughout the United States, including in New York.

6. Upon information and belief, Apex Tool Group LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 13620 Reese Boulevard East #405, Huntersville, NC 28078.

7. Upon information and belief, Apex Brands, Inc is the intellectual property entity of Apex Tool Group, is the owner of the trademark registrations and applications for the "Crescent" brand, and is a corporation organized and incorporated under the laws of the state of Delaware, with its principal place of business located at 1000 Lufkin Road, Apex, NC 27539.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

9. Upon information and belief, Defendants regularly transact business in New York. On information and belief, Defendants' tortious acts that are the subject of the present suit have been, and continue to be, committed in New York. Accordingly, this Court has personal jurisdiction.

10. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

**A.    CMT's Goods and the Orange Color Marks**

11. For more than 60 years, CMT has specialized in producing premium woodworking cutting tools, and is known worldwide for its superior products.

12. CMT is specifically recognized by consumers worldwide and in the United States for its unique orange colored tools.

13. Among its numerous products, CMT offers circular woodworking blades in its well-known orange color. An example of one such blade is pictured below:



14. CMT promotes and offers its circular woodworking blades to the public in connection with its CMT ORANGE TOOLS mark.

15. CMT also promotes and offers other products in connection with its CMT ORANGE TOOLS mark, which likewise bear CMT's famous orange color.

16. Indeed, CMT displays the CMT ORANGE TOOLS mark, (pictured below) directly on its orange circular woodworking blades, on its packaging, and at the point of sale.



17. CMT also displays the CMT ORANGE TOOLS mark throughout its website, https://www.cmtorangetools.com/na-en/ ("CMT's Website").

18. CMT offers its circular woodworking blades bearing its registered orange color to the public through national and local retail stores, other physical locations, and online.

19. For example, pictured below is an in-store display offering CMT's orange circular woodworking blades to the public, and featuring the CMT ORANGE TOOLS mark.

3



20.    CMT has expended extensive resources and marketing efforts to ensure that when consumers see orange woodworking tools, they immediately recognize them as originating from CMT.

21.    A jury in Florida in case no. 96-9-CIV-T-21B, has previously held that the orange color on CMTs router bits is not functional and has acquired a secondary meaning.

22.    As a result of CMT's efforts, the orange color, in connection with CMT's circular woodworking blades, is also distinctive and has acquired secondary meaning.

23.    Indeed, CMT's orange color is widely known among consumers as being distinctly associated with CMT when used in connection with woodworking tools.

24.    In addition to its common law rights, CMT Utensili, S.p.A. owns the following U.S. trademark registrations for the color orange as applied to woodworking saw blades and related tool accessories (collectively, the "Orange Color Marks"):

| Mark | Mark Description | Filing Date/ Registration Date | Goods/Services |
|---|---|---|---|
| Reg. No. 3,038,625 | The mark consists of the color orange as applied to the goods. The drawing is lined for the color orange. | Filing Date: May 21, 1999<br><br>Registration Date: Jan. 10, 2006 | Class 7: * Circular * blades for power saws for cutting wood |
| Reg. No. 2,705,624 | The mark consists of the color orange as applied to the outer routing surface of the goods. The dotted outline of the goods is intended to show the position of the mark and is not a part of the mark. | Filing Date: Dec. 27, 1995<br><br>Registration Date: Apr. 15, 2003 | Class 7: Power tool accessories, namely router bits |

25.     In addition to the Orange Color Marks, CMT Utensili, S.p.A. owns the following

U.S. Registrations including the term "Orange" (collectively, the "ORANGE Marks"):

| Mark | Filing Date/ Registration Date | Goods/Services |
|---|---|---|
| CMT ORANGE TOOLS<br><br>Reg. No.: 3,380,266 | Filing Date: Dec. 7, 2006<br><br>Registration Date: Feb. 12, 2008 | Class 7: *Power tools accessories, namely, router bits, router cutters, saw blades, dado blades, shaper cutters, cutter heads, cutter knives, planer knives, jointer knives, dowel drills, drill bits, boring bits, forstner bits, countersinks, chucks, collets and all adaptors for machine tools* |
| Reg. No. 2,963,672 | Filing Date: Oct. 20, 2003<br><br>Registration Date: Jun. 28, 2005 | Class 7: *Woodworking tools, namely circular saw blades* |

5

26.     True and correct copies of the certificates of registration for U.S. Registration Nos. 3,038,625, 2,705,624, 3,380,266, and 2,963,672 are attached hereto as Exhibit A.

27.     CMT Utensili, S.p.A. owns, and has continuously owned, the marks of U.S. Registration Nos. 3,038,625, 2,705,624, 3,380,266, and 2,963,672.

28.     Each of the Orange Color Marks and the ORANGE Marks are valid, legally protectable, and incontestable.

29.     CMT Utensili, S.p.A. commenced use of the Orange Color Marks in the United States as early as July 1991 in connection with a variety of goods, including woodworking tools. CMT commenced use of the orange color on circular woodworking blades as early as April 1, 1997.

30.     CMT commenced use of the ORANGE Marks in the United States as early as January 2002 in connection with a variety of goods, including woodworking tools.

31.     CMT has achieved considerable goodwill and fame in the United States and abroad in connection with its woodworking tools and related products offered under the Orange Color Marks and the ORANGE Marks.

32.     CMT is widely considered to be a market leader in woodworking tools and related products.

**B.      Defendants' Unauthorized Use of the Orange Color On Circular Woodworking Blades**

33.     Defendants have commenced the sale of woodworking saw blades bearing an orange color that is identical and/or confusingly similar to CMT's Orange Color Marks (the "Infringing Orange Circular Saws").

34.     Defendants offer such infringing products under its "Crescent" brand of woodworking tools, available on Defendants' website at https://www.crescenttool.com/, and as pictured below:



35.     Defendants willfully and intentionally advertise, market, offer for sale, and sell Infringing Orange Circular Saws that copy CMT's registered orange color.

36.     Defendants' actions have also created confusion among consumers exposed to the Infringing Orange Circular Saws.

37.     Defendants' marketing, offering for sale, and selling of the Infringing Orange Circular Saws is therefore likely to cause confusion in the marketplace for woodworking saw blades and related tools.

38.     Upon information and belief, consumers have actually been confused as a result of Defendants' conduct.

39.     Upon information and belief, Defendants knowingly offer the Infringing Orange Circular Saws for sale with the knowledge and intent that such infringing products be recognized by consumers as genuine products of CMT.

40.     Defendants' actions have also caused, or are likely to cause, dilution by blurring or tarnishment by eroding the public's exclusive identification of the orange color on circular

woodworking blades with CMT and otherwise lessening the capacity of CMT's orange color on circular woodworking blades to identify and distinguish CMT's goods and services.

41. CMT sent cease and desist letters to Defendants Apex Tool Group and Apex Brands on November 5, 2021, November 19, 2021, and December 22, 2021.

42. Defendants Apex Tool Group and Apex Brands refused to stop offering the Infringing Orange Circular Saws.

43. Despite being put on notice of CMT's intellectual property rights, Defendants refused to cease any of their infringing activities. Instead, Defendants have elected to continue marketing Infringing Orange Circular Saws in a deliberate attempt to create confusion amongst consumers who will assume that Defendants' infringing products are affiliated with, authorized by, or endorsed by CMT, when they are not.

44. Subsequent to the cease and desist letters, on or about May of 2023 Defendants began selling Infringing Orange Circular Saws in the same stores as CMT's orange circular woodworking blades, specifically Menards®.

45. Menards® is a home improvement store with 300 locations throughout a 15-state region in the Midwest.

46. CMT has offered its orange circular woodworking blades in Menards® since May of 2012.

47. Defendants began offering Infringing Orange Circular Saws in Menards on or about May of 2023.

48. Defendants Infringing Orange Circular Saws are of an inferior quality than CMT's orange circular woodworking blades and as illustrated in Exhibit B are sold in Menards® at a lower price point than CMT's orange circular woodworking blades.

49.     As a result of Defendants selling Infringing Orange Circular Saws, CMT has lost sales of its orange circular woodworking blades in Menards® stores.

50.     In addition to Menards®, Defendants have sold, and continue to sell, Infringing Orange Circular Saws in home improvement retail stores throughout New York and in this judicial district, including, for example, Lowe's®.

## COUNT I
### (Infringement of Registered Trademarks Under 15 U.S.C. § 1114)

51.     Defendants' unauthorized use of the CMT's mark for the color orange  on circular woodworking blades is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' goods are authorized by, related to, or associated with CMT, when they are not. Accordingly, Defendants' unauthorized use constitutes infringement of CMT's trademark for the color orange on circular woodworking blades.

52.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

53.     Defendants' aforementioned infringing acts are willful, wanton, and in disregard of CMT's rights.

54.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT II
### (Trademark Infringement Under Common Law)

55.     Defendants' unauthorized use of CMT's orange color as applied to woodworking blades is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' goods are authorized by, related to, or associated with CMT, when they are not.

9

Accordingly, Defendants' unauthorized use constitutes infringement of CMT's common law rights in the color orange.

56.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

57.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

58.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT III
### (Trademark Infringement Under 15 U.S.C. § 1125(a))

59.     Defendants' unauthorized use of CMT's mark for the color orange on circular woodworking blades is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' goods and services are authorized by, related to, or associated with CMT. Accordingly, Defendants' unauthorized use constitutes infringement of CMT's mark for the color orange on circular woodworking blades.

60.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

61.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

62.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT IV

10

**(Unfair Competition Under 15 U.S.C. § 1125(a))**

63.     Defendants' unauthorized use of CMT's mark for the color orange on circular woodworking blades is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' goods and services are authorized by, related to, or associated with CMT. Therefore, Defendants' unauthorized use constitutes unfair trade practices, inequitable conduct, and unfair competition.

64.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

65.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

66.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT V
**(Unfair Competition Under New York Common Law)**

67.     Defendants' unauthorized use of CMT's mark for the color orange on circular woodworking blades is likely to cause confusion mistake, and to deceive consumers into believing that Defendants' goods and services are authorized by, related to, or associated with CMT, when they are not. Therefore, Defendants' unauthorized use constitutes common law unfair trade practices, inequitable conduct, and unfair competition.

68.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

69.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

11

70.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

**COUNT VI**
**(Trademark Dilution Under 15 U.S.C. § 1125(c))**

71.     CMT's mark for the color orange on circular woodworking blades is famous, distinctive, and widely recognized by the general consuming public of the United States as a designation of source of CMT's goods and services.

72.     CMT's mark for the color orange on circular woodworking blades was famous long before Defendants' first use of their infringing orange color on the infringing products.

73.     Defendants' unauthorized use of CMT's mark for the color orange on circular woodworking blades is likely to dilute by blurring the distinctive qualities of CMT's famous mark, and will lessen the ability of CMT to distinguish its goods and services from those of Defendants.

74.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

75.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

76.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT VII
### (Trademark Dilution Under N.Y. Gen. Bus. L. § 360-1)

77.     CMT's mark for the color orange on circular woodworking blades is famous, distinctive, and widely recognized by the general consuming public of the United States as a designation of source of CMT's goods and services.

78.     CMT's mark for the color orange on circular woodworking blades was famous long before Defendants' first use of their infringing orange color on the infringing products.

79.     Defendants' unauthorized use of CMT's mark for the color orange on circular woodworking blades is likely to dilute by blurring the distinctive qualities of CMT's famous marks, and will lessen the ability of CMT to distinguish its goods and services from those of Defendants.

80.     By reason of Defendants' wrongful acts aforementioned, CMT has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

81.     Defendants' wrongful acts aforementioned are willful, wanton, and in disregard of CMT's rights.

82.     CMT has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

### PRAYER FOR RELIEF

WHEREFORE, CMT respectfully requests the following relief:

A.  A judgment and declaration that Defendants have infringed CMT's U.S. Registration Nos. 3,038,625 under 15 U.S.C. § 1114, infringed CMT's trademark rights in the color orange on circular woodworking blades under common law and 15 U.S.C. § 1125(a), engaged in

13

unfair competition under 15 U.S.C. § 1125(a) and New York common law; and are liable for trademark dilution under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. L. § 360-l;

B. Immediately and permanently enjoin and restrain Defendants, their officers, agents, servants, employees, assigns, attorneys, and those in active concert or participation therewith, from:

    i. manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale infringing products or any other products confusingly similar to CMT's products, or that otherwise bear, contain, display, or utilize any of CMT's mark for the color orange on circular woodworking blades or any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the CMT's color orange on circular woodworking blades;

    ii. making or employing any commercial use of CMT's mark for the color orange on circular woodworking blades or any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the CMT's mark for the color orange on circular woodworking blades;

    iii. using any false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with CMT;

    iv. doing any acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief

that the products or services promoted, offered, or sponsored by Defendants come from CMT or its licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with CMT;

    v. further diluting and infringing CMT's mark for the color orange on circular woodworking blades and damaging CMT's goodwill;

   vi. otherwise competing unfairly with CMT or any of their authorized licensees in any manner; and

  vii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) – (vi), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in subparagraphs (i) – (vi).

C. An accounting to CMT for all sales, receipts, assets, profits or other gains derived directly or indirectly from Defendants' unlawful activity;

D. An award of such damages as CMT has sustained, is sustaining, or will sustain by reason of Defendants' unlawful activity;

E. An award of punitive and exemplary damages in an amount to be determined;

F. An award of treble damages and an award of Defendants' profits under 15 U.S.C. § 1117;

G. An award of attorneys' fees under 15 U.S.C. § 1117 and related nontaxable expenses;

H. An award of pre- and post-judgment interest;

I. Taxable costs under 28 U.S.C. § 1920; and

J. Other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

CMT hereby demands a trial by jury on all claims and issues so triable.

Dated: August 29, 2023

Respectively submitted,
**HAUG PARTNERS LLP**

By: *Robert E. Colletti*

Edgar H. Haug
Robert E. Colletti
745 Fifth Avenue
New York, NY 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*