UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CMT USA, INC. and CMT UTENSILI S.p.A.,

Plaintiffs,

-against-

APEX TOOL GROUP LLC and APEX
BRANDS, INC.,

Defendants.

1:23-cv-07507 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "Plaintiffs") bring this action

against Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Defendants") for

trademark infringement, trademark dilution, and unfair competition. Defendants move under

Federal Rule of Civil Procedure ("Rule") 12(e) for a more definite statement of Plaintiffs'

causes of action related to trademark infringement and unfair competition. For the following

reasons, Defendants' motion is DENIED.

**BACKGROUND**

Plaintiffs' First Amended Complaint alleges seven causes of action, including both

federal and New York law claims. ECF No. 10 (the "Complaint" or "Compl."). The relevant

claims for purposes of the present motion are Counts I through V. ECF No. 24 ("Br.") at 1.

As alleged in the Complaint, Plaintiffs offer woodworking tools, including circular

woodworking blades in an orange color. Compl. ¶¶ 11-16. In addition to its common law

trademark and trade dress rights, Plaintiffs own several trademark registrations for the color

orange as applied to woodworking saw blades and related tool accessories. *Id.* ¶¶ 20-28.

Plaintiffs allege that Defendants have started to sell circular woodworking saw blades

(the "Apex Blades") bearing an orange color that is confusingly similar, if not identical, to

1

Plaintiffs' protected marks and/or trade dress. *Id.* ¶¶ 33-40. Plaintiffs sent cease-and-desist letters to Defendants on November 5, November 19, and December 22, 2021. *Id.* ¶¶ 41. Defendants have continued to market and sell the Apex Blades. *Id.* ¶¶ 41-44. Specifically, Defendants began offering the Apex Blades in Menards, a home improvement store, on or about May 2023. *Id.* ¶¶ 45-47. Plaintiffs allege that as a result, Plaintiffs have lost sales of its own orange circular woodworking blades in Menards stores. *Id.* ¶ 49. Plaintiffs further allege that Defendants have sold and continue to sell the Apex Blades in other home-improvement retail stores throughout New York. *Id.* ¶ 50.

Defendants filed a motion for a more definite statement pursuant to Rule 12(e) on October 2, 2023. Br. Plaintiffs filed their opposition on October 16, 2023. ECF No. 28 ("Opp."). Defendants filed a reply in further support of their motion on October 23, 2023. ECF No. 29 ("Reply").

## LEGAL STANDARD

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "A Rule 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." *Ngambo v. Soc. Sec. Admin.*, No. 23-cv-00963 (AEK), 2023 WL 8275925, at *1 (S.D.N.Y. Nov. 30, 2023) (alterations adopted) (quoting *Humpherys v. Nager*, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997)).

Whether to "grant a motion for a more definite statement is within the discretion of the district court." *Akridge v. Whole Food Mkt. Grp., Inc.*, 20-cv-10900 (ER), 2022 WL 955945, at *4 (S.D.N.Y. Mar. 30, 2022). "[S]uch motions are generally disfavored and are not intended to substitute for the normal discovery process." *Id.* (ellipses and citation omitted). Importantly, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (citation omitted).

## DISCUSSION

"To plead a claim of trade dress infringement, the Complaint must allege: (1) that Plaintiffs' claimed trade dress is 'distinctive' either because it is 'inherently distinctive' or has acquired 'secondary meaning' among consumers; (2) that there is a likelihood of confusion between Plaintiffs' claimed trade dress and Defendants'; and (3) that Plaintiffs' claimed trade dress is 'non-functional.'" *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 21-cv-03960 (MKV), 2023 WL 6279197, at *3 (S.D.N.Y. Sept. 26, 2023) (citing *Sherwood 47 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391 (2d Cir. 2003) (summary order); and *Kaufman & Fisher Wish Co. v. F.A.O. Schwarz*, 184 F. Supp. 2d 311, 316-17 (S.D.N.Y. 2001), *aff'd*, 51 F. App'x 335 (2d Cir. 2002) (summary order)). Defendants contend that Plaintiffs have failed to appropriately plead their claims because of the lack of specificity of the scope of the trade dress and the failure to plead non-functionality. The Court will address each in turn.

### A.     The Scope of the Trade Dress

To plead a claim for trade-dress infringement, a plaintiff must "precisely articulate the specific elements that comprise its distinct trade dress." *Kaufman & Fisher Wish Co.*, 184 F. Supp. 2d at 317. As relevant here, "[i]t is well established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New

York common law and the Lanham Act are essentially the same and may be analyzed together." *Adidas Am., Inc. v. Thom Browne Inc.*, 599 F. Supp. 3d 151, 158 n.3 (S.D.N.Y. 2022) (citing *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 101 n.6 (2d Cir. 2010)); *accord Pulse Creations Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 54 (S.D.N.Y. 2015); *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008).

Defendants contend that Plaintiffs' Counts I through V fail to allege trade dress such that they cannot reasonably respond. Br. at 2. Specifically, Defendants argue that Plaintiffs "do not provide a single precise expression of their trade dress, but instead alleged internally inconsistent trade dresses," *id.* at 4, and that "Plaintiffs do not make clear which registrations are part of the trade dress at issue, [but instead] identify four completely different trademark registrations in the First Amended Complaint," *id.* at 5.

For Counts I, III, IV and V of the Complaint, Plaintiffs define their protected trade dress as "the color orange on circular woodworking blades." Compl. ¶¶ 51, 59, 63, 67. In Count II of the Complaint, Plaintiffs define their protected dress slightly differently, as "orange color as applied to woodworking blades." *Id.* ¶ 55. In their opposition, Plaintiffs explain that their "trade dress description in Count II inadvertently omits the word 'circular' . . . Nevertheless, it is clear from the entirety of the [Complaint] that Plaintiffs' definition of its trade dress is 'the color orange on circular woodworking blades.'" Opp. at 2 n.1. Additionally, the first paragraph of the Complaint states that the action "involves infringement of CMT's registered mark for the color orange in connection with woodworking circular blades." Compl. ¶ 1. The Court will not hold that the apparently inadvertent omission of the word "circular" in one cause of action renders the Complaint "unintelligible," *Pelman*, 396 F. Supp. 2d at 443, such that Defendants cannot "reasonably prepare a response," Fed. R. Civ. P. 12(e).

Further, the Complaint accuses Defendants of "unauthorized use of the orange color on circular woodworking blades," Compl. at 6 (further capitalization omitted), defines the term "Infringing Orange Circular Saws" as Defendants' "woodworking saw blades bearing an orange color that is identical and/or confusingly similar to CMT's Orange Color Marks," *id.* ¶ 33, and provides a photo of Defendants' allegedly infringing products, *id.* ¶ 34. Especially in light of this clear description of Defendants' allegedly infringing products, Defendants have received sufficient notice of the claims against them.

In the case relied upon by Defendants, *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 06-cv-00941, 2006 WL 1793571, at *2 (N.D. Ill. June 26, 2006), unlike here, the plaintiff simply asserted unspecified "common law rights." The court held that the defendant was entitled to a more definite statement, because the defendant was entitled to be on notice of the "core basis of the trademark infringement claim by making clear what trademark or trademarks are allegedly being infringed upon." *Id.* Here, however, the Court finds the Defendants have received notice of their allegedly infringing conduct and can reasonably be expected to respond. *See Swierkiewicz*, 534 U.S. at 514; Fed. R. Civ. P. 12(e).

Defendants claim that they are confused about the scope of Plaintiffs' claimed trade dress in part because Plaintiffs refer to multiple trademark registrations in the Complaint. Br. at 5. As to that argument, *Adidas America* is instructive. In that action, the defendant argued that the complaint failed to sufficiently define the "parameters of the design that comprises [plaintiff's asserted mark]" because plaintiff's complaint discussed 24 trademark registrations with "significant variation." 599 F. Supp. 3d at 159. The *Adidas America* court found that the complaint had alleged sufficient facts to establish that plaintiff owned a protectible mark because, despite variability in the presentation of the mark, the plaintiffs had referred to the mark as a unitary mark, identified relevant trademark registrations, and included multiple

depictions of the mark. *Id.* Here, Plaintiffs have alleged facts establishing that Plaintiffs own protectible trade dress, including by identifying their trademark registration, repeatedly referring to their trade dress as "color orange in connection with woodworking circular blades," Compl. ¶ 1, and including photos of examples of "circular woodworking blades in its well-known orange color," *id.* ¶¶ 13, 34. As in *Adidas America*, the fact that Plaintiffs identified multiple registered trademarks in the Complaint does not render the pleading so unintelligible that Defendants cannot "reasonably prepare a response." Fed. R. Civ. P. 12(e).

Defendants also claim that they are confused because the Plaintiffs' trade dress is depicted with multiple different elements. Br. at 4-5. The Court disagrees and finds persuasive *Wonderful Co.* In that case, the defendant argued that the plaintiff's trade dress pleading was insufficient because plaintiff's product bore additional elements that were not claimed as part of the trade dress. 2023 WL 6279197, at *4. Explaining that the "[d]efendant offers no authority for its position that a plaintiff's articulated trade dress must fail because the product or package bears additional elements that are *not* claimed as part of the trade dress," the court held that the plaintiffs' trade dress was adequately articulated, despite the additional elements on the plaintiffs' product. *Id.* So too here. Plaintiffs' definition of their trade dress is the "color orange in connection with woodworking circular blades," Compl. ¶ 1, and if there are additional unclaimed elements on Plaintiffs' products, there is sufficient information pleaded for Defendants to respond to Plaintiffs' trade dress claim.

A Rule 12(e) motion is not a substitute for discovery. "In view of Rule 8(a)'s liberal pleading requirements, and the availability of discovery to provide additional factual detail for the parties' claims, motions under Rule 12(e) are generally disfavored because of their dilatory effect." *Joya v. Verizon N.Y., Inc.*, No. 08-cv-05328 (PKL), 2008 WL 4667987, at *1 (S.D.N.Y. Oct. 20, 2008). The discovery process available is more than sufficient for

6

Defendants to obtain any additional detail they may require about the features and elements of Plaintiffs' asserted trade dress rights. *See Columbia Ins. Co. v. Brown Shoe Co.*, 233 F.R.D. 250, 252-55 (D. Conn. 2005) (denying motion for more definite statement because plaintiffs alleged their trade dress claims with sufficient particularity to enable defendants to respond and instructing defendants to use discovery procedures to learn more about the scope of the asserted rights).

In sum, the Court holds that Plaintiffs' trade dress allegations are not pleaded so unintelligibly that Defendants cannot reasonably prepare a response. *See* Fed. R. Civ. P. 12(e).

## B. Functionality

For marks that are not federally registered, "[f]ailure to plead non-functionality is fatal to trade dress infringement claims." *Ward v. Andrews McMeel Publ'g, LLC*, 963 F. Supp. 2d 222, 238 (S.D.N.Y. 2013). In contrast, "a claim for registered trademark infringement . . . does not require the plaintiff to plead non-functionality." *Telebrands Corp. v. Del Lab'ys, Inc.*, 719 F. Supp. 2d 283, 299 (S.D.N.Y. 2010). This is because "[a] certificate of trademark registration is prima facie evidence of the validity of a trademark and relieves the holder of the trademark of the burden of proving non-functionality in an infringement suit." *Id.* (citing 15 U.S.C. § 1057(b)).

Defendants argue that Plaintiffs have not adequately pleaded non-functionality. Br. at 7. Plaintiffs respond that they are asserting rights based only on their registered trademarks and therefore have no obligation to plead functionality. Opp. at 5-6.

The Court agrees that with respect to claims based on Plaintiffs' registered trademarks, Defendants are not entitled to a more definite statement based on Plaintiffs' failure to specifically plead non-functionality. *See Telebrands*, 719 F. Supp. 2d at 299; 15 U.S.C.

§ 1057(b) ("[A] claim for registered trademark infringement . . . does not require a plaintiff to plead non-functionality."). Insofar as Plaintiffs are bringing claims for which functionality must be pleaded – which Plaintiffs disclaim in their opposition brief – Plaintiffs are granted leave to amend the Complaint to allege such functionality. If Plaintiffs elect to rest on their present pleading, Defendants will have all defenses available to them under the law regarding failure to state a claim, the more appropriate avenue in which to evaluate the merits of a claim of failure to plead non-functionality. *See e.g. Ward*, 963 F. Supp. 2d at 238 (dismissing complaint for trade dress infringement when complaint contained no mention of functionality); *Geigtech East Bay LLC v. Lutron Elecs. Co., Inc.*, 352 F. Supp. 3d 265, 278-282 (S.D.N.Y. 2018) (analyzing whether pleading adequately alleged non-functionality of trade dress in context of motion to dismiss).

## CONCLUSION

For the foregoing reasons, Defendants' motion for a more definite statement is DENIED. However, Plaintiffs are granted leave to file an amended complaint no later than two weeks from the date of this Order should they wish to augment their pleading given the issues raised herein.

Dated: December 13, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge