Aaron D. Johnson (NY Bar No. AJ1977)
ADJohnson@lewisroca.com
David A. Jackson (*pro hac vice*)
DJackson@lewisroca.com
Michael J. McCue (*pro hac vice*)
MMcCue@lewisroca.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
100 Pine St., Ste. 1750
San Francisco, CA 94111
Tel:    650-687-8426
Fax:    650-391-1395

*Attorneys for Defendants Apex Tool Group LLC and*
*Apex Brands, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A., | Case No. 1:23-cv-07507-JLR |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER AND COUNTERCLAIMS** |
| Apex Tool Group LLC and Apex Brands, Inc., | |
| Defendants. | |

Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex"), by their undersigned attorneys, Lewis Roca Rothgerber Christie LLP, for their Answer, Affirmative Defenses, and Counterclaims, in response to the Second Amended Complaint of Plaintiffs CMT USA, Inc. and CMT Utensili S.P.A. (collectively, "CMT"), state as follows:

## ANSWER

## NATURE OF THE ACTION

1.       Apex admits that CMT has brought the above-captioned action, which asserts causes of action for trademark infringement, unfair competition, and dilution. Except as so admitted, Apex denies the remaining allegations of paragraph 1 of the Second Amended Complaint.

123359945.2

**THE PARTIES**

2. Apex is without information as to the legal entity type or location of CMT USA, Inc. and therefore denies the allegations of paragraph 2 of the Second Amended Complaint.

3. Apex is without information as to the legal entity type or location of CMT Utensili S.p.A. and therefore denies the allegations of paragraph 3 of the Second Amended Complaint.

4. Apex is without information as to the legal relationship between CMT USA, Inc. and CMT Utensili S.p.a. and therefore denies the allegations of paragraph 4 of the Second Amended Complaint.

5. Apex is without information as to where CMT offers its goods and therefore denies the allegations of paragraph 5 of the Second Amended Complaint.

6. Apex admits the allegations of paragraph 6 of the Second Amended Complaint.

7. Apex admits the allegations of paragraph 7 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

8. Paragraph 8 of the Second Amended Complaint is a legal conclusion to which no response is necessary or required. To the extent a response is required, Apex denies the allegations of paragraph 8 of the Second Amended Complaint.

9. Apex admits that it transacts business in New York. Plaintiff's assertion that this Court has personal jurisdiction over Apex is a legal conclusion to which no response is necessary or required. Apex denies that it committed any tortious acts, and denies the remaining allegations of paragraph 9 of the Second Amended Complaint.

10. Paragraph 10 of the Second Amended Complaint is a legal conclusion to which no response is necessary or required. To the extent a response is required, Apex denies the allegations of paragraph 10 of the Second Amended Complaint.

**FACTS COMMON TO ALL COUNTS**

11. Apex denies the allegations of Paragraph 11 of the Second Amended Complaint.

12. Apex denies the allegations of Paragraph 12 of the Second Amended Complaint.

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

13.     Apex admits that CMT offers circular woodworking blades. Apex further responds that the image contained in paragraph 13 speaks for itself. Except as so admitted, Apex denies the allegations of paragraph 13 of the Second Amended Complaint.

14.     Apex is without information as to CMT's promotion (if any) of its circular woodworking blades and therefore denies the allegations of paragraph 14 of the Second Amended Complaint.

15.     Apex is without information as to the scope of CMT's product offerings and therefore denies the allegations of paragraph 15 of the Second Amended Complaint.

16.     Apex responds that the image contained in paragraph 16 of the Second Amended Complaint speaks for itself. Apex is without information as to the remaining allegations of paragraph 16 of the Second Amended Complaint, and therefore denies the same.

17.     Apex admits that CMT displays the CMT ORANGE TOOLS mark on its website. Apex is without information as to whether CMT displays the CMT ORANGE TOOLS mark "throughout its website" and therefore denies the remaining allegations of paragraph 17 of the Second Amended Complaint.

18.     Apex is without knowledge as to where or how CMT offers its circular woodworking blades and therefore denies the allegations of paragraph 18 of the Second Amended Complaint.

19.     Apex responds that the image contained in paragraph 19 of the Second Amended Complaint speaks for itself. Apex is without information as the remaining allegations in paragraph 19 of the Second Amended Complaint, and therefore denies the same.

20.     Apex is without information as the allegations in paragraph 20 of the Second Amended Complaint, and therefore denies the same.

21.     Apex denies the allegations of paragraph 21 of the Second Amended Complaint.

22.     Apex denies the allegations of paragraph 22 of the Second Amended Complaint.

23.     Apex responds that the registrations identified in paragraph 23 of the Second Amended Complaint speak for themselves. Apex responds that the allegation that CMT has

"common law rights" is a legal conclusion to which no response is required. To the extent a response is required, Apex denies the remaining allegations of paragraph 23 of the Second Amended Complaint.

24.     Apex responds that the registrations identified in paragraph 24 of the Second Amended Complaint speak for themselves.

25.     Apex responds that the registrations identified in paragraph 25 of the Second Amended Complaint speak for themselves.

26.     Apex responds that the registrations noted in paragraph 26 of the Second Amended Complaint speak for themselves.

27.     Paragraph 27 of the Second Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations of paragraph 27 of the Second Amended Complaint.

28.     Apex is without information as the allegations in paragraph 28 of the Second Amended Complaint, and therefore denies the same.

29.     Apex is without information as the allegations in paragraph 29 of the Second Amended Complaint, and therefore denies the same.

30.     Apex denies the allegations of paragraph 30 of the Second Amended Complaint.

31.     Apex denies the allegations of paragraph 31 of the Second Amended Complaint.

32.     Apex admits that it offers for sale saw blades. Except as so admitted, Apex denies the allegations of paragraph 32 of the Second Amended Complaint.

33.     Apex admits that it offers products for sale at www.crescenttool.com, states that the picture contained in paragraph 33 speaks for itself, and denies the remaining allegations at paragraph 33 of the Second Amended Complaint.

34.     Apex admits that it advertises, markets, and offers for sale circular saw blades. Apex denies the remaining allegations of paragraph 34 of the Second Amended Complaint.

35.     Apex denies the allegations at paragraph 35 of the Second Amended Complaint.

36.     Apex denies the allegations at paragraph 36 of the Second Amended Complaint.

123359945.2

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

37.     Apex denies the allegations at paragraph 37 of the Second Amended Complaint.

38.     Apex admits that it offers for sale circular saw blades. Apex denies the remaining allegations of paragraph 38 of the Second Amended Complaint.

39.     Paragraph 39 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations of paragraph 39 of the Second Amended Complaint.

40.     Apex admits the allegations of paragraph 40 of the Second Amended Complaint.

41.     Apex admits that it denied all allegations set forth in CMT's cease and desist letters and refused to stop offering its products. Except as so admitted, Apex denies the allegations of paragraph 41 of the Second Amended Complaint.

42.     Apex admits that it refused to stop offering its products as it disputed all of CMT's claims of infringement. Except as so admitted, Apex denies the allegations of paragraph 42 of the Second Amended Complaint.

43.     Apex admits that it began selling saw blades in Menards on or about May of 2023. Except as so admitted, Apex denies the remaining allegations of paragraph 43 of the Second Amended Complaint.

44.     Apex is without information as to the allegations at paragraph 44 of the Second Amended Complaint, and therefore denies the same.

45.     Apex is without information as to the allegations at paragraph 45 of the Second Amended Complaint, and therefore denies the same.

46.     Apex admits that it began selling products in Menards on or about May of 2023. Except as so admitted, Apex denies the remaining allegations of paragraph 43 of the Second Amended Complaint.

47.     Apex denies the allegations of paragraph 47 of the Second Amended Complaint.

48.     Apex denies the allegations of paragraph 48 of the Second Amended Complaint.

123359945.2

49.     Apex admits that it sells its products in New York at stores including Lowe's. Except as so admitted, Apex denies the allegations of paragraph 49 of the Second Amended Complaint.

50.     Apex admits that CMT claims that it has rights in the orange color of its woodworking tools. Apex responds that the image contained in paragraph 50 speaks for itself. Except as so admitted, Apex denies the allegations of paragraph 50 of the Second Amended Complaint.

51.     Apex is without information as to the allegations at paragraph 51 of the Second Amended Complaint, and therefore denies the same.

52.     Paragraph 52 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations at paragraph 52 of the Second Amended Complaint.

53.     Paragraph 53 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations at paragraph 53 of the Second Amended Complaint.

54.     Apex responds that the registration identified in paragraph 54 speaks for itself.

55.     Paragraph 55 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations at paragraph 55 of the Second Amended Complaint.

56.     Paragraph 56 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Apex denies the allegations at paragraph 56 of the Second Amended Complaint.

57.     Apex admits the allegations at paragraph 57 of the Second Amended Complaint. Apex states that the images contained in paragraph 57 speak for themselves.

58.     Apex denies the allegations of paragraph 58 of the Second Amended Complaint.

59.     Apex denies the allegations of paragraph 59 of the Second Amended Complaint.

60.     Apex denies the allegations of paragraph 60 of the Second Amended Complaint.

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

123359945.2

61.     Apex denies the allegations of paragraph 61 of the Second Amended Complaint.

## COUNT I

### (Infringement of Registered Trademarks Under 15 U.S.C. § 1114)

62.     Apex denies the allegations of paragraph 62 of the Second Amended Complaint.

63.     Apex denies the allegations of paragraph 63 of the Second Amended Complaint.

64.     Apex denies the allegations of paragraph 64 of the Second Amended Complaint.

65.     Apex denies the allegations of paragraph 65 of the Second Amended Complaint.

## COUNT II

### (Trademark Infringement Under Common Law)

66.     Apex denies the allegations of paragraph 66 of the Second Amended Complaint.

67.     Apex denies the allegations of paragraph 67 of the Second Amended Complaint.

68.     Apex denies the allegations of paragraph 68 of the Second Amended Complaint.

69.     Apex denies the allegations of paragraph 69 of the Second Amended Complaint.

70.     Apex denies the allegations of paragraph 70 of the Second Amended Complaint.

## COUNT III

### (Trademark Infringement Under 15 U.S.C. § 1125(a))

71.     Apex denies the allegations of paragraph 71 of the Second Amended Complaint.

72.     Apex denies the allegations of paragraph 72 of the Second Amended Complaint.

73.     Apex denies the allegations of paragraph 73 of the Second Amended Complaint.

74.     Apex denies the allegations of paragraph 74 of the Second Amended Complaint.

75.     Apex denies the allegations of paragraph 75 of the Second Amended Complaint.

## COUNT IV

### (Unfair Competition Under 15 U.S.C. § 1125(a))

76.     Apex denies the allegations of paragraph 76 of the Second Amended Complaint.

77.     Apex denies the allegations of paragraph 77 of the Second Amended Complaint.

78.     Apex denies the allegations of paragraph 78 of the Second Amended Complaint.

79.     Apex denies the allegations of paragraph 79 of the Second Amended Complaint.

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

80.  Apex denies the allegations of paragraph 80 of the Second Amended Complaint.

## COUNT V

### (Unfair Competition Under New York Common Law)

81.  Apex denies the allegations of paragraph 81 of the Second Amended Complaint.

82.  Apex denies the allegations of paragraph 82 of the Second Amended Complaint.

83.  Apex denies the allegations of paragraph 83 of the Second Amended Complaint.

84.  Apex denies the allegations of paragraph 84 of the Second Amended Complaint.

85.  Apex denies the allegations of paragraph 85 of the Second Amended Complaint.

## COUNT VI

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

86.  Apex denies the allegations of paragraph 86 of the Second Amended Complaint.

87.  Apex denies the allegations of paragraph 87 of the Second Amended Complaint.

88.  Apex denies the allegations of paragraph 88 of the Second Amended Complaint.

89.  Apex denies the allegations of paragraph 89 of the Second Amended Complaint.

90.  Apex denies the allegations of paragraph 90 of the Second Amended Complaint.

91.  Apex denies the allegations of paragraph 91 of the Second Amended Complaint.

## COUNT VII

### (Trademark Dilution Under N.Y. Gen. Bus. L. § 360-1)

92.  Apex denies the allegations of paragraph 92 of the Second Amended Complaint.

93.  Apex denies the allegations of paragraph 93 of the Second Amended Complaint.

94.  Apex denies the allegations of paragraph 94 of the Second Amended Complaint.

95.  Apex denies the allegations of paragraph 95 of the Second Amended Complaint.

96.  Apex denies the allegations of paragraph 96 of the Second Amended Complaint.

97.  Apex denies the allegations of paragraph 97 of the Second Amended Complaint.

## General Denial

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

Unless otherwise specifically admitted herein, each and every allegation in the Second Amended Complaint is hereby denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As additional defenses to the Second Amended Complaint, Apex, without assuming any burden of proof that is not assigned to them by operation of law, states as follows:

### First Affirmative Defense

### (Unclean Hands)

1.     The Second Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

### Second Affirmative Defense

### (Failure to State a Claim)

2.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

### (Waiver)

3.     The Second Amended Complaint is barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

### (Estoppel)

4.     The Second Amended Complaint is barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense

### (Laches)

5.     The Second Amended Complaint is barred in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense

123359945.2

**(Fair Use)**

2    6.    The Second Amended Complaint is barred in whole or in part by the doctrine of

3    fair use.

100 Pine Street, Suite 1750
San Francisco, CA 94111

# COUNTERCLAIMS

## Introduction

1.      These counterclaims arise from CMT's assertion of trademark rights that are based on a fraudulently obtained, invalid trademark registration No. 3038625 (the "Contested Mark"). CMT claims to have the exclusive right to use the color orange on saw blades for cutting wood—even on blades, like Apex's, which contain numerous additional design and literal elements, and despite the fact that CMT's own saw blades are not monochromatically orange but also contain numerous additional design and literal elements. CMT's attempt to monopolize the use of orange is unsupported by law, defies common sense and would unduly restrict the design options available to competitors in this market.

2.      Despite the invalidity of the Contested Mark and the absence of any shred of evidence of confusion, CMT has brought this lawsuit as part of an anti-competitive campaign to monopolize use of a common color and thereby inappropriately limit the design options available to competitors.

3.      Accordingly, Apex brings these counterclaims seeking cancellation of CMT's Contested Mark.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201(a) and 2202.

5.      This Court has personal jurisdiction over CMT pursuant to N.Y. C.P.L.R. § 302(a)(l) and because CMT has submitted itself to the personal jurisdiction of this Court by commencing this action.

6.      Venue is proper in this district under 28 U.S.C. § 1391.  CMT filed its Complaint in this District and thus has consented to venue in this Court.

123359945.2

LEWIS ROCA

100 Pine Street, Suite 1750
San Francisco, CA 94111

**The Parties**

7.    Upon information and belief, Plaintiff CMT USA, Inc., is a North Carolina corporation with its principal place of business at 7609 Bentley Rd. Ste. D., Greensboro, North Carolina, 27409.

8.    Upon information and belief, Plaintiff CMT Utensili S.p.A. is an Italian corporation with its principal place of business at Via Della Meccanica, Pesaro, Italy 61122.

9.    Defendant Apex Tool Group, LLC is a Delaware limited liability company with its principal place of business at 13620 Reese Boulevard East #405, Huntersville, NC 28078.

10.   Defendant Apex Brands, Inc. is a Delaware corporation with its principal place of business at 1000 Lufkin Road, Apex, NC 27539.

**The CRESCENT® Brand**

11.   In 1907, the Swedish immigrant and inventor Karl Peterson founded the Crescent Tool Company, one of Apex's predecessors-in-interest. The Crescent Tool Company introduced America's first open-end adjustable wrench, a revolutionary concept that replaced an entire set of dedicated-size wrenches. The innovative CRESCENT® adjustable wrench was immediately successful. It has been widely imitated but never duplicated.

12.   Over the last century, the CRESCENT® brand has expanded to cover over 2,600 quality tool products and accessories.

13.   Apex owns numerous federal trademark registrations and strong common law rights for its CRESCENT® brand, covering a wide variety of hand and power tool products and accessories. Apex also uses other marks in connection with its CRESCENT® brand, including, for example, the marks:

   and   

The aforementioned CRESCENT®, CRESCENT TOOLS Design, and CT Design marks collectively make up Apex's "CRESCENT Marks."

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

14.     Due in part to Apex's extensive use and promotion of its CRESCENT Marks, as well as its federal registrations covering the CRESCENT Marks, Apex has built up a strong reputation and significant consumer goodwill in its CRESCENT Marks and the wide range of hand and power tool products and accessories associated with the CRESCENT Marks.

15.     Consumers throughout the United States (and around the world) look for and recognize the CRESCENT Marks as the primary source identifier for Apex's high-quality professional hand and power tools and accessories.

16.     In 2017, Apex adopted a new color palette for its CRESCENT® brand of products. The color palette consists of "rawhide" (a reddish-orange color), black, dark gray, and white. These colors, in various combinations, along with the CRESCENT Marks, have been used in connection with all of Apex's CRESCENT® brand products consistently since 2017.

17.     Since 2017, Apex's CRESCENT® brand included a wide range of cutting tools including hacksaws and hacksaw blades. In June 2021, Apex added power saw blades to its product line. Apex's saw blades are generally designed with a thick black belt (in some cases mixed with silver) running through the center of the blade surrounded by the rawhide color, with some of the saw blades being tipped by silver. The saw blades all include a variety of literal and graphical elements in black and white color combinations. Most notably, all of Apex's saw blades prominently include the CRESCENT TOOLS Design emblazoned on the very center of the blade. Representative examples of some of Apex's saw blades are shown below.

  

18.     Apex's saw blades are clearly marked with Apex's CRESCENT Marks and utilize an overall look and feel that distinguishes them from any of their competitors.

19.     Since the introduction of Apex's saw blades in June 2021, Apex has not been aware of any instances of confusion between its CRESCENT® saw blades and the saw blades of CMT, nor any other third-party.

**CMT's Fraudulently Obtained Registration**

20.     CMT filed an application on May 21, 1999 seeking to register the mark defined as "orange color which covers the surface of a power saw blade" for "power tools, namely a power saw" in Class 7.

21.     As part of its application, CMT submitted a drawing "lined for" a monochromatic orange blade. That drawing is shown below.



22.     In connection with its application, CMT provided three Polaroid pictures of its saw blades as specimens. The specimens show a partially orange saw blade with multiple additional black features. An example of one of the specimens submitted by CMT is shown below.



23.     On February 7, 2000, the United States Patent and Trademark Office ("USPTO") issued an office action refusing CMT's application on the basis that "the proposed mark is merely an ornamental feature of the goods." The USPTO also requested that CMT provide

1  additional information regarding CMT's use of the mark as well as use of the same or similar

2  mark within the relevant industry.

3      24.    Specifically, the USPTO stated CMT "<u>must</u> also indicate whether competitors

4  produce the goods in the identified color and in colors other than the identified color" and CMT

5  "<u>must</u> provide color photographs and color advertisements showing competitive goods"

6  (emphasis added). The USPTO requested CMT amend the description of the mark, amend the

7  drawing of the mark to show the mark's position on the goods, and provide accurate specimens

8  of the proposed mark on the goods specified in the application. A copy of the USPTO's first

9  office action is attached as **Exhibit 1**.

10      25.    On July 24, 2000, in response to this first office action, CMT argued its proposed

11  mark was neither functional nor ornamental, and as its sole supporting evidence it produced a

12  copy of a judgment relating to "orange color on router bits." CMT made no attempt to explain

13  how a judgment relating to router bits had any bearing on an application for power saw blades.

14      26.    CMT's response also failed to provide the required information and evidence

15  showing competitors' use of the same or similar mark within the relevant industry.

16      27.    CMT also failed to provide accurate specimens as requested by the USPTO. CMT

17  did not amend its drawing, stating instead in its response to the first office action that "the color

18  orange is applied to the entire saw blade." A copy of CMT's response to the USPTO's first office

19  action is attached as **Exhibit 2**.

20      28.    CMT stated that "the color orange is applied to the entire saw blade," despite

21  previously submitting specimens to the USPTO that plainly show that the color orange is not

22  applied to the entire saw blade.

23      29.    CMT's specimens did not depict a monochromatically orange blade.

24      30.    Upon information and belief, at the time of CMT's response to the first office

25  action, CMT neither sold, nor offered for sale, a monochromatically orange saw blade.

26

27

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

123359945.2

31.     On January 8, 2001, the USPTO issued a final office action refusing CMT's application. The final office action reiterated that CMT's proposed mark consisting of a single color was "an ornamental feature of the goods and not inherently distinctive."

32.     The USPTO properly determined that CMT's sole evidence—a judgment relating to router bits, not power saw blades—"is insufficient to establish that consumers perceive the color orange as a source indicator for the applicant's goods." The final office action also reiterated the need for CMT to submit a substitute drawing. The final office action did not address CMT's failure to provide accurate specimens or its failure to provide information and evidence showing competitors' use of the same or similar mark within the relevant industry. A copy of the USPTO's final office action is attached as **Exhibit 3**.

33.     On July 12, 2001, CMT filed a response to the USPTO's final office action. Its response did not provide any information or evidence showing competitors' use of the same or similar mark within the relevant industry. A copy of CMT's response to the USPTO's final office action is attached as **Exhibit 4**.

34.     Without this information and evidence, the USPTO was unable to fully assess CMT's claim of exclusive rights in the color orange on saw blades.

35.     In support of its argument that its proposed mark was neither functional nor ornamental, CMT simply doubled down on the same judgment relating to "orange color on router bits." CMT also submitted three declarations that had been produced in the same prior court proceeding relating to "orange color on router bits." However, none of those declarations addressed whether the color orange had acquired distinctiveness with respect to saw blades, the goods at issue in CMT's application. CMT also failed to explain how a judgment relating to "orange color on router bits" had any bearing on whether or not the color orange on <u>saw blades</u> was ornamental and/or functional.

36.     Instead, CMT simply badgered the USPTO into accepting this judgment on the sole basis that it had been decided in federal court. CMT claimed that the judgment was binding on the board, citing T.B.M.P. § 510.02(a).

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

123359945.2

37.     T.B.M.P. § 510.02(a) outlines procedures for suspending USPTO proceedings when a federal civil action is pending which would be dispositive of issues in the USPTO proceeding.

38.     CMT's application involved no issue of suspension.

39.     CMT did not cite to any pending civil action in support of its argument.

40.     The judgment to which CMT cited concerned router bits. CMT's application was for saw blades, not router bits.

41.     CMT falsely represented that the judgment was binding on the USPTO under T.B.M.P. § 510.02(a) despite knowing that § 510.02(a) was irrelevant to its application, and despite knowing that CMT's application was not for router bits.

42.     CMT knowingly made false statements to deceive the USPTO and thereby obtain a registration.

43.     The USPTO, relying on CMT's false statements, issued a registration on January 10, 2006 for "the color orange, which covers the surface of the power saw blade" covering "blades for power saws for cutting wood" in Class 7, registration No. 3,038,625.

44.     Upon information and belief, since CMT obtained its registration, CMT has not sold, nor offered for sale, a monochromatic orange blade.

45.     Once CMT obtained its registration, it then attempted to monopolize the color orange on saw blades and preclude other third parties from using the color orange despite the fact that its registration was obtained fraudulently.

**Third-Party Use of Orange Saw Blades**

46.     Orange is a commonly used color and ornamental design feature in tradespersons' tools, including saw blades of all types. Other companies have applied orange to tradespersons' tools for decades before CMT made use of the color orange, and continue to do so today. Many orange tools have garnered widespread media and industry attention over the years.

47. In light of the longstanding, widespread and well-known use of orange on tradespersons' tools, including saw blades for cutting wood, the color orange is not singularly associated with the CMT brand.

48. Orange is also commonly associated with safety, caution, and utilitarian workmanship in numerous industries. Products are often made orange for utilitarian functionality considerations, including, *inter alia*, the common use of "hunter orange" for high-visibility clothing, tools, and accessories for hunters, loggers, road workers, and construction professionals. These uses of orange are functional because they reduce the risk of injury related to use of the product.

49. Similarly, products often employ the color orange for aesthetic consideration, including so that consumers associate them with safety, caution, and utilitarian workmanship, even when such uses of orange do not literally reduce the risk of injury related to use of the product.

50. For these reasons, the color orange as applied to saw blades is functional, as the USPTO originally determined.

51. For these reasons, orange is a popular color on tradespersons' tools, including on saw blades. Examples of third parties using the color orange on saw blades are provided below:



| RIGID[1] | U.S. SAWS[2] |
|---|---|

[1] https://www.homedepot.com/p/RIDGID-6-1-2-in-Circular-Saw-Blade-1-Piece-AC612N/317925382 **Exhibit 5**.
[2] https://www.jondon.com/apb-8-premium-super-grit-tiger-tooth-blade-125-width.html?utm_source=google&utm_medium=cpc&utm_term=&utm_content=&utm_campaign=20482756217&hsa_acc=1905229250&hsa_cam=20482756217&hsa_grp=&hsa_ad=&hsa_src=x&hsa_tgt=&hsa_kw=&hsa_mt=&hsa_net=adwords&hsa_ver=3&gad_source=1&gclid=EAIaIQobChMIqtiC9b6hgwMVyiqtBh0XTQTtEAQYBSABEgIC3PD_BwE **Exhibit 6**.

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ROCA

| | |
|---|---|
| SPYDER[3]  | EVOLUTION[4]  |
| EVOLUTION[5]  | WEN[6]  |
| CENTURY[7]  | FOXBC[8]  |
| IQ POWER TOOLS[9]  | HUSQVARNA[10]  |

[3] https://www.lowes.com/pd/Spyder-3x3-Reciprocating-Saw-blades-5-Pack-Wood-Cutting-Reciprocating-Saw-Blade-Set/1000476571?user=shopping&feed=yes&srsltid=AfmBOopx Oy WiQMaNooStmQ0BL960mk-SV0-eIu6e5o4uLy-bQ32vEvlE_cY **Exhibit 7**.

[4] https://store.evolutionpowertools.com/products/evolution-reciprocating-saw-wood-cutting-blades-x2?variant=39743556255837&currency=USD&utm_medium= product_sync&utm_source=google&utm_content=sag_organic&utm_campaign=sag_organic&srsltid=AfmBOormB AlKgPIzMIRAAdwMfhxphnd_5ucokplNX2BPch8yCIg2pU9CT-U **Exhibit 8**.

[5] https://www.homedepot.com/p/Evolution-Power-Tools-10-in-36-Teeth-Multi-Material-Cutting-Saw-Blade-RAGE255BLADE/203661813 **Exhibit 9**.

[6] https://www.homedepot.com/p/WEN-7-25-in-40-Tooth-Carbide-Tipped-Professional-Finish-Saw-Blade-for-Miter-Saws-and-Circular-Saws-BL0740/314427520 **Exhibit 10**.

[7] https://www.tractorsupply.com/tsc/product/century-drill-tool-circular-saw-blade-mitre-12-80t-10244 **Exhibit 11**.

[8] https://www.foxbc.com/products/foxbc-205561-track-saw-blade-160x1-8x20mm-wd42-tooth-wood-fine-cut-for-festool-ts-55-f-tsc-55-k-hk-55-and-hkc-55 **Exhibit 12**.

[9] https://www.toolbarn.com/products/iq-power-tools-masqx16-125-qd-hm2?variant=40163178676421&gad_source=1&gclid=EAIaIQobChMI3OTkv53BgwMVZTStB h1keQGJEAQYBSABEgKnc_D_BwE **Exhibit 13.**

[10] https://cougarsalesrental.com/products/husqvarna-14-orange-crush-diamond-blade-wet-dry **Exhibit 14**.

| CUTTER[11] | DIAMOND PRODUCTS[12] |
|---|---|
|  |  |

52.     Even at the retailer Menards, CMT is not the only entity selling saw blades using the color orange. For example, the picture below is a display at Menards showing a CMT orange saw blade between two orange Evolution saw blades. Additionally, directly above the CMT orange saw blade is a Masterforce saw blade that includes a prominent orange design feature on the front of the saw blade product packaging.



53.     The widespread and ubiquitous third-party use of the color orange on saw blades has rendered the color generic with respect to saw blades. Thus, even if CMT had obtained valid rights in the Contested Mark, it has since lost those rights to genericide.

54.     Even if CMT had obtained valid rights in the color orange, the widespread and ubiquitous third-party use of the color orange on saw blades indicates that CMT has failed to police its rights in the Contested Mark such that CMT has abandoned the Contested Mark.

---

[11] https://www.pollardwater.com/product/cutter-diamond-products-the-crusher-blade-14-in-asphalt-block-brick-concrete-ductile-iron-and-steel-circular-saw-chsc14125/_/R-7310064?gclid=EAIaIQobChMI3_mhzp7BgwMVUTOtBh06AA5kEAQYAyABEgITXvD_BwE&gclsrc=aw.ds **Exhibit 15**.

[12] https://www.diamondbladesupply.com/products/heavy-duty-orange-ultimate-high-speed-diamond-blades?currency=USD&variant=40836186079275&utm_medium=cpc&utm_source=google&utm_campaign=Google%20Shopping&stkn=b13f18ac7e8f&utm_campaign=gs-2020-12-09&utm_source=google&utm_medium=smart_campaign&gad_source=1&gclid=EAIaIQobChMI3_mhzp7BgwMVUTOtBh06AA5kEAQYDyABEgJRN_D_BwE **Exhibit 16**.

123359945.2

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ☐ ROCA

**First Counterclaim**

**Cancellation of Mark under 15 U.S.C. §§ 1119, 1064(3) [Functionality]**

55.    Apex repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

56.    The use of orange on saw blades serves a utilitarian function by, among other things, ensuring that the blades are highly visible, helping users avoid injury.

57.    The use of orange on saw blades also serves an aesthetic function by, among other things, making the product more aesthetically appealing and commercially desirable to consumers.

58.    The exclusive right to use orange claimed by CMT would put competitors at a significant non-reputation related disadvantage.

59.    The use of orange on sawblades is functional, and as such, orange on sawblades as a single unitary color is not eligible for trademark protection.

60.    Apex is being and will continue to be damaged by CMT's continued registration of the Contested Mark, as such registration forms the basis for CMT's meritless claims of, among other things, trademark infringement, trademark dilution, and unfair competition, and because such registration is being cited by CMT in connection with its interference with Apex's business relations with major retailers.

61.    In light of the foregoing, the Court should declare CMT's registration of the Contested Mark invalid and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064(3).

123359945.2

**Second Counterclaim**

**Cancellation of Mark under 15 U.S.C. §§ 1119, 1064(3) [Fraud on the USPTO]**

62.     Apex repeats and reincorporates each of the foregoing paragraphs as if fully set forth herein.

63.     In its submissions seeking federal registration of the Contested Mark, CMT made incomplete, misleading and fraudulent assertions that it knew to be false and with intent to deceive the USPTO, as detailed above.

64.     These false assertions were material to the USPTO's decision to register the Contested Mark because they were the basis for CMT's claim that it had exclusive rights to use the Contested Mark.

65.     Apex is being and will continue to be damaged by CMT's continued registration of the Contested Mark, as such registrations form the basis for CMT's meritless claims of, among other things, infringement, dilution, and unfair competition, and because such registrations are being cited by CMT in connection with its interference with Apex's business relations with major retailers.

66.     In light of the foregoing, the Court should declare CMT's registration of the Contested Mark invalid and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064(3).

**Third Counterclaim**

**Cancellation of Mark under 15 U.S.C. §§ 1119, 1064(3) [Genericness]**

67.     Apex repeats and reincorporates each of the foregoing paragraphs as if fully set forth herein.

68.     Orange is widely used and closely connected with tradespersons' tools, including saw blades for cutting wood.

69.     Orange is used by dozens of manufacturers and is so common within the market that consumers associate it with tradespersons' tools, including saw blades for cutting wood, and not any single source.

123359945.2

70.     Orange is therefore generic for saw blades for cutting wood and cannot serve as a trademark.

71.     Apex is being and will continue to be damaged by CMT's continued registration of the Contested Mark, as such registration forms the basis for CMT's meritless claims of, among other things, trademark infringement, trademark dilution, and unfair competition, and because such registrations are being cited by CMT in connection with its interference with Apex's business relations with major retailers.

72.     In light of the foregoing, the Court should declare CMT's purported marks invalid and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064(3).

**Fourth Counterclaim**

**Cancellation of Mark under 15 U.S.C. §§ 1119, 1064(3) [Abandonment]**

73.     Apex repeats and reincorporates each of the foregoing paragraphs as if fully set forth herein.

74.     As detailed above, the Contested Mark is registered for a monochromatic orange woodworking sawblade.

75.     Upon information and belief, CMT does not sell or offer for sale monochromatic orange woodworking sawblades.

76.     Upon information and belief, for a period of at least three consecutive years prior to the date it filed its Complaint against Apex, CMT did not sell or offer for sale monochromatic orange woodworking sawblades.

77.     CMT has, for at least three consecutive years, failed to use the Contested Mark in a manner sufficient to maintain the public's identification of the mark with CMT.

78.     CMT's lack of intent to resume use of the Contested Mark is indicated, in part, by its multi-decade practice of offering for sale products which are not monochromatically orange.

79.     Upon information and belief, CMT does not intend to resume use of the Contested Mark.

123359945.2

1      80.    As detailed above, CMT has abandoned any rights it may have had in the

2  Contested Mark.

3      81.    Apex is being and will continue to be damaged by CMT's continued registration

4  of the Contested Mark, as such registration forms the basis for CMT's meritless claims of,

5  among other things, trademark infringement, trademark dilution, and unfair competition, and

6  because such registrations are being cited by CMT in connection with its interference with

7  Apex's business relations with major retailers.

8      82.    In light of the foregoing, the Court should declare CMT's Contested Mark invalid

9  and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064(3).

10                              **Prayer for Relief**

11      **WHEREFORE**, Defendants respectfully request that this Court enter a judgment as

12  follows:

13             (a)    dismissing the Complaint in its entirety;

14             (b)    canceling CMT's federal registration no. 3,038,625 for the

15  Contested Mark;

16             (c)    granting judgment in Apex's favor on all Counterclaims;

17             (d)    awarding to Apex their attorney's fees and the costs of defending

18  this action;

19             (e)    granting such other and further relief as the Court deems proper.

100 Pine Street, Suite 1750
San Francisco, CA 94111

LEWIS ⬜ ROCA

123359945.2

Dated: January 3, 2024                                       Respectfully Submitted,

_David Jackson_

_____

David A. Jackson
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004
Tel.: 602-262-0807
Email: DJackson@lewisroca.com

*Counsel for Defendants Apex TOOL
GROUP LLC AND Apex BRANDS, INC.*

123359945.2

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, a copy of this document was delivered by ECF on the following attorneys:

Edgar H. Haug, Esq.
Robert E. Colletti, Esq.
Patrick J. Lavery, Esq.
Jessica M. Stookey, Esq.
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
ehaug@haugpartners.com
rcolletti@haugpartners.com
cdebonis@haugpartners.com
plavery@haugpartners.com
jstookey@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

David A. Jackson
_____
David A. Jackson

123359945.2