UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CMT USA, INC. and CMT UTENSILI S.P.A.,

          Plaintiffs,

-against-

APEX TOOL GROUP LLC and APEX BRANDS, INC.,

          Defendants.

Case No. 3:24-cv-00137-RJC-DCK

**PROTECTIVE ORDER**

ROBERT J. CONRAD, United States Senior District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" and "Highly Confidential Discovery Material," respectively) shall not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    (a) material nonpublic insider information, confidential and/or commercially sensitive or proprietary information;

    (b) personnel files;

    (c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person;

    (d) previously nondisclosed material relating to ownership or control of any non-public company;

    (e) any information of a personal or intimate nature regarding any individual;

    (f) other information which the party believes in good faith must be maintained in confidence in order to protect its business or commercial interests; or

    (g) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only any such Discovery Material that the producing person reasonably believes to qualify as so sensitive that its dissemination deserves even further limitation and consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, customer lists, and sale margins);

    (b) previously nondisclosed business plans, product development information, or marketing plans;

    (c) material which contains or discloses information of an extremely high degree of commercial sensitivity such that it would provide a competitive disadvantage to a Party (or a competitive advantage to a Party's competitors) if disclosed.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portions of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the deposition transcript is delivered, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the delivery of the deposition transcript, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only.

6. When any inadvertent or mistaken disclosure of Discovery Material protected by privilege or work-product immunity is discovered by the producing person and brought to the attention of the receiving person, the receiving person shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing person of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving person to challenge the producing person's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) for each of Plaintiffs, collectively, and Defendants, collectively, up to three (3) designated officers, directors, or employees of said party to whom disclosure is reasonably necessary for this action;

(b) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) for each of Plaintiffs, collectively, and Defendants, collectively, one (1) in-house counsel for the Parties;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) any witness produced or otherwise put forth by the producing person.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to any persons referred to in subparagraphs 8(b)-(j) above. However, if necessary to facilitate settlement discussions, the Parties may meet and confer to agree upon an officer, director, or employee of each Party to whom Highly Confidential Discovery Material may be disclosed to.

10. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(a), 8(c), or 8(g) above, or prior to any disclosure of any Highly Confidential Discovery Material to any person referred to in subparagraph 8(c) or 8(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel must then identify the person to be bound and serve the executed Non-Disclosure Agreement on all other Parties at least seven (7) days prior to the disclosure of any other Party's Confidential or Highly Confidential Discovery Material. If the producing Party has good cause to object to the disclosure, it must serve the Party proposing to make the disclosure with a written objection within seven (7) days after service of the identification. Unless the Parties resolve the dispute within seven (7) days after service of the objection, or a longer period if the parties so agree, the

producing Party must move the Court promptly for a ruling, and the Confidential or Highly Confidential Discovery Material may not be disclosed to the person to be bound without the Court's approval.

11. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential or Highly Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow LCvR 6.1 of this Court's Rules of Practice and Procedure.

16. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are

bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. This Protective Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

19. This Protective Order shall survive the termination of the litigation and remains in full force and effect unless modified by order of the Court or by written stipulation of the Parties filed with the court. Within 30 days of the final disposition of this action, including any appeals, all Discovery Material designated as "Confidential," or "Highly Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Further, within 30 days of the final disposition of this action, including any appeals, each Party shall destroy all copies of Confidential or Highly Confidential Discovery Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential or Highly Confidential Discovery Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Protective Order.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ Robert E. Colletti* | */s/ Michael J. McCue* |
| Dated: April 5, 2024 | Dated: April 5, 2024 |
| | |
| Ward Davis (NC Bar ID 27546) | Jason M. Sneed |
| Joshua B. Durham (NC Bar ID 25414) | Megan E. Sneed |
| BELL, DAVIS & PITT | SNEED PLLC |
| 227 W. Trade St., Suite 1800 | 445 S. Main St., Suite 400 |
| Charlotte, NC 28202 | Davidson, NC 28036 |
| (704) 227-0400 | (844) 763-3347 |
| ward.davis@belldavispitt.com | JSneed@SneedLegal.com |
| jdurham@belldavispitt.com | MSneed@SneedLegal.com |
| | |
| Edgar H. Haug (*pro hac vice*) | Michael J. McCue |
| Robert E. Colletti (*pro hac vice*) | Aaron D. Johnson |
| Jessica M. Stookey (*pro hac vice*) | David A. Jackson |
| Patrick J. Lavery (*pro hac vice*) | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| HAUG PARTNERS LLP | 100 Pine St., Ste. 1750 |
| 745 Fifth Avenue | San Francisco, CA 94111 |
| New York, NY 10151 | Tel: 650-687-8426 |
| (212) 588-0800 | Fax: 650-391-1395 |
| ehaug@haugpartners.com | MMcCue@LewisRoca.com |
| rcolletti@haugpartners.com | ADJohnson@LewisRoca.com |
| jstookey@haugpartners.com | DJackson@lewisroca.com |
| plavery@haugpartners.com | |
| | *Attorneys for Defendants Apex Tool Group LLC and Apex Brands, Inc.* |
| *Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.* | |

SO ORDERED.

Dated:
    Charlotte, North Carolina

                                                   ROBERT J. CONRAD
                                        United States Senior District Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A.<br><br>                    Plaintiffs,<br><br>-against-<br><br>APEX TOOL GROUP LLC and APEX BRANDS, INC.,<br><br>                    Defendants. | Case No. 3:24-cv-00137-RJC-DCK<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

ROBERT J. CONRAD, United States Senior District Judge:

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                      _____