UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A.,<br>Plaintiffs,<br>v.<br>Apex Tool Group LLC and Apex Brands, Inc.,<br>Defendants. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO SUPPLEMENT RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Local Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") hereby provide this Memorandum in support of its Motion to Compel (the "Motion").

Apex brings is Motion under Federal Rules of Civil Procedure 26(b)(1), 33, and 37(a), and moves this Court for an Order compelling Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT") to remedy the deficiencies in their Answers to Apex's First Set of Interrogatories (the "Interrogatory Responses") and their Responses to Defendants' First Set of Requests For Production (Nos. 1-41) (the "RFP Responses") (the Interrogatory Responses and RFP Responses are collectively referred to as the "Responses"), and provide Apex with the discovery it is entitled to under the Federal Rules, by supplementing their Responses as addressed in detail below. While Apex attempted to resolve these issues directly with CMT, including through the exchange of detailed letters and two separate meet and confer calls (the second being approximately 80 minutes in length and via videoconference), CMT's continued refusal to properly and timely supplement its Responses has made this motion necessary.

There are two issues within this motion: (1) whether CMT can refuse to respond to properly served interrogatories that it claims are "contention interrogatories," and (2) whether CMT can refuse to provide information and documents related to saw blades and other power tool accessories that

Apex believes are relevant to its claims and defenses, but are not expressly covered by the precise language within CMT's trademark registration.

## I. RULE 37(a)(1) CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Apex's undersigned counsel hereby certifies that they have conferred in good faith with CMT concerning the subject matter of this motion in an effort to resolve their dispute without court action. In response to the June 3, 2024 direction from the U.S. Magistrate Judge's chambers stating that the Court expected the parties to confer in person or through some means of "live" communication to resolve or narrow the dispute, the parties held an additional 80-minute-long meet-and-confer via video conference on June 7, 2024. During that meet-and-confer, counsel for both parties admitted that they are at an impasse on the issues below and that a decision from the court is required.

While it is unfortunate that CMT's refusal to properly respond to Apex's discovery requests has resulted in Apex bringing to the Court's attention matters that should have been resolved between the parties, Apex has no other option. Numerous letters, phone calls, and citations to Fourth Circuit case law have not convinced CMT to change its positions and, therefore, CMT is unlikely to fully or timely respond to the discovery requests outlined below absent an order from this Court.

## II. BACKGROUND

Apex propounded its First Set of Interrogatories on CMT on December 14, 2023 (**Exhibit A**). CMT responded on January 22, 2024, asserting a broad range of objections (the Interrogatory Responses, **Exhibit B**). Apex notified CMT that certain of its Interrogatory Responses were deficient via a detailed letter sent on April 5, 2024 (**Exhibit C**). CMT responded on April 19, 2024, standing on its objections (**Exhibit D**). Thereafter, the parties conferred via a phone call regarding these deficiencies. After conferring, CMT agreed to supplement some of its deficient responses, and refused to withdraw several improper objections (correspondence summarizing the call attached as **Exhibit E**), but it refused to change any of the deficient responses at issue in this Motion (its revised supplemental responses attached as **Exhibit F**). The parties further discussed these deficiencies during a meet-and-confer video call on June 7, 2024, but neither counsel changed its position and counsel for

each side agreed they were at an impasse (correspondence summarizing the video call attached as **Exhibit G**).

Apex propounded its First Set of Requests for Production on CMT on December 14, 2023. (**Exhibit H**). CMT responded on January 22, 2024, asserting a broad range of objections (the "RFP Responses," **Exhibit I**). Apex notified CMT that certain of its RFP Responses were deficient via a detailed letter sent on May 24, 2024 (**Exhibit J**). CMT responded on May 30, 2024, standing on its objections (**Exhibit K**). Thereafter, the parties conferred via video call on June 7, 2024, regarding these deficiencies, but CMT refused to withdraw any of its objections discussed below (correspondence summarizing the video call attached as **Exhibit G**). While Apex believes a number of other aspects of CMT's document production are deficient, it is choosing to not bring those issues to the Court's attention at this time, with the goal of hopefully reaching a resolution with CMT.

Apex, therefore, brings this motion to compel CMT to withdraw several improper objections and supplement its Responses. While there are only two issues in this Motion, because they are so central to discovery in this case, if CMT is ordered to property supplement its Responses it will need to supplement Interrogatories 1, 2, 4, 6, 10, 11, 12, 15, and 21; and RFP Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30, 31, 32, 33, and 35 accordingly.

## III. ARGUMENT

### a. Standard

Where a party fails to respond, or responds by asserting an improper objection, to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *See Earthkind, LC v. Lebermuth Co. Inc.*, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); Fed. R. Civ. P. 37(a)(1). Ultimately, the decision to grant or to deny a motion to compel

production rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

**b. CMT's "Contention Interrogatories" Objection Is Unfounded.**

When this case was still pending in the Southern District of New York, CMT refused to fully respond to nine interrogatories on the basis that they were "contention interrogatories" and, therefore, CMT's responses were not required until after the close of fact discovery. CMT based its objection on a Local Rule peculiar to the Southern District of New York, which provides that interrogatories "seeking the claims and contentions of the opposing party" are to be served "[a]t the conclusion of other discovery." S.D.N.Y. Local Civil Rule 33.3(c).

CMT rested on this objection in refusing to fully answer Interrogatories 2, 4, 6, 15, and 21 when this case was pending in the Southern District of New York but has refused to withdraw its objection in the wake of this case's transfer to this Court. Instead, it contends that the objection still applies in "principle" and has refused to respond or supplement its responses to Interrogatories 2, 4, 6, 15, and 21 until after fact discovery has closed. Apex contests that these interrogatories are "contention interrogatories" at all, but the Court can resolve this Motion by simply noting that this objection is improper in and irrelevant to this Court.

Apex respectfully believes that CMT's attempt to litigate this case under New York rules is improper and should be rejected by the Court.

This Court has no rule against interrogatories that request the claims and contentions of the opposing party. In fact, this Court has held that "contention interrogatories" are not only proper but **recommended** tools for early evaluation of a case. *Pressley v. Boehlke*, 33 F.R.D. 316, 317 (W.D.N.C. 1963) (noting that "one of the purposes of discovery" is to "require early evaluation of the case with increased likelihood of settlement" and overruling objections on the grounds that the party's "real objection is that it is a difficult question to answer and requires a present decision on the position that he will take at the trial."). Other courts in this Circuit have similarly provided for contention

interrogatories. *See Mountain Valley Pipeline, LLC v. 6.5 Acres of Land Owned by Sizemore Inc. of Virginia*, No. 7:18CV610, 2019 WL 8918904, at *2 (W.D. Va. Apr. 5, 2019) ("The Federal Rules of Civil Procedure permit contention interrogatories. . . . 'Examples of proper contention interrogatories include asking a party to (1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a contention, (3) assert a position or explain that position in relation to how the law applies to the facts, and (4) explain the legal or theoretical basis behind a contention.'") (quoting *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)); *Coles v. Jenkins*, 179 F.R.D. 179,181 (W.D. Va. 1998) ("[A]n interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 426 (N.D.W. Va. 2006) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor. The defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations." (quotation omitted)). Here, the relevant interrogatories are exactly of the type described as "proper" by courts in this Circuit.

Interrogatory 2: "Identify the full range of Pantone colors that CMT claims are likely to cause confusion with CMT when used on saw blades."

Interrogatory 4: "Identify the percentage of the color orange (compared to any other color or no color) that CMT claims is likely to cause confusion when used on saw blades."

Interrogatory 6: "State all facts and identify all documents relevant to CMT's contention that consumers in the United States associate the color orange on saw blades exclusively with CMT."

Interrogatory 15: "State all facts and identify all documents relevant to CMT's contention that its use of the color orange on saw blades is non-functional."

Interrogatory 21: "State all facts and identify all documents supporting CMT's claim that Apex's orange saw blades are of an inferior quality than CMT's orange saw blades."

As the text of the relevant interrogatories show, all of them either request "facts underlying a contention" (Interrogatory Nos. 6, 15, and 21) or for CMT to "assert a position or explain that position

in relation to how the law applies to the facts" (Interrogatory Nos. 2 and 4). Additionally, all of the relevant interrogatories are highly relevant to CMT's claims and Apex's counterclaims, as they involve (a) the exact details of the trade dress CMT claims is infringed, (b) the scope of protection CMT is asserting, which goes to the strength of the mark, and (c) claims that CMT made in its Amended Complaint. Therefore, all are "proper contention interrogatories" under *Capacchione,* 182 F.R.D. at 489, and this Court should order CMT to withdraw its objection and fully respond to each one.

This Court has allowed delayed responses to contention interrogatories only when gathering the necessary materials would be substantially burdensome, or when other factors (such as a pending order) might cause the issues in the litigation to become narrower. *See Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (compelling defendant to answer contention interrogatories, but allowing additional time because interrogatories requested detailed demographic information about defendant school system that would take time to gather.); *Glob. Locating Sys., LLC v. ShadowTrack 247, LLC*, 2020 WL 3432714, at *2 (W.D.N.C. June 23, 2020) (finding contention interrogatories premature in a patent case where "the parties are in the middle of claim construction, which . . . has the potential of narrowing the issues and claims involved in this case."). Neither situation is applicable here: the answers to Apex's interrogatories 1, 2, 4, 6, 15, and 21 are readily available to CMT and there is no pending motion that is likely to narrow the claims. CMT has had plenty of time to gather any information necessary to respond to interrogatories 1, 2, 4, 6, 15, and 21, which were served in December 2023.

Apex notes that there is some irony in the fact that, while CMT has been refusing to answer interrogatories served on January 22 on the basis that they are "contention interrogatories," CMT served its own interrogatories seeking facts supporting Apex's contentions. Apex does not plan to use the New York "contention interrogatory" objection, and will respond to them in due course under Federal Rule 33. This Court should, therefore, compel CMT to withdraw its "contention interrogatory" objections and supplement its responses to Apex's interrogatories 1, 2, 4, 6, 15, and 21 immediately.

### c. CMT Cannot Refuse to Respond to Discovery Concerning the Use of Similar Marks on Similar Goods.

Apex propounded interrogatories and requests for production that request information and documents pertaining to products similar to the "Circular blades for power saws for cutting wood" covered by CMT's '624 Registration. These similar products include other circular saw blades, other types of power tools, and other types of power tool accessories. CMT refused to answer these interrogatories or provide documents responsive to the RFPs, claiming that "third-party products that are not 'circular woodworking blades'" are "irrelevant."[1] This is not a proper objection, and under the Federal Rules CMT may not unilaterally limit Apex's discovery to only a very specific subset of products CMT believes is at issue in this case. Discovery is not the place for CMT to argue the merits of its claims.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Federal Rules set forth the wide scope of discovery, and courts in the Fourth Circuit have repeatedly held that this discovery standard is to be interpreted broadly, and that courts should permit

[1] CMT also claimed that the phrases "saw blades," "any type of tool," and "any type of power tool and power tool accessories" are somehow vague and ambiguous. It is unclear whether CMT still rests upon this objection. In any event, these terms are no vaguer nor more ambiguous than CMT's preferred term "circular woodworking blades." They are simply broader terms. In any event, CMT's unsupported and threadbare objections regarding vagueness are improper under the law of this Circuit. *See, e.g., Susko v. City of Weirton,* 2010 WL 1881933, at *11 (N.D.W. Va. May 7, 2010) (overruling an objection that claimed an interrogatory is "vague and ambiguous" on the basis that it is "not a proper objection"). To the extent that CMT rests on this objection, the Court should compel CMT to answer these interrogatories presuming reasonable definitions of the terms "saw blades," "any type of tool," and "any type of power tool and power tool accessories."

parties to broadly investigate their claims. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978) ("[Rule 26] has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted."); *see also E.E.O.C. v. Dolgencorp, LLC*, No. 1:09CV700, 2011 WL 1260241, at *10 (M.D.N.C. Mar. 31, 2011) ("Moreover, the commentary to the Rules indicates that '[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.'").

Each of the three categories of products for which CMT has refused to respond—, namely (1) saw blades, (2) power tools, and (3) power tool accessories, — are **extremely** relevant to not only CMT's claims but also Apex's counterclaims. Trademark infringement claims by their nature involve questions over what products or services consumers believe are related. And in this case an essential question will be whether consumers view circular saw blades that cut wood as distinct from circular saw blades that cut other materials, as well as other power tools and power tool accessories. These products are often sold on the same wall at a hardware store, and manufactured by the same company. As a result, documents and information regarding these very products are not only likely to be admissible in evidence at trial, but also clearly meet the even broader discovery standard. *See, e.g.*, *Combe Inc. v. Dr. Aug. Wolff GmBH & Co. KG Arzneimittel*, 382 F. Supp. 3d 429, 457 (E.D. Va. 2019) *aff'd,* 851 Fed. Appx. 357 (4th Cir. 2021) ("[E]vidence of third-party use of similar marks on similar goods 'can show that customers have been educated to distinguish between different marks on the basis of minute distinctions.'" (quoting *Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New Millennium Sports, S.L. U.*, 797 F.3d 1363, 1374 (Fed. Cir. 2015)).

Other tribunals confronted with nearly the exact same facts have held that the broader category of "saw blades" is relevant to determining the scope of rights in woodworking saw blades. For example, in *Milwaukee Elec. Tool Corp. v. Freud Am., Inc.*, 2019 WL 6522400 (Trademark Tr. & App. Bd. Dec. 2, 2019), the Trademark Trial and Appeal Board had to decide whether the color red

could be registered as a trademark for a certain subset of saw blades, and as part of that question, whether all types of saw blades were relevant to the decision. The Board held that all saw blades, without limitation, were "directly relevant" to the case because most saw blades "travel in the same channels of trade and are purchased by the same consumers; therefore, the entire universe of saw blades is relevant for determining consumer perception …." *Id.* At *3.[2] While not a federal court, the Trademark Trial and Appeal Board is routinely treated as persuasive authority by federal courts due to its "expertise in trademark disputes." *Kelly Servs., Inc. v. Creative Harbor, LLC*, 846 F.3d 857, 864 n.1 (6th Cir. 2017); s*ee also* *Buti v. Impressa Perosa, S.R.L.*, 935 F.Supp. 458, 471 (S.D.N.Y. 1996) ("Although . . . the decisions of the TTAB are not binding on this Court . . . they are nevertheless entitled to great weight.") (citation and internal quotation marks omitted). Thus, information regarding the broader universe of saw blades, power tool accessories, and power tools are not only likely to be found admissible at trial, but are unquestionably "relevant to any party's claim or defense" under the broader discovery standard.

CMT's objections challenge the above legal theory. But these are improper objections—discovery is not the time for CMT to argue the merits of Apex's arguments. Instead, "a party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory." 8 Charles A. Wright et al., *Federal Practice & Procedure* § 2011 (3d ed.); *cf. United States v. 216 Bottles, More or Less, Sudden Change by Lanolin Plus Lab. Div. Hazel Bishop Inc.,* 36 F.R.D. 695, 700–01 (E.D.N.Y. 1965) ("A party may not refuse to answer an interrogatory upon the ground that it is phrased in such a manner that the answer given would be predicated upon a false hypothesis according to the interrogated party's theory of the case."); *see also Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, CIV.A. DKC 09- 0100, 2011 WL 6000562, at *2 (D. Md. Nov. 29, 2011) ("disagreement [regarding the theory of the case] does not absolve them of their basic responsibilities under the federal discovery rules").

---

[2] TTAB decisions interpreting the extent of intellectual property protections under the Lanham Act are entitled to "great weight." *Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Etrangers a Monaco,* 329 F.3d 359, 378 (4th Cir. 2003); *see also In re Dr. Pepper Co.,* 836 F.2d 508, 510 (Fed.Cir. 1987) ("While the interpretations of the statute by the board are not binding on this court, under general principles of administrative law, deference should be given by a court to the interpretation by the agency charged with its administration.").

Apex is entitled to seek discovery on its theory of the facts and the law, and to seek discovery on "any nonprivileged matter that is relevant to any party's claim or defense." Products within the same product category are clearly relevant to Apex's claims and defenses. That should be the end of the inquiry. Apex, therefore, requests that the Court compel CMT to withdraw its objections that only circular woodworking blades are relevant and to immediately and fully supplement its Interrogatory Responses and RFP Responses accordingly for all requests involving "saw blades," "power tools," and "power tool accessories."

## IV. CONCLUSION

For the foregoing reasons, Apex respectfully requests that the Court order CMT to withdraw its "contention interrogatory" objections, its objections relating to the definitions of "saw blades," "any type of tool," and "any type of power tool and power tool accessories," and compel CMT to supplement its Interrogatory Responses and RFP Responses accordingly pursuant to Rule 37(a)(3)(B). Apex further requests that the Court schedule a hearing to determine which of "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both" will be required to pay Apex's attorneys' fees incurred in making this motion pursuant to Rule 37(a)(5)(A).

DATED: June 10, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Aaron D. Johnson*

Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

4

45 South Main Street, Suite 400
Davidson, NC 28036
Tel: 844-763-3347

*Attorneys for Defendants*

**CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1(b)**

The undersigned counsel hereby certifies, pursuant to L.R. 7.1(b), that counsel has conferred and attempted to resolve areas of disagreement described herein, as set forth in more detail in this Memorandum at Section I.

DATED: June 10, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Aaron D. Johnson*

Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

445 South Main Street, Suite 400
Davidson, NC 28036
Tel: 844-763-3347

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I electronically filed the foregoing Defendants' Memorandum in Support of Defendants' Motion to Compel Plaintiffs to Supplement Responses to Defendants' First Set of Interrogatories with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

*/s/ Aaron D. Johnson*