| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A.,<br><br>Plaintiffs,<br><br>v.<br><br>Apex Tool Group LLC and Apex Brands, Inc.,<br><br>Defendants. | **DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS TO SUPPLEMENT DISCOVERY RESPONSES** |

Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") hereby submit this Motion for Leave to File a Surreply in support of their Motion to Compel Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT") to remedy the deficiencies in CMT's responses to Apex's First Set of Interrogatories and First Set of Requests For Production (the "Motion," ECF No. 73).

Under Local Rule 7.1, "leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). "[C]ourts permit a party to file a surreply when fairness dictates based on new arguments or evidence." *Jones v. Coca-Cola Consol. Inc.*, 2021 WL 4714654, at *1 (W.D.N.C. Oct. 8, 2021). Here fairness dictates that Apex should be allowed to file a surreply because Apex just learned of actions taken by CMT, after the Motion had been fully briefed, that substantively affect the arguments in the Motion.

The evidence proves that, contrary to what CMT told Apex in its discovery responses, and what CMT told this Court in its Opposition to the Motion, CMT **does** believe that power tool accessories other than "circular woodworking blades" are related to its U.S. '625 Trademark Registration No. 3,038,625 (the "'625 Registration"). CMT believes so strongly that those goods are related, in fact, that it **issued takedown demands** for non-woodworking blades by claiming infringement of the '625 Registration.

Because these actions took place after the Motion had been fully briefed, Apex had no way of knowing about these facts at the time it filed the Motion, its Memorandum in Support of the Motion,

or its Reply in Support of the Motion.

On July 8, 2024, Apex learned that CMT issued trademark infringement complaints through Amazon.com's Intellectual Property Reporting feature against several listings selling Apex's saw blades sold by authorized sellers on Amazon.com ("Amazon Takedowns"). *See,* **Exhibit A**, Declaration of David Jackson ("Jackson Decl."), ¶ 3. The Amazon Takedowns were filed on July 7, 2024. *Id.*, ¶ 4. In the Amazon Takedowns, CMT asserted that Apex saw blades for cutting material other than wood also infringed the '625 Registration, and demanded they be removed. *Id.*, ¶ 5. CMT's characterization of which goods are similar to its trademark registration directly contradicts CMT's claim that any power tool accessory or power tool other than "circular woodworking blades" is unrelated to the claims in this case, and that CMT shouldn't have to respond to discovery requests covering those products.

It also directly contradicts statements that CMT made in its Opposition brief that it filed with this Court (ECF No. 76). In the Opposition, CMT stated: "Apex's attempt to seek discovery on goods beyond circular woodcutting blades captures products that are 'unquestionably' irrelevant to any claim or defense in this case." (Opposition, p. 8). CMT's recent actions show that this statement is false, as CMT itself asserts that Apex's non-woodcutting blades infringe the very trademark registration at issue in this case. And there is no doubt that the standard for infringement is far narrower than the broad discovery standard under the Federal Rules.

Because CMT's actions directly contradict its stated positions to Apex and this Court as to the relevancy of "saw blades" and other power tool accessories, these new facts are highly relevant to Apex's Motion to Compel. In addition, these facts are new to Apex because Apex could not have known of this information before its briefing related to Apex's Motion to Compel was completed—as CMT issued the Amazon Takedowns on or around July 7, 2024, well after all briefing had been completed. Jackson Decl., ¶¶ 3-4. As a result, this is precisely the type of situation where "fairness dictates" permitting Apex "to file a surreply." *Jones* at *1.

Other courts have ruled that leave to file a surreply should be granted in such circumstances. *See*, *e.g., Abbott Lab'ys v. Lupin Ltd.*, 2011 WL 1897322, at *3–4 (D. Del. May 19, 2011) (granting leave to file a surreply when a party showed that "new facts have arisen . . . which go[] directly to the issue of prejudice, which is important to the Court's analysis of Abbott's motion to exclude.") and

*Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) ("[A] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law."). And *cf. Frazier v. RJM Acquisitions LLC*, 2015 U.S. Dist. LEXIS 22807, at *3 (D. Md. Feb. 24, 2015) (denying motion for leave to file surreply where movant "did not explain why the ["new"] evidence could not have been attached to her original response") and *F.D.I.C. v. Cashion*, 2012 WL 1098619, at *3 (W.D.N.C. Apr. 2, 2012), aff'd, 720 F.3d 169 (4th Cir. 2013) (denying motion to file surreply where the "Defendant has made no argument or showing that the information contained in his surreply . . . was not available to him at the time he originally responded to [Plaintiff's] Motion for Summary Judgment.").

For the foregoing reasons, Apex respectfully requests that the Court grant its Motion for Leave to File a Surreply, which is limited solely to bringing these new facts to the Court's attention, and attached to this motion as **Exhibit B**

DATED:  July 29, 2024     LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Aaron D. Johnson*
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA  94111
Telephone:   650.391.1380
Facsimile:    650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

45 South Main Street, Suite 400
Davidson, NC  28036
Tel:  844-763-3347

*Attorneys for Defendants*

125503991.3                                     - 3 -                          DEFENDANTS' MOTION FOR LEAVE TO
                                                                                             FILE SUR-REPLY
                                                                                             3:24-CV-00137-RJC-DCK

Case 3:24-cv-00137-RJC-DCK     Document 81     Filed 07/29/24     Page 3 of 5

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;
2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this July 29, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/Aaron D. Johnson
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA  94111
Telephone:   650.391.1380
Facsimile:   650.391.1395

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 29th day of July, 2024, the foregoing *Defendants' Motion for Leave to File Sur-reply in support of Apex's Motion to Compel* was served via electronic means through CM/ECF on the following counsel of record:

> Ward Davis (NC Bar ID 27546)
> Joshua B. Durham (NC Bar ID 25414)
> BELL, DAVIS & PITT
> 227 W. Trade St., Suite 1800
> Charlotte, NC 28202
> (704) 227-0400
> ward.davis@belldavispitt.com
> jdurham@belldavispitt.com
>
> Edgar H. Haug (*pro hac vice*)
> Robert E. Colletti (*pro hac vice*)
> Jessica M. Stookey (*pro hac vice*)
> Patrick J. Lavery (*pro hac vice*)
> HAUG PARTNERS LLP
> 745 Fifth Avenue
> New York, NY 10151
> (212) 588-0800
> ehaug@haugpartners.com
> rcolletti@haugpartners.com
> jstookey@haugpartners.com
> plavery@haugpartners.com
>
> *Attorneys for Plaintiffs CMT USA, Inc.*
> *and CMT Untensili S.p.A.*

/s/ *Aaron D. Johnson*