# Exhibit B

# Exhibit B

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A.,<br><br>Plaintiffs,<br><br>v.<br><br>Apex Tool Group LLC and Apex Brands, Inc.,<br><br>Defendants. | **DEFENDANTS' SURREPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS TO SUPPLEMENT DISCOVERY RESPONSES** |

Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") hereby submit this Surreply in support of their Motion to Compel Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT") to remedy the deficiencies in CMT's responses to Apex's First Set of Interrogatories and First Set of Requests For Production (the "Motion"). Apex submits this short Surreply for the sole purpose of bringing new evidence to the Court's attention that is relevant to the Motion.

The Motion requests that the Court order CMT to fully respond to two areas of discovery where CMT's discovery responses were insufficient: (1) First, CMT refused to respond to any contention interrogatory; and (2) CMT refused to respond to any interrogatory or request for production that sought information or documents relating to "saw blades," "power tool accessories," and "power tools" other than "circular woodworking blades."

The new facts within this Surreply only relate to the second area – i.e., whether products other than "circular woodworking blades" are relevant under the Federal Rules for discovery.

**A. CMT's actions show that Apex has been correct the entire time—saw blades, power tool accessories, and power tools are relevant to the claims and defenses in this case.**

In this case, CMT claims that certain Apex saw blades infringe CMT's trademark registration for the color "orange" as used on "circular blades for power saws for cutting woods," Reg. No. 3,038,625 (the "'625 Registration"). As part of its discovery requests, Apex requested information and documents from CMT that covered to not only the specific goods in the '625 Registration, but also

related goods such as other saw blades (woodworking or otherwise), power tools, and power tool accessories. As Apex explained in its earlier briefs, these products are relevant to multiple issues relating to the parties' claims and defenses, including the strength of the asserted mark, enforcement against the mark, consumer perception of the mark, the alleged fame of the asserted mark, functionality, and genericness. And the related products included in Apex's discovery requests are often not only sold by the same manufacturers and in the same stores, they are often sold on the very same shelves as the woodworking saw blades within the '625 Registration.

CMT refused to provide any information or documents responsive to these products, claiming that any request that goes beyond "circular blades for power saws for cutting wood" is irrelevant and overbroad. *See* Dkt. 76, p. 1. CMT claims that the trade dress at issue in this case "specifically pertains to the color orange as applied to circular blades for power saws for cutting wood" and therefore "Apex cannot assert that some other power tool, that uses some amount of orange . . . is using a "similar mark" on a "similar good." *See* Dkt. 76, p. 6. CMT also represented to this Court that Apex's requests "seek discovery on goods beyond circular woodcutting blades [and] captures products that are 'unquestionably' irrelevant to any claim or defense in this case." *Id.*, p. 8.

But, unbeknownst to Apex, it turns out that CMT's statements were not true, and the positions CMT took regarding Apex's discovery requests were wholly at odds with actions CMT was taking, and statements CMT was making, outside of this Court.

After all briefing was complete for the Motion, CMT issued trademark infringement complaints to Amazon.com against a number of listings for Apex's saw blades. *See,* **Exhibit A**, Declaration of Matt King ("King Decl."), ¶¶ 3-4. Several of these complaints were issued against Contractor Tool Supply (the "Amazon Takedowns"), an authorized seller of Apex's saw blades. *Id.* In the Amazon Takedowns, CMT claimed its rights in the trademark registration at issue in this case—the '625 Registration—applied to <u>all</u> Apex saw blades sold by Contractor Tool Supply, including both saw blades designed to cut wood <u>and</u> saw blades designed to cut other materials. *Id.,* ¶ 5. For example, CMT submitted a trademark infringement complaint to Amazon for Apex's CRESCENT-brand 10" X 6 Tooth Fiber Cement Circular Saw Blade that is designed specifically for cutting through dense fiber cement, not wood. *Id*.

In addition, CMT's CEO Marcello Tommassini called the President of Contractor Tool Supply

the day after CMT issued its Amazon Takedowns. *Id.*, ¶ 6. On that call, Mr. Tommassini reiterated that CMT believes all Apex saw blades infringed CMT's trade dress rights, regardless of it they were woodworking or not, and that CMT expected Contractor Tool Supply to remove all Apex saw blades from Amazon.com. *Id.* Mr. Tommassini expressly and directly stated that CMT's trademark infringement complaint applied to all Apex saw blades **<u>regardless of the type of material the saw blades were intended to cut.</u>** *Id*.

CMT's assertion of the '625 Registration against non-woodworking saw blades clearly shows that Apex's position has been correct this entire time – namely, that documents and information related to all saw blades, not just "woodworking" saw blades, along with related goods such as other power tool accessories and power tools—are relevant to the claims and defenses in this case. If the '625 Registration can be infringed by non-woodworking saw blades uses, then non-woodworking saw blades are axiomatically relevant to that trademark registration and the claims in this case. If the rights within the '625 Registration can be infringed by goods that are not covered by the registration but instead are closely related to those goods, than closely related goods are clearly relevant and responsive to Apex's discovery requests.

In addition, CMT's assertion of the '625 Registration against non-woodworking saw blades shows that CMT itself does not believe the position it has strenuously argued in its objections to Apex's discovery requests and in its opposition to Apex's Motion to Compel. CMT should not be permitted to argue that in this case only circular woodworking saw blades are relevant to its claims of infringement, while at the same time arguing to Amazon and other distributors that non-woodworking saw blades **<u>do infringe</u>** those same rights.

### B. CMT's disingenuous position supports awarding Apex attorneys' fees.

In its Motion, Apex requested "Apex's attorneys' fees incurred in making this motion pursuant to Rule 37(a)(5)(A)." That rule provides that if a motion to compel is successful, a court "must" order the producing party to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (a) the producing party's "nondisclosure, response, or objection was substantially justified" or (b) "other circumstances make an award of expenses unjust." F.R.C.P. 37(a)(5)(A).

The facts of CMT's disingenuous positions support awarding Apex its costs and attorneys' fees incurred as a result of having to make this Motion. While Apex has always believed that CMT's objections were "unjustified," these new facts show that **even CMT itself** didn't believe its own position. They show that CMT was submitting arguments to this court **that CMT itself believed were false**. Instead, CMT's actions and communications show that CMT **does** believe the '625 Registration is related to products beyond circular woodworking saw blades, which means other products would most certainly be relevant in discovery under the Federal Rules. As a result, the objections CMT made to Apex's discovery requests are not "substantially justified" and Apex should receive the costs and fees CMT forced it to incur to bring the Motion. Other courts have awarded costs and fees in similar situations. *See, e.g., Lozman v. City of Riviera Beach*, 2014 WL 12360677, at *2 (S.D. Fla. Jan. 16, 2014) (granting costs and fees for a motion to compel where "Plaintiff's delay and baseless objections necessitated the filing of these motions to compel . . . .").

DATED:  July 29, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Aaron D. Johnson*
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA  94111
Telephone:   650.391.1380
Facsimile:    650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

45 South Main Street, Suite 400
Davidson, NC  28036
Tel:  844-763-3347

*Attorneys for Defendants*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;
2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this July 29, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Aaron D. Johnson*
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 29st day of July, 2024, the foregoing *Defendants' Surreply in Support of Their Motion to Compel Plaintiffs to Supplement Discovery Responses* was served via electronic means through CM/ECF on the following counsel of record:

> Ward Davis (NC Bar ID 27546)
> Joshua B. Durham (NC Bar ID 25414)
> BELL, DAVIS & PITT
> 227 W. Trade St., Suite 1800
> Charlotte, NC 28202
> (704) 227-0400
> ward.davis@belldavispitt.com
> jdurham@belldavispitt.com
>
> Edgar H. Haug (*pro hac vice*)
> Robert E. Colletti (*pro hac vice*)
> Jessica M. Stookey (*pro hac vice*)
> Patrick J. Lavery (*pro hac vice*)
> HAUG PARTNERS LLP
> 745 Fifth Avenue
> New York, NY 10151
> (212) 588-0800
> ehaug@haugpartners.com
> rcolletti@haugpartners.com
> jstookey@haugpartners.com
> plavery@haugpartners.com
>
> *Attorneys for Plaintiffs CMT USA, Inc.*
> *and CMT Untensili S.p.A.*

/s/ *Aaron D. Johnson*