UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APEX TOOL GROUP LLC and APEX BRANDS, INC.<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>**Case No. 3:24-CV-00137-RJC-DCK** |

Plaintiffs CMT USA, Inc. ("CMT USA") and CMT Utensili S.p.A. ("CMT Untensili") (collectively, "CMT") file this response in opposition to the Motion for Leave to File Sur-Reply filed by Defendants Apex Tool Group LLC's and Apex Brands, Inc.'s (collectively, "Apex").

**INTRODUCTION**

From the outset, CMT has consistently focused on the core issue in this case: Apex's infringement of CMT's trademark U.S. Reg. No. 3,038,625 through the sale of orange circular saw blades for cutting wood. *See e.g.*, Dkt. 37 (CMT's Second Amended Complaint), ¶ 62. Apex, however, has attempted to broaden this case far beyond its relevant scope. By their motion to compel, Apex seeks to compel CMT to catalog all orange power tools and accessories, including a number of tools that are not saw blades and blades that have nothing to do with cutting wood. *See* Dkt. 74, § III.c.

By its Motion for Leave to File Sur-Reply, Apex contends it has caught CMT red-handed. Apex contends CMT is seeking to shut down orange blades beyond those designed for cutting wood. But Apex is completely wrong. Consider the following:

1. Apex contends CMT submitted Amazon takedown requests for a fiber cement circular saw. CMT did no such thing. CMT only submitted requests for saw blades designed for cutting wood. Confirmation of CMT's requests are attached to this response.

2. Matt King's Declaration, on which Apex heavily relies, attaches an unexplained screenshot of a blue table. The table lists a number of product ASIN numbers for products for which CMT never submitted takedown requests. What this table means and where it came from remain a mystery.

3. Mr. King's Declaration also attributes ASIN B09FGN189 to a cement circular blade. That is incorrect. The apparent ASIN for that cement saw is B09FGPYDCL. CMT never submitted a takedown request for that blade.

4. Mr. King also contends he spoke with CMT's Marcello Tommassini on a Teams call. Mr. Tommassini was not on the call, and he has never even spoken with Mr. King.

For these reasons and others discussed below, Apex's motion should be denied.

## ARGUMENT

Apex's attorney claims that on July 7, 2024 "CMT issued trademark infringement complaints through Amazon.com's Intellectual Property Reporting feature against . . . Apex's saw blades sold by authorized sellers on Amazon.com", including blades not designed for cutting wood. Dkt. 81-1 (Jackson Decl.), ¶¶ 3-5. Mr. King similarly asserts that CMT filed an Amazon IP violation notice "aimed at all CRESCENT saw blades sold by Contractor Tool Supply, including saw blades designed to cut wood as well as saw blades designed to cut other materials."

Dkt. 81-3 (King Decl.), ¶¶ 3-5. Mr. King included an apparent screenshot of this "IP violation notice from Amazon."[1] Dkt. 81-4 (King Decl., Ex. 1). In his declaration Mr. King also states that:

> [o]n July 8, 2024, I attended a teams meeting with Marcello Tommassini, CEO of CMT. Mr. Tommassini called to follow up on the IP violation notice and reiterate that CMT expected Contractor Tool Supply to remove all CRESCENT brand saw blades from its Amazon store. Mr. Tommassini made clear that CMT's complaint applied to all CRESCENT brand saw blades regardless of the type of material the saw blades were intended to cut.

Dkt. 81-3 (King Decl.), ¶ 6. Based on the above purported evidence, Apex contends CMT has contradicted its prior position that only blades designed for cutting wood are at issue in this case. Dkt. 81 at 2; Dkt. 81-2 at 2-3. Apex is incorrect.

Lucia Spallacci, Head HR & International Trademark Manager of CMT Utensili, is responsible for submitting Amazon takedown requests against products listed on Amazon that infringe CMT's intellectual property rights. Spallacci Decl., ¶ 8. Ms. Spallacci recently submitted several takedown requests against Amazon listings that infringe CMT's U.S. Reg. No. 3,038,625 for the color orange as applied to circular blades for power saws for cutting wood and CMT's Canadian Reg. No. TMA712918 for the color orange as applied to saw blades. Spallacci Decl., ¶¶ 8-10. From May 29 to July 5, 2024, she submitted several takedown requests against Apex's CRESCENT branded saw blades designed for cutting wood. In her declaration, Ms. Spallacci details each Amazon Standard Identification Number (or "ASIN") she submitted takedown requests against and the Complaint IDs that Amazon assigned to these takedown requests. Spallacci Decl., ¶¶ 12-27.

---

[1] Mr. King does not say whether the alleged "IP violation notice from Amazon" is actually an email from Amazon, or a screenshot of an Amazon page. *See* Dkt. 81-3 (King Decl.), ¶¶ 3-5. It has no DATE, SUBJECT, TO, or FROM lines that an email would have, nor does it have an associated URL or time stamp that a screenshot of a webpage would have. *See* Dkt. 81-4 (King Decl., Ex. 1). The top portion of the Exhibit does appear to be related to a complaint that Ms. Spallacci submitted against certain CRESCENT branded saw blade ASINs. *See* Spallacci Decl., ¶¶ 28-31 (and associated table). However, the blue table at the bottom of the exhibit lists a number of ASINs for which CMT never submitted takedown requests. *See id.*

Ms. Spallacci has attached the confirmation pages to her Declaration (Spallacci Decl., Exs. 1, 4, 7, 10) and the confirmation emails (Spallacci Decl., Exs. 2-3, 5-6, 8-9, 11-13) she received from Amazon. A review of these takedown requests reveals that Ms. Spallacci never submitted takedown requests for any CRESCENT branded saw blades that were not designed for cutting wood. Spallacci Decl., ¶ 11. They also reveal that Ms. Spallacci ***never*** submitted a takedown request for Apex's CRESCENT branded cement cutting blade (Spallacci Decl., ¶¶ 28-32), as Apex and Mr. King incorrectly allege (*see* Dkt. 81 at 1-2; Dkt. 81-1 (Jackson Decl.), ¶¶ 3-5; Dkt. 81-2 at 2-3; Dkt. 81-3 (King Decl.), ¶¶ 3-5). In fact, even Mr. King appears confused on this point. In his Declaration, Mr. King claims that CMT's takedown request included a complaint against the listing for a CRESCENT 10" X 6 Tooth Fiber Cement Circular Saw Blade, (ASIN: B09FGPN189). Dkt. 81-3 (King Decl.), ¶ 5. However, ASIN B09FGPN189 does not even correspond to CRESCENT 10" X 6 Tooth Fiber Cement Circular Saw Blade. That ASIN corresponds to Crescent 12" 80T FineCut™ Fine Finishing Saw Blade CSBFF-1280, which is one of Apex's CRESCENT branded saw blades for cutting wood. Spallacci Decl., ¶ 31. The actual ASIN for the CRESCENT 10" X 6 Tooth Fiber Cement Circular Saw Blade is apparently B09FGPYDCL. Spallacci Decl., ¶ 31. Ms. Spallacci never submitted a takedown request for that product. Spallacci Decl., ¶ 29.

Following the submission of the takedown requests that CMT did make, Mr. King contacted Dustin Melchiorri, VP of Sales for CMT USA, on July 7, 2024. Melchiorri Decl., ¶ 10. Mr. King followed up with an email to Mr. Melchiorri on July 10, 2024. Melchiorri Decl., ¶ 11; Melchiorri Decl., Ex. 1. Following this email, Mr. Melchiorri invited Mr. King, and Massimo Ricci, President of CMT USA, to a Microsoft Teams meeting on July 12, 2024. Melchiorri Decl., ¶ 12; Melchiorri Decl., Ex. 2; Ricci Decl., ¶ 10. Mr. King claims that Marcello Tommassini,

CEO of CMT Utensili, was part of the meeting (Dkt. 81-3 (King Decl.), ¶ 6), ***but he was not*** (Melchiorri Decl., ¶ 13; Ricci Decl., ¶ 10; Tommassini Decl. ¶¶ 9-10). Mr. Tommassini has never met or spoken with Mr. King. Tommassini Decl. ¶ 9.

In this meeting, Mr. Melchiorri and Mr. Ricci explained to Mr. King that Contractor Tool Supply should remove any Amazon listings for CRESCENT branded saw blades subject to CMT's takedown requests. Melchiorri Decl., ¶ 14; Ricci Decl., ¶ 11. Contrary to Mr. King's allegations (Dkt. 81-3 (King Decl.), ¶ 6), neither Mr. Melchiorri nor Mr. Ricci instructed Mr. King that he should remove all CRESCENT branded saw blades from his Amazon listings, nor did they instruct Mr. King that CMT's takedown requests were directed to any CRESCENT branded saw blades not meant for cutting wood. Melchiorri Decl., ¶ 15; Ricci Decl., ¶ 12.

Apex's entire basis for a sur-reply depends on CMT supposedly issuing takedown requests for saw blades designed for cutting materials other than wood. Because no such requests were ever made, Apex's motion should be denied.

## CONCLUSION

To summarize:

1. Apex and Mr. King claim that CMT's takedown notices were aimed at all CRESCENT branded saw blades sold by Contractor Tool Supply. Dkt. 81-3 (King Decl.), ¶ 5; *see also* Dkt. 81-1 (Jackson Decl.), ¶ 5. This is not true. Ms. Spallacci only submitted takedown requests for a handful of CRESCENT Branded saw blades, which are all designed for cutting wood. Spallacci Decl., ¶¶ 12-27; Spallacci Decl., Exs. 1-13.

2. Apex and Mr. King claim that Mr. King met with Mr. Tommassini on July 8, 2024 and told Mr. King to remove all Amazon listings of CRESCENT branded saw blades, irrespective of what type of material the saw blades were designed to cut. Dkt. 81-3 (King Decl.), ¶ 6. Mr.

King actually met with Mr. Melchiorri and Mr. Ricci on July 12, 2024. Melchiorri Decl., ¶ 13; Ricci Decl., ¶ 10; Tommassini Decl. ¶¶ 9-10. Mr. Tommassini did not meet with them and has never met Mr. King or spoken to him. Tommassini Decl. ¶¶ 9-10. Further, Mr. Melchiorri and Mr. Ricci only told Mr. King to remove Amazon listings of saw blades that CMT has submitted takedown requests against. Melchiorri Decl., ¶ 15; Ricci Decl., ¶ 12.

For these reasons, CMT requests that the Court deny Apex's motion for leave to file sur-reply in its entirety. Finally, CMT requests that it be granted its attorneys' fees and costs for responding to this motion.

Respectfully submitted,

*/s/ Robert E. Colletti*
Dated: August 9, 2024

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Chinmay Bagwe (*pro hac vice*)
Patrick J. Lavery (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
cbagwe@haugpartners.com
plavery@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this 9th of August, 2024 in Baltimore, Maryland.

*/s/ Robert E. Colletti*
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com
*Attorney for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, I electronically filed the foregoing Plaintiffs' Opposition to Defendants' Motion for Leave to File Sur-Reply in Support of their Motion to Compel Plaintiffs to Supplement Discovery Responses with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

*/s/ Edward B. Davis*