**EXHIBIT A**

**DOCUMENTS SUBPOENA**

# UNITED STATES DISTRICT COURT
### for the
Western District of North Carolina

| | | |
|---|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:24-CV-000137-RJC-DCK |
| Apex Tool Group LLC and Apex Brands, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Matthew King, 1106 Myrtle Breezes Court, Fruitland Park, Florida 34731

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedules A and B

| Place: Akerman LLP | Date and Time: |
|---|---|
| 420 South Orange Avenue, Suite 1200 Orlando, Florida 32801 | 08/30/2024 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/16/2024

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  CMT USA, Inc.
and CMT Utensili, S.p.A. _____ , who issues or requests this subpoena, are:

Patrick Lavery, Haug Partners LLP 745 Fifth Ave., NY, NY 10151 plavery@haugpartners.com (212) 588-0800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:24-CV-000137-RJC-DCK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

---------------------------------------------------------------------------

**CMT USA, INC. and CMT UTENSILI**                    :
**S.P.A.,**                                           :
                                                      :
      **Plaintiffs,**  :    Case No. 3:24-CV-00137-RJC-DCK
                                                      :
         **v.** :
                                                      :
**APEX TOOL GROUP LLC and APEX**                      :
**BRANDS, INC.,**                                     :
                                                      :
      **Defendants.**  :

---------------------------------------------------------------------------

**SCHEDULES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR**
**OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION OF**
**MATTHEW KING**

**SCHEDULE A**

1.      This subpoena requires Matthew King (hereinafter "You" or "Your") to produce a full, clear, legible copy or electronic copy of each requested document that you have in your possession, custody, or control, wherever such documents are located on August 30, 2024, at Haug Partners LLP, 745 Fifth Avenue, New York, NY 10151 or a mutually convenient location as set forth in the subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in the litigation of *CMT USA, Inc. and CMT Utensili S.p.A. v. Apex Tool Group LLC and Apex Brands, Inc.*, Case No. Case No. 3:24-CV-00137-RJC-DCK (W.D.N.C.) (hereinafter "this Litigation").

2.      The definitions, instructions, words, and phrases used in this subpoena shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of North Carolina.

3.      "This subpoena" means the document entitled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" and all exhibits thereto, served on You in connection with this Litigation.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to fall outside its scope.

5.      "Any" shall be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside the scope of the discovery request.

6.      "Communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise) by oral, written, telephonic, electronic or radio frequency transmission, or by any other means.  "Communication" includes, but is not limited to, e-mails and text messages.

7. "Document" shall have a comprehensive meaning, in the broadest sense available, as that term is used in Federal Rule of Civil Procedure 34(a) and shall include electronically stored information and tangible things.

8. "Identify" or "identification" with respect to persons means to give, to the extent known, the person's full name, present or last known address, e-mail address, telephone number, and, with respect to a natural person, the present or last known place of employment. "Identify" or "identification" with respect to documents means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s), and the production number(s) where produced. "Identify" with respect to an entity means to give, to the extent known, the entity's present full name, business name and/or trade name, any former names used by such entity, and its present or last known address.

9. "Including" means "including but not limited to."

10. "Information" means information in any form (including documentary, electronic, graphical, or tabular), and/or communicated by any means (including orally, in writing, or via electronic communication).

11. "Referring," "relating to" or "concerning" mean making reference to, pertaining to, mentioning, discussing, representing, embodying, illustrating, describing, reflecting, supporting, negating, rebutting, contradicting, evidencing, and/or constituting.

12. The definitions and provisions of the Protective Order (Dkt. 67) in this Litigation, attached to the subpoena as Schedule B are also hereby incorporated and will apply to the requests.

13. In producing documents and things, furnish all documents and things known or available to you regardless of whether such documents and things are possessed directly by you, or by any of your officers, directors, employees, agents, representatives, or attorneys, or are otherwise in your possession, custody, or control.

14. All documents and things that respond, in whole or in part, to any portion of these requests are to be produced in their entirety, including all attachments and enclosures.

15.     Pursuant to Federal Rule of Civil Procedure 45(e), documents produced in response hereto shall either be produced as they are kept in the usual course of business or organized and labeled to correspond with the document requests to which they are responsive.  If there are no documents responsive to any particular request, You are requested to so state in writing rather than leave the request unanswered.

16.     Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

17.     If in responding to these requests, You claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

18.     If You object to the production of any information, documents, or things on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege or protection, You must produce a log identifying all such documents and provide the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

19.     Any attachment to an allegedly privileged, protected, or immune document or electronically stored information shall be produced unless You contend that the attachment is also privileged, protected, or immune, in which case the information specified in the previous instruction shall be separately provided for each such attachment.

20.     Any purportedly privileged document containing non-privileged matter should be produced, with the purportedly privileged portion redacted.

21.     If You know of the existence, past or present, of any information, document, or thing described in any of these requests, but such information, document, or thing is not presently in Your possession, custody, or control, You shall so state in response to the request, identify such information, document, or thing in response to the request, and identify the individual in whose possession, custody, or control the information, document, or thing was last known to reside.  If any responsive information, document, or thing has been destroyed or otherwise removed from

Your custody or control, please state when, how, and why such information, document, or thing was destroyed or removed from Your custody.

22.     If You contend that production of any information, document, or thing is prohibited by third-party confidentiality obligations, You must specifically identify those obligations in Your responses, seek permission from the relevant third parties to produce the relevant information, document, or thing in this action, and inform us of the outcome of those requests in a timely manner.

23.     If multiple copies of a document exist, You shall produce every copy on which appear any markings or notations of any sort not appearing on any other copy that You include in Your production.

24.     Color copies of documents should be produced where color is necessary to interpret or understand the contents.

25.     If no information, documents, or things exist that are responsive to a particular request, that fact should be stated in Your response to such request.

26.     Whenever possible, You shall produce information, documents, or things responsive to individual requests as soon as possible and without waiting to produce information, documents, or things responsive to other requests.

27.     Please take notice that these requests are submitted for the purposes of discovery and are not to be taken as waiving any of Plaintiffs' objections to the introduction of any documents or things, or other evidence on subjects, covered by these requests.

## PRODUCTION REQUESTS

**Production Request No. 1**

All communications between You and counsel for defendants Apex Tool Group LLC and Apex Brands, Inc., regarding this Litigation.

**Production Request No. 2**

All communications between You and defendants Apex Tool Group LLC and Apex Brands, Inc., regarding this Litigation.

**Production Request No. 3**

All communications between You and any third party regarding this Litigation.

**Production Request No. 4**

All documents and communications regarding, supporting, or refuting the statements made in Your July 29, 2024 declaration and associated exhibits (Dkt. 81-3, Dkt. 81-4, Dkt. 81-5) filed in connection with defendants Apex Tool Group LLC's and Apex Brands, Inc.'s July 29, 2024 Motion for Leave to File Sur-reply in Support of Their Motion to Compel Plaintiffs to Supplement Discovery Responses.

**Production Request No. 5**

All drafts, whether prepared by you or another on your behalf, of Your July 29, 2024 declaration and associated exhibits (Dkt. 81-3, Dkt. 81-4, Dkt. 81-5) filed in connection with defendants Apex Tool Group LLC's and Apex Brands, Inc.'s July 29, 2024 Motion for Leave to File Sur-reply in Support of Their Motion to Compel Plaintiffs to Supplement Discovery Responses.

**Production Request No. 6**

All documents and communications regarding Contractor Tool Supply's sales of CRESCENT branded circular saw blades for cutting wood.

**Production Request No. 7**

All documents and communications regarding Contractor Tool Supply's sales of CMT branded circular saw blades for cutting wood.

# SCHEDULE B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:24-CV-137-RJC-DCK

|  |  |  |
|---|---|---|
| CMT USA, INC. and<br>CMT UTENSILI S.P.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| APEX TOOL GROUP LLC, and<br>APEX BRANDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the parties' proposed Protective Order (Document No. 66) filed on April 5, 2024. The Court commends the parties and counsel for reaching an agreement on this issue, and therefore, adopts the parties' proposed Protective Order as follows.

**WHEREAS** all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

**WHEREAS**, the Parties, through counsel, agree to the following terms;

**WHEREAS**, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

**WHEREAS**, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

**WHEREAS**, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS, THEREFORE, ORDERED** that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" and "Highly Confidential Discovery Material," respectively) shall not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

2

(a) material nonpublic insider information, confidential and/or commercially sensitive or proprietary information;

(b) personnel files;

(c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person;

(d) previously nondisclosed material relating to ownership or control of any non-public company;

(e) any information of a personal or intimate nature regarding any individual;

(f) other information which the party believes in good faith must be maintained in confidence in order to protect its business or commercial interests; or

(g) any other category of information hereinafter given confidential status by the Court.

3.    The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only any such Discovery Material that the producing person reasonably believes to qualify as so sensitive that its dissemination deserves even further limitation and consists of:

(a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, customer lists, and sale margins);

(b)    previously nondisclosed business plans, product development information, or marketing plans;

(c)     material which contains or discloses information of an extremely high degree of commercial sensitivity such that it would provide a competitive disadvantage to a Party (or a competitive advantage to a Party's competitors) if disclosed.

4.     With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portions of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5.     With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the deposition transcript is delivered, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the delivery of the deposition transcript, the

4

entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only.

6. When any inadvertent or mistaken disclosure of Discovery Material protected by privilege or work-product immunity is discovered by the producing person and brought to the attention of the receiving person, the receiving person shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing person of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving person to challenge the producing person's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) for each of Plaintiffs, collectively, and Defendants, collectively, up to three (3) designated officers, directors, or employees of said party to whom disclosure is reasonably necessary for this action;

5

(b)     outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     for each of Plaintiffs, collectively, and Defendants, collectively, one (1) in-house counsel for the Parties;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) any witness produced or otherwise put forth by the producing person.

9.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to any persons referred to in

6

subparagraphs 8(b)-(j) above. However, if necessary to facilitate settlement discussions, the Parties may meet and confer to agree upon an officer, director, or employee of each Party to whom Highly Confidential Discovery Material may be disclosed to.

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(a), 8(c), or 8(g) above, or prior to any disclosure of any Highly Confidential Discovery Material to any person referred to in subparagraph 8(c) or 8(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel must then identify the person to be bound and serve the executed Non-Disclosure Agreement on all other Parties at least seven (7) days prior to the disclosure of any other Party's Confidential or Highly Confidential Discovery Material. If the producing Party has good cause to object to the disclosure, it must serve the Party proposing to make the disclosure with a written objection within seven (7) days after service of the identification.  Unless the Parties resolve the dispute within seven (7) days after service of the objection, or a longer period if the parties so agree, the producing Party must move the Court promptly for a ruling, and the Confidential or Highly Confidential Discovery Material may not be disclosed to the person to be bound without the Court's approval.

11.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

12.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within two business days

7

Case 3:24-cv-00137-RJC-DCK   Document 86-1   Filed 08/27/24   Page 18 of 23
Case 3:24-cv-00137-RJC-DCK   Document 67   Filed 04/09/24   Page 7 of 12

of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13.    Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential or Highly Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

8

Case 3:24-cv-00137-RJC-DCK   Document 86-1   Filed 02/27/24   Page 19 of 23
Case 3:24-cv-00137-RJC-DCK   Document 67   Filed 04/09/24   Page 8 of 12

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow LCvR 6.1 of this Court's Rules of Practice and Procedure.

16. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. This Protective Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

19. This Protective Order shall survive the termination of the litigation and remains in full force and effect unless modified by order of the Court or by written stipulation of the Parties filed with the court. Within 30 days of the final disposition of this action, including any appeals, all Discovery Material designated as "Confidential," or "Highly Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Further, within 30 days of the final disposition of this action, including any appeals, each Party shall destroy all copies of Confidential or Highly

9

Confidential Discovery Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential or Highly Confidential Discovery Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Protective Order.

20.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED**.

Signed: April 9, 2024

David C. Keesler
United States Magistrate Judge

10

Case 3:24-cv-00137-RJC-DCK   Document 86-1   Filed 08/23/24   Page 21 of 23
Case 3:24-cv-00137-RJC-DCK   Document 67   Filed 04/09/24   Page 10 of 12

**SO STIPULATED AND AGREED**.


_/s/ Robert E. Colletti_ _____          _/s/ Michael J. McCue_ _____
Dated:  April 5, 2024                           Dated:  April 5, 2024

Ward Davis (NC Bar ID 27546)                    Jason M. Sneed
Joshua B. Durham (NC Bar ID 25414)              Megan E. Sneed
BELL, DAVIS & PITT                              SNEED PLLC
227 W. Trade St., Suite 1800                    445 S. Main St., Suite 400
Charlotte, NC 28202                             Davidson, NC 28036
(704) 227-0400                                  (844) 763-3347
ward.davis@belldavispitt.com                    JSneed@SneedLegal.com
jdurham@belldavispitt.com                       MSneed@SneedLegal.com

Edgar H. Haug (_pro hac vice_)                  Michael J. McCue
Robert E. Colletti (_pro hac vice_)             Aaron D. Johnson
Jessica M. Stookey (_pro hac vice_)             David A. Jackson
Patrick J. Lavery (_pro hac vice_)              LEWIS ROCA ROTHGERBER CHRISTIE LLP
HAUG PARTNERS LLP                               100 Pine St., Ste. 1750
745 Fifth Avenue                                San Francisco, CA 94111
New York, NY 10151                              Tel: 650-687-8426
(212) 588-0800                                  Fax: 650-391-1395
ehaug@haugpartners.com                          MMcCue@LewisRoca.com
rcolletti@haugpartners.com                      ADJohnson@LewisRoca.com
jstookey@haugpartners.com                       DJackson@lewisroca.com
plavery@haugpartners.com
                                                _Attorneys for Defendants Apex Tool Group LLC_
_Attorneys for Plaintiffs CMT USA, Inc. and_    _and Apex Brands, Inc._
_CMT Untensili S.p.A._

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:24-CV-137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and <br> CMT UTENSILI S.P.A., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> APEX TOOL GROUP LLC, and ) <br> APEX BRANDS, INC., ) <br> ) <br> **Defendants.** ) <br> _____ ) | **NON-DISCLOSURE <br> AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

12