# Exhibit 2

# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

CMT USA, Inc. and CMT Utensili S.p.A.,

    Plaintiffs,

v.

Apex Tool Group LLC and Apex Brands, Inc.,

    Defendants.

## DECLARATION OF DAVID A. JACKSON

I, David A. Jackson, affirm under penalty of perjury under the laws of the United States as follows:

1. I am a partner at the law firm of Lewis Roca Rothgerber Christie LLP, counsel for Defendants in this proceeding.

2. I am over the age of 18, have personal knowledge as to the statements that follow, and would be competent to testify on all matters stated herein.

3. During a meet and confer videoconference on August 28, 2024 regarding Apex's Motion for Protective Order, counsel for Plaintiffs agreed to stay the deposition of James Roberts pending the outcome of Apex's Motion for Protective Order.

4. Plaintiffs have taken or scheduled the depositions of six current or former employees of Apex, in addition to a scheduled deposition of Apex's 30(b)(6) representative. These six employees include all the individuals within Apex's initial disclosures, as well as other individuals who were involved with the design, sale, and/or marketing of the products.

5. Plaintiffs have taken the following depositions:

    a. Curt Weber, former Vice President of Marketing for the CRESCENT brand;

b. Ray Smith, Managing Director of Apex Brands, Inc. and Vice President of Marketing for Apex Tool Group LLC; and

c. Ryan Kropfelder, Senior Product Manager for Apex Tool Group LLC;

6. Plaintiffs have noticed and worked with Apex to schedule the following depositions:

a. Brendan Walsh, Senior Director of Marketing for Apex Tool Group LLC, as Apex's 30(b)(6) representative;

b. Scott Bublitz, Senior Manager of Industrial Design for Apex Tool Group LLC;

c. Ian Cunningham; Vice President of Design for Apex Tool Group LLC; and

d. Michael Preus, a former employee of Apex Tool Group LLC.

7. Apex's counsel repeatedly proposed that the question of whether to depose Mr. Roberts be tabled until after Plaintiffs take the deposition of Apex's 30(b)(6) designee, including proposing this during an August 28, 2024 meet and confer video conference. Each time, Plaintiffs' counsel refused.

8. Apex attempted in good faith to resolve the dispute with Plaintiffs without Court intervention and conferred with Plaintiffs via several email exchanges and two telephonic conferences, on August 22 and August 28, 2024. Apex's requests for Plaintiffs to provide specific case law and explanation as to how the vague references to Mr. Roberts' quarterly business reviews were sufficient to justify a deposition of the CEO were ignored other than citations to cases that did not support Plaintiffs' claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  August 28, 2024            /s/ David A. Jackson
                                         Declarant