IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and<br>CMT UTENSILI S.P.A., | )<br>)<br>) |
| Plaintiffs, | )<br>) **ORDER** |
| v. | )<br>)<br>) |
| APEX TOOL GROUP LLC and<br>APEX BRANDS, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Seal" (Document No. 95) filed September 11, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)**  *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**  *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)**  *Motion to Seal or Otherwise Restrict Public Access*. A

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, Plaintiffs seek to seal all of "Plaintiffs' Opposition to Defendants' Motion For Protective Order..." (Document No. 94) and Exhibits A through K. (Document No. 95). Notably, none of "Defendants' Motion For Protective Order..." (Document No. 87) nor its attachments have been sealed.

It appears that the requirements of LCvR 6.1(c)(1) through (4) have been addressed; however, the instant motion does not comply with the requirement of consultation in LCvR 7.1(b). Instead, the motion states that "Plaintiffs *intend* to meet and confer with Defendants in order to determine appropriate redactions of these documents." (Document No. 95, p. 3) (emphasis added). Respectfully, Plaintiffs have the process backwards. Local Rule 7.1(b) requires that "[c]ivil motions <u>must</u> show that counsel *have* conferred," otherwise, the motion "may be summarily denied." LCvR 7.1(b) (emphasis added).

In this instance, the undersigned will not summarily deny the motion. However, counsel for the parties must promptly confer and then file redacted versions of the documents Plaintiffs

seek to seal. The undersigned is not persuaded that there are no alternatives to filing these documents under seal. <u>See</u> LCvR 6.1(c)(2). Limited redactions may be appropriate for some of the documents, but the sealing of all the documents and/or extensive redactions appears to be unnecessary and inconsistent with the "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Seal" (Document No. 95) is **GRANTED**. Document No. 94 shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiffs, following consultation with Defendants' counsel, shall file redacted versions of the sealed documents on or before **September 19, 2024**. Redactions should be applied only as necessary.

**SO ORDERED**.

Signed: September 12, 2024

David C. Keesler
United States Magistrate Judge