UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A.,<br><br>Plaintiffs,<br><br>v.<br><br>Apex Tool Group LLC and Apex Brands, Inc.,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PROVIDE A COMPETENT 30(b)(6) WITNESS OR SUPPLEMENTAL ANSWER TO INTERROGATORY 13 FOR INFORMATION RELATING TO ENFORCEMENT ACTIVITY** |

Pursuant to Local Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") hereby submit this Memorandum in support of its Motion to Compel (the "Motion").

Apex brings this Motion under Federal Rules of Civil Procedure 37(a)(3)(B)(i) and 37(a)(3)(B)(iii), and moves this Court for an Order compelling Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "Plaintiffs") to remedy the deficiencies in both their answer to Apex's Interrogatory No. 13 ("Interrogatory 13") and their refusal to produce a 30(b)(6) witness competent to testify on Topic 27 in the notice of deposition of Plaintiffs ("Topic 27"), in order to provide Apex with the discovery it is entitled to under the Federal Rules.

Both of these deficiencies in Plaintiffs' discovery relate to a single issue: the amount of enforcement activity, if any, Plaintiffs engaged in relating to their alleged rights in the color orange on circular saw blades prior to Plaintiffs' initial cease-and-desist letter to Apex, sent on November 5, 2021 (the "November 2021 Letter"). Despite an interrogatory and a 30(b)(6) topic directly on point, Plaintiffs have to date refused to provide a complete response to Interrogatory 13, and have refused to make available a 30(b)(6) witness with knowledge on the topic. (The only witness they did designate on the topic repeatedly said ▮▮▮▮▮▮ about such enforcement activity).

The question that Plaintiffs are attempting to evade is an important one. Enforcement activity,

or the lack thereof, against alleged infringers directly affects the strength of alleged trademark rights. *See* 2 *McCarthy* § 17:8 ("widespread usage by competitors [without enforcement] leads to a generic usage among the relevant public, who see many sellers using the same word or designation.") A mark is weak if its owner engages in little enforcement against third party uses that are similar to that mark, and a mark may even be found to be abandoned if the owner fails to police the mark such that widespread use by competitors leads to a generic understanding among relevant consumers. *Id; see also BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565 (Fed. Cir. 1995) (holding that the "Walking Fingers" logo became generic after owner did not police third party use of the logo).

Therefore, Apex seeks an order from this court ordering Plaintiffs to either: (1) make available for deposition a competent 30(b)(6) witness who can testify regarding the enforcement action Plaintiffs took in the United States relating to their alleged rights in the color orange on circular saw blades prior to the November 2021 Letter; or (2) supplement Plaintiffs' response to Interrogatory 13 with a verified statement that lists all enforcement activity Plaintiffs took in the United States relating to their alleged rights in the color orange on circular saw blades prior to the November 2021 Letter, and states that Plaintiffs are not aware of any other enforcement activity.

While Apex has attempted to resolve these deficient responses directly with Plaintiffs, including through multiple emails and video calls, with a final video call on October 18, 2024, Plaintiffs have refused to do either, and Plaintiffs' continued refusal to properly and timely supplement its deficient discovery has made this motion necessary. **Exhibit A,** Declaration of Aaron Johnson ("Johnson Decl."), ¶ 3.

Apex's Interrogatory 13 and Topic 27 focus on a straightforward and highly relevant issue regarding Plaintiffs' enforcement of their rights, or lack thereof, but Plaintiffs have refused to provide a full and sufficient response. They must now be compelled to do so.

## I. RULE 37(a)(1) CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Apex's undersigned counsel hereby certifies that they have conferred in good faith with Plaintiffs concerning the subject matter of this motion in an effort to resolve their dispute without court action. Apex sent emails pointing out the deficiencies in

Plaintiffs' 30(b)(6) testimony on Topic 27 and requesting additional testimony on September 6, September 17, October 11, and October 15, 2024, and mentioned its demand for supplemental testimony on Topic 27 in discovery calls on September 30 and October 15, 2024. Johnson Decl., ¶ 4. Despite these numerous requests, Plaintiffs have refused to make available a competent witness with knowledge of enforcement activities prior to the first letter sent to Apex. *Id.*

Plaintiffs provided their initial response to Interrogatory 13 on January 22, 2024, and supplemented their response on July 19, 2024 and October 17, 2024, but each time only with details on enforcement actions *after* the November 2021 Letter. Johnson Decl., ¶ 5; **Exhibit B**, Plaintiff's Fourth Supplemental Response to Defendants' First Set of Interrogatories (No. 13). Plaintiffs refused to provide additional supplementation on whether any enforcement actions occurred before that letter. Johnson Decl., ¶ 6. The parties conducted a final conferral over video call on October 18, 2024 where the parties reached an impasse as Plaintiffs' counsel refused any additional response to Interrogatory 13 and refused to provide any witness for additional testimony on Topic 27. Johnson Decl., ¶ 7.

While it is unfortunate that Plaintiffs' refusal to properly respond to Apex's discovery has forced Apex to bring to the Court's attention a matter that should have been resolved between the parties, Apex has no other option. Numerous letters and phone calls have not convinced Plaintiffs to change their position and therefore Plaintiffs are unlikely to fully or timely fulfill their discovery obligations absent an order from this Court.

## II. BACKGROUND

Apex has been seeking discovery from Plaintiffs on the issue of Plaintiffs' enforcement activities, or lack thereof, for months. On December 14, 2023, Apex served its First Set of Interrogatories, which contained Interrogatory 13. Interrogatory 13 states: "Identify all of CMT's enforcement of its claimed rights in the color orange as used on saw blades in the United States."

Plaintiffs provided their initial response to Interrogatory 13 on January 22, 2024, and supplemented their response on July 19, 2024. Johnson Decl., ¶ 8. On October 17, 2024, Plaintiffs served a second supplemental response to Interrogatory 13. *Id.* However the entirety of Plaintiffs' responses focus on activity *after* the November 2021 Letter. Johnson Decl., ¶ 9. Plaintiffs' responses

are all silent regarding activity prior to the November 2021 Letter. *Id.* Plaintiffs ended their response with the line ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

Plaintiffs have refused to verify whether they are aware of any enforcement activity prior to the November 2021 Letter. Johnson Decl., ¶ 10. As a result, Plaintiffs have still failed to provide Apex with any verified response regarding whether any relevant enforcement activity happened prior to the initial letter to Apex.

On April 15, 2024 Apex served a notice of deposition on Plaintiffs requesting a 30(b)(6) witness for information regarding, among other topics, Topic 20: "CMT's decisions to enforce or not enforce rights in the CMT Orange Trade Dress against third parties from 2013 to the present, including, but not limited to, phone calls, letters, oppositions, cancellations, lawsuits, complaints, and any other actions." Johnson Decl., ¶ 11. Of particular interest in this topic was any enforcement of CMT's rights before the November 2021 Letter which began this dispute. On May 31, 2024, Apex served an amended notice of deposition where that same language became Topic 27. *Id.* On June 20, 2024, Plaintiffs designated Mr. Marcello Tommassini to testify on Topic 27. Johnson Decl., ¶ 12.

On August 15 and 16, 2024 Apex deposed Mr. Tommassini as a 30(b)(6) witness. Johnson Decl., ¶ 13. During the deposition Apex repeatedly asked Mr. Tommassini about Topic 27, and specifically whether Plaintiffs took any enforcement action against any third-party using color orange on circular saw blades before the November 2021 Letter. Johnson Decl., ¶ 14; **Exhibit C,** Deposition of Marcello Tommassini at, e.g., p. 174 l. 23 – p. 175 l. 7. Multiple times Mr. Tommassini was asked and pressed about this topic, but he merely replied, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Johnson Decl., ¶ 14; Deposition of Marcello Tommassini at p. 175 ll. 7, 18-20; p. 176 ll. 10-11, 18-19; p. 177 ll. 5-7. When asked if any takedown notices were submitted to e-commerce platforms regarding Plaintiffs' alleged rights, Mr. Tommassini ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at p. 177 ll. 11-12, 19.

Despite a number of emails from Apex demanding additional 30(b)(6) testimony on this important issue, Plaintiffs have refused to make available a witness more knowledgeable about such enforcement activity. Johnson Decl., ¶ 15. As a result, Plaintiffs have still failed to provide Apex with testimony regarding whether any relevant enforcement activity happened prior to the initial letter to Apex.

## III. ARGUMENT

### a. Standard

Where a party fails to sufficiently respond to an interrogatory, or fails to properly make knowledgeable a designated 30(b)(6) witness, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party resisting discovery bears the burden of establishing the legitimacy of its incomplete answer or inadequate designated witness. *See Earthkind, LC v. Lebermuth Co. Inc.*, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); and Fed. R. Civ. P. 37(a)(1).

A designated 30(b)(6) witness' lack of knowledge on a designated topic, or a refusal to answer questions on a designated topic, is a failure to respond and supplementation can be compelled. *See Berwind Prop. Grp. Inc. v. Envtl. Mgmt. Grp.,* 233 F.R.D. 62, 65 (D. Mass. 2005) (compelling supplementation of incomplete deposition testimony on topics for which designee had no knowledge). While a corporation may plead lack of memory, a corporation's memory extends far beyond an individual's and, moreover, that "discharg[ing] its 'memory,' i.e., employees" does "not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* at 361. If a 30(b)(6) designee cannot produce answers to questions that should reasonably be known by the corporation because of a lack

of personal memory, the court can compel the corporation to supplement. *Berwind Prop. Grp. Inc.* 233 F.R.D. at 65.

Ultimately, the decision to grant or to deny a motion to compel production rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

### b. Apex's Interrogatory 13 and Topic 27 focusing on Plaintiffs' enforcement efforts are well within the scope of discovery

The Federal Rules set forth the wide scope of discovery, and courts in the Fourth Circuit have repeatedly held that the discovery standard is to be interpreted broadly, and that courts should permit parties to broadly investigate their claims. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978) ("[Rule 26] has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted.").

In cases alleging trademark infringement, such as this one, the strength of the alleged trademark is important as it is considered in evaluating the mark's validity. *AMP Inc. v. Foy*, 540 F.2d 1181, 1186 (4th Cir. 1976) ("the strength or weakness of the mark in question is an important consideration"); *see also George & Co. LLC v. Imagination Ent. Ltd.*, 575 F.3d 383, 395 (4th Cir. 2009). And questions about prior enforcement of a trademark go to the heart of the strength and continued validity of a trademark. *CFA Inst. v. Am. Soc'y of Pension Pros. & Actuaries*, 2020 WL 555391 at *3 (W.D. Va. Feb. 4, 2020) ("A trademark holder's enforcement impacts the strength of the mark"); *see also Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 602 (5th Cir. 1985) (A trademark holder is required to police his mark else it may become generic, diluted, or otherwise lessened in value"), *Pilates, Inc. v. Current Concepts, Inc.,* 120 F. Supp. 2d 286 (S.D.N.Y. 2000*)* (trademark "Pilates" held to be generic in part because it was not policed, and future policing

of the mark did not negate this), and *BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565 (Fed. Cir. 1995) (The "Walking Fingers" logo held to be generic because owner allowed "competing publishers of telephone directories to use the logo on their directories" without enforcement).

Therefore, Apex's efforts to obtain discovery regarding Plaintiffs' enforcement efforts, and in particular enforcement efforts prior to the November 2021 Letter, are squarely within the scope of discovery.

### c. Plaintiffs' response to Interrogatory 13 is deficient.

Plaintiffs' response to Interrogatory 13 is deficient. While the initial response and two supplemental responses mention several instances of enforcement activity by Plaintiffs, all of the described actions were after the November 2021 Letter. Johnson Decl., ¶ 9. The response also ends with a statement that this information may be supplemented later, without any indication about whether Plaintiffs are currently aware of any enforcement activity prior to the November 2021 Letter. *Id.* A clear answer on whether or not there was any enforcement activity before the November 2021 Letter is required. If this enforcement exists, or if Plaintiffs are not aware of any, there is no reason for Plaintiffs to not provide details about it.

As mentioned above, information about the enforcement prior to the November 2021 Letter is central to Plaintiffs' case because enforcement of trademark rights, or lack thereof, directly impacts the question of whether the mark is abandoned or generic. *Saxlehner,* 179 U.S. at 21. Therefore, Plaintiffs should be required to provide the full extent of their knowledge of any enforcement activity prior to the November 2021 Letter. Detailed answers to these questions are essential to this case going forward.

### d. Plaintiffs' designated witness on Topic 27 did not have sufficient knowledge.

The witness that Plaintiffs designated to testify on Topic 27 during Plaintiffs' 30(b)(6) deposition provided deficient or non-responsive answers which qualify as a failure to respond. As explained above, Mr. Tommassini was the witness designated by Plaintiffs to testify with regard to all questions on Topic 27, which was "CMT's decisions to enforce or not enforce rights in the CMT

126490478.6

- 7 -

DEFENDANTS' MEMO ISO
MOTION TO COMPEL
3:24-CV-00137-RJC-DCK

Case 3:24-cv-00137-RJC-DCK    Document 112    Filed 10/30/24    Page 7 of 12

Orange Trade Dress against third parties from 2013 to the present, including, but not limited to, phone calls, letters, oppositions, cancellations, lawsuits, complaints, and any other actions." Johnson Decl., ¶¶ 11-12.

However, during the 30(b)(6) deposition of Mr. Tommassini, he was unable to fully answer any question regarding Plaintiffs' enforcement of its alleged rights against third parties prior to the November 2021 Letter. Instead, his responses ███████████████████████████████████ Johnson Decl., ¶ 14; **Exhibit C** at p. 175 ll. 7, 18-20; p. 176 ll. 10-11, 18-19; p. 177 ll. 5-7. These answers are clearly incomplete as they do not provide Apex with any information regarding Plaintiffs' purported enforcement during the relevant time period.

As explained above, a lack of knowledge or personal memory of a designee is not the same as lack of corporate knowledge. Much like *Berwind,* Plaintiffs had a duty to prepare their designee with information that they reasonably have access to surrounding the topics it is deposed about. Clearly, the Plaintiffs have knowledge about what enforcement activity, if any, they conducted in the United States prior to a letter that was sent three years ago. Particularly since the individuals who made those enforcement decisions are still employed in their same positions at Plaintiffs. Johnson Decl., ¶ 16.

However, Plaintiffs' designated witness for Topic 27 did not have this knowledge and/or refused to fully answer questions regarding that knowledge. Johnson Decl., ¶ 14. As a result, Plaintiffs did not meet their discovery obligations now must be compelled to make a witness available who does have sufficient knowledge.

## IV. CONCLUSION

For the foregoing reasons, Apex respectfully requests that the Court compel Plaintiffs to provide either (1) a competent 30(b)(6) witness who can testify as to Plaintiffs' relevant enforcement activity prior to the November 2021 Letter, or (2) supplement their response to Interrogatory 13 to verify that they are not aware of any other enforcement activity prior to the November 2021 Letter other than that listed in response to Interrogatory 13.

Apex further requests that the Court schedule a hearing to determine which of "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both"

will be required to pay Apex's attorneys' fees incurred in making this motion pursuant to Rule 37(a)(5)(A).

Dated: October 30, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Aaron D. Johnson
Michael McCue
Aaron D. Johnson
David Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA  94111
Telephone:   650.391.1380
Facsimile:   650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

428 South Main Street, Suite B-175
Davidson, NC  28036
Tel:  844-763-3347

*Attorneys for Defendants*

# CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1(b)

The undersigned counsel hereby certifies, pursuant to L.R. 7.1(b), that counsel has conferred and attempted to resolve areas of disagreement described herein, as set forth in more detail in this Memorandum.

Dated: October 30, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Aaron D. Johnson
Michael McCue
Aaron D. Johnson
David Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

428 South Main Street, Suite B-175
Davidson, NC 28036
Tel: 844-763-3347

*Attorneys for Defendants*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed October 30, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Aaron D. Johnson
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

428 South Main Street, Suite B-175
Davidson, NC 28036
Tel: 844-763-3347
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically filed the foregoing Defendants' Memorandum in Support of Defendants' Motion to Compel Plaintiffs to Provide a Competent 30(B)(6) Witness or Supplement Answer to Interrogatory 13 with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

                                       */s/* Rebecca J. Contla