# EXHIBIT A

[REDACTED]

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

CMT USA, Inc. and CMT Utensili S.p.A.,

    Plaintiffs,

v.

Apex Tool Group LLC and Apex Brands, Inc.,

    Defendants.

## DECLARATION OF AARON D. JOHNSON

I, Aaron D. Johnson, affirm under penalty of perjury under the laws of the United States as follows:

1. I am a partner at the law firm of Lewis Roca Rothgerber Christie LLP, counsel for Defendants in this proceeding.

2. I am over the age of 18, have personal knowledge as to the statements that follow, and would be competent to testify on all matters stated herein.

3. Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") have attempted to resolve the deficiencies in Plaintiffs' CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "Plaintiffs") discovery responses and 30(b)(6) witness testimony directly with Plaintiffs, including through multiple emails and video calls, with a final video call on October 18, 2024. But Plaintiffs have refused to do either, and Plaintiffs' continued refusal to properly and timely supplement its deficient discovery has made a motion to compel necessary.

4. Apex sent emails pointing out the deficiencies in Plaintiffs' 30(b)(6) testimony on Topic 27 and requesting additional testimony on September 6, September 17, October 11, and October 15, 2024, and mentioned its demand for supplemental testimony on Topic 27 in discovery calls on

September 30 and October 15, 2024. Despite these numerous requests, Plaintiffs have refused to make available a competent witness with knowledge of enforcement activities prior to the first letter sent to Apex.

5. Plaintiffs provided their initial response to Interrogatory 13 on January 22, 2024, and supplemented their response on July 19, 2024 and October 17, 2024, but each time only with details on enforcement actions *after* the November 2021 Letter.

6. Plaintiffs refused to provide additional supplementation on whether any enforcement actions occurred before that letter.

7. The parties conducted a final conferral over video call on October 18, 2024 where the parties reached an impasse as Plaintiffs' counsel refused any additional response to Interrogatory 13 and refused to provide any witness for additional testimony on Topic 27.

8. Plaintiffs provided their initial response to Interrogatory 13 on January 22, 2024, and supplemented their response on July 19, 2024. On October 17, 2024, Plaintiffs served a second supplemental response to Interrogatory 13.

9. The entirety of Plaintiffs' responses to Interrogatory 13 focus on activity *after* the initial cease-and-desist letter sent by Plaintiffs to Apex (the "November 2021 Letter"). Plaintiffs' responses are all silent regarding activity prior to the November 2021 Letter. Plaintiffs ended their response with the line ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10. Plaintiffs have refused to verify whether they are aware of any enforcement activity prior to the November 2021 Letter.

11. On April 15, 2024 Apex served a notice of deposition on Plaintiffs requesting a 30(b)(6) witness for information regarding, among other topics, Topic 20: "CMT's decisions to enforce or not

enforce rights in the CMT Orange Trade Dress against third parties from 2013 to the present, including, but not limited to, phone calls, letters, oppositions, cancellations, lawsuits, complaints, and any other actions." On May 31, 2024, Apex served an amended notice of deposition where that same language became Topic 27.

12. On June 20, 2024, Plaintiffs designated Mr. Marcello Tommassini to testify on Topic 27.

13. On August 15 and 16, 2024 Apex deposed Mr. Tommassini as a 30(b)(6) witness.

14. During the deposition Apex repeatedly asked Mr. Tommassini about Topic 27, and specifically whether Plaintiffs took any enforcement action against any third-party using color orange on circular saw blades before the November 2021 Letter. Multiple times Mr. Tommassini was asked and pressed about this topic, but he merely replied, ██████████████████████████

15. Despite a number of emails from Apex demanding additional 30(b)(6) testimony on this important issue, Plaintiffs have refused to make available a witness more knowledgeable about such enforcement activity.

16. To the best of Apex's knowledge, individuals at Plaintiffs who made enforcement decisions prior to the November 2021 Letter are still employed in their same positions at Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 30, 2024         /s/ Aaron D. Johnson
                                       Declarant