# EXHIBIT E

| | |
|---|---|
| **From:** | Johnson, Aaron D. |
| **To:** | Colletti, Robert; Jackson, David A. |
| **Cc:** | Haug, Ed; Ward Davis; McCue, Michael; Woller, Joy; Jason M. Sneed; Megan E. Sneed; Basanta, Mark; DeBonis, Caroline; Ruggeri, Malorie; Susan D. Smith; Joshua B. Durham |
| **Subject:** | RE: CMT v. Apex \| Meet and Confer Regarding Deposition Limit and Discovery Matters |
| **Date:** | Thursday, October 17, 2024 6:24:31 PM |
| **Attachments:** | image003.png |
| | image004.jpg |
| | image005.png |
| | image006.png |

**This Message originated outside your organization.**

Dear Rob,

Thank you for the email. We are not available for the call today, but are available tomorrow at 10:00 am Pacific / 1:00 pm Eastern. Please let us know if that works for you and your team.

We confirm that you will be receiving today:
1. Our supplemental response to Interrogatory No. 1;
2. Support files related to the analysis that Messrs. Bublitz and Cunningham put together and was previously produced; and
3. Additional documents relating to the supplement to Interrogatory No. 1 (as Joy previously mentioned, most of the related documents have been previously produced).

You will also be receiving on Friday a final batch of documents relating to the supplement to Interrogatory No. 1.

We can discuss the remaining discovery issues during the Friday call, but can give you the following answers at this time:
1. We're likely to be able to accept the stipulation that you propose, but we will need to obtain client approval and the language will need to be tightened up regarding what "bearing their names" means. We understand your request to be that we stipulate to documents produced by Apex of which Mr. Kropfelder or Mr. Weber were the sender, recipient or author and that we would be reserving objections (e.g. relevance, hearsay, unrelated to the authenticity of the document). Please send us the formal stipulation and we will work to obtain revisions and client approval.
2. The supplement you served to Interrogatory No. 13 is not sufficient for replacing CMT's insufficient 30(b)(6) testimony, as it does not confirm whether CMT is aware of other enforcement actions. Therefore, we will continue to insist on CMT making a 30(b)(6) witness available to testify to its enforcement actions, or a supplemental, verified response that states that CMT is aware of no other enforcement actions other than those mentioned in the responses.
3. We will not be producing any documents regarding our firm's investigation and communications with other third party saw blade manufacturers. Not only are such documents not responsive to any RFP, but they are also protected as work product, as

they involve counsel's investigation of claims and defenses for litigation. Because our firm's litigation file is outside the scope of discovery, no log is required.

4. The document you produced does not contain all the raw data that was in the previously-produced sales data (CMT 12,993). While it contains some of the information, CMT 12993 has the following information that is excluded from CMT14539 - TotalCost (in column AA) and CommissionAmt (in column AD). Please produce an updated version of the file that includes those columns.

We look forward to speaking with you tomorrow. Please let us know if the proposed time is acceptable, or if there is another time that works.

Best regards,
Aaron


**Aaron D. Johnson**
Partner

adjohnson@lewisroca.com
D. 650.687.8426
100 Pine St, Ste 1750
San Francisco, California 94111

We are excited to announce the planned combination of Lewis Roca and Womble Bond Dickinson, effective January 1, 2025.

Click HERE to learn more about the combination.



---

**From:** Colletti, Robert <RColletti@haugpartners.com>
**Sent:** Thursday, October 17, 2024 11:54 AM
**To:** Jackson, David A. <djackson@lewisroca.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline

<CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**CAUTION!** **[EXTERNAL to Lewis Roca]**

Counsel,

We are writing to follow up on our discussions during Tuesday's meet and confer regarding the outstanding fact discovery matters.

First, we are producing the requested sales data underlying CMT0014382, which can be accessed at the following link: https://haugpartners.sharefile.com/d-se6a138215f8040db8077c5f25ea79423.  The password is: H@ugAT102024

Second, attached is Plaintiffs' Fourth Supplemental Response to Defendants' First Set of Interrogatories which has an update to Interrogatory No. 13 concerning CMT's enforcement efforts.   The agreement with Joels Wholesale referenced in the response is attached.

Third, to streamline the remaining fact discovery and avoid continuing the Weber and Kropfelder depositions, we propose the following language for a stipulation: "all emails and attachments produced by Apex after the depositions of Curt Weber and Ryan Kropfelder bearing their names are authentic and genuine copies that were kept in the regular course of business at the time they were created or maintained".   Please confirm that is acceptable language and we will draft a formal stipulation.

We await your production today of i) the support files related to the testing on saw blades that Messrs. Bublitz and Cunningham testified about and ii) an updated response to CMT's Interrogatory No. 1.

We propose that the parties meet for an additional call this evening to further discuss the open fact discovery matters relating to the "Marksmen" depositions and inspection of saw blades.  Please confirm if a 2:30 PM Pacific / 5:30 PM Eastern call works.

Regards,
Rob


Robert E. Colletti
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
rcolletti@haugpartners.com

**From:** Jackson, David A. <djackson@lewisroca.com>
**Sent:** Tuesday, October 15, 2024 12:10 PM
**To:** Colletti, Robert <RColletti@haugpartners.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>; Jackson, David A. <djackson@lewisroca.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**This Message originated outside your organization.**

Rob,

We can do 1:15 PM Pacific / 4:15 PM Eastern if that slight change is acceptable. If so, please circulate a calendar invite.

Thanks,
David

**David A. Jackson**
*Pronouns: He/Him*
**Partner**

djackson@lewisroca.com
D. 602.262.0807



**From:** Colletti, Robert <RColletti@haugpartners.com>
**Sent:** Tuesday, October 15, 2024 5:20 AM
**To:** Jackson, David A. <djackson@lewisroca.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**CAUTION!** **[EXTERNAL to Lewis Roca]**

David,

A call at 1 PM Pacific / 4 PM Eastern works.

Thanks,
Rob

**From:** Jackson, David A. <djackson@lewisroca.com>
**Sent:** Friday, October 11, 2024 4:10 PM
**To:** Colletti, Robert <RColletti@haugpartners.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>; Jackson, David A. <djackson@lewisroca.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**This Message originated outside your organization.**

Dear Rob,

We also want to resolve the issue of your subpoena to Marksmen, which is why we have been trying multiple times, including via email and video call, to get CMT to respond to my email of October 4th, which proposed a resolution of all open discovery issues from both parties. However, despite those multiple requests, CMT has still failed to respond. Given the few remaining weeks of fact discovery, we believe it is in the interests of both parties to resolve any outstanding discovery issues and to reach agreement on the remaining discovery requests from both parties. Discussing each individual discovery issue piecemeal will only serve to waste the parties' and likely the court's time. In support of this, we note that today your colleague Mark Basanta sent us a separate email on yet another individual discovery topic covered by my October 4th email. All of these issues could be better addressed by the parties at a single time. At a minimum, for us to fairly respond to your request to take a deposition beyond the permissible limit of ten, and to assess the burden and cost to Apex, we need to understand whether the Marksmen deposition is the only deposition being requested or whether you intend to pursue the at least half a dozen other depositions you have demanded.

To that end, we request that you provide us with a response to my October 4th email by the end

of the day today, including whether CMT accepts our discovery proposal or has a counter proposal, and we will then be available for a conference call to discuss both parties' proposals on Monday, October 14 at 1:00 pm Pacific time. We note that this is a federal holiday, and if you are out of the office then we are also available on Tuesday, October 15 at the same time.

We also strongly object to the various mischaracterizations you made of Apex's behavior during this case:
- First, the Marksmen report was not produced late. It is not responsive to any document request for which Apex agreed to produce documents, and it was produced timely and well before the end of discovery. Even still, CMT has been well aware of Apex's position that the large number of third party saw blades in the marketplace significantly weaken any rights CMT might have, if they exist at all, in the use of a color similar to orange on saw blades. *See, e.g.,* Apex's Counterclaims ¶ 51 (ECF No. 42). The fact that Apex might investigate the availability of third party saw blades mentioned in Apex's Answer and Counterclaims filed nine months ago in January is not prejudicial to CMT.
- Second, there was no need for Apex's 30(b)(6) witness to be prepared to discuss the Marksmen report, as none of the 30(b)(6) topics covered Apex's counsel's purchasing of third party saw blades.
- And third, it is CMT which has been the bad actor during discovery, producing a number of important documents the Friday evening before the Monday when depositions of CMT's witnesses were to begin, refusing to produce documents responsive to Apex's second set of RFPs, and still having a deficient production of documents responsive to the Court's August 9th order partially granting Apex's Motion to Compel.

And on the issue of the Marksmen deposition in particular, we note that CMT being over the limit of 10 fact witness depositions is not an arbitrary number that Apex created. Both the Federal Rules (Rule 30(a)(2)(A)(i)) and the Court's own Pretrial Order and Case Management Plan (ECF. No. 68) set a limit of 10 fact depositions, and prohibit additional depositions without court order or stipulation. And it was CMT's own decisions that led it to reach that limit. Nothing produced by Apex required CMT to take the deposition of the CEO of CMT's own distributor, Matt King, the deposition of the third party Evolution, or the deposition of the third party Century. CMT could have crossed examined Evolution and Century, but instead it insisted on issuing its own subpoenas and setting new deposition dates, a request that Apex accommodated.

Nonetheless, in the interest of an amicable resolution, Apex is willing to agree to CMT's deposition of Marksmen in excess of the 10 deposition limit, if CMT will agree:
- To produce, no later than Friday, October 18, the underlying data used to create the sales summary in document CMT 14382 (the same data such as units, costs, commissions, etc. as in CMT 12993);
- To withdraw the deposition notice for Jim Roberts and agree to not attempt to depose him regardless of court order; and
- Agree to either produce, in the next two weeks in a location in the United States, a 30(b)(6)

witness to testify on all CMT enforcement activity in the United States related to the color orange on saw blades prior to the C&D letters sent to Apex, or to issue and verify an interrogatory answer stating there was none.
- To confirm that no other depositions are being requested, other than what was set forth to discuss further in my October 4 email.

Please let us know if that is agreeable to CMT, if CMT will be responding to my October 4 email with its own proposed discovery plan, and if the October 14 or 15 times for a call work for CMT.

Thanks,
David

**David A. Jackson**
*Pronouns: He/Him*
Partner

djackson@lewisroca.com
D. 602.262.0807



---

**From:** Colletti, Robert <RColletti@haugpartners.com>
**Sent:** Friday, October 11, 2024 7:36 AM
**To:** Jackson, David A. <djackson@lewisroca.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**CAUTION!** **[EXTERNAL to Lewis Roca]**

Dear David,

I would like to schedule a call today to discuss, at a minimum, Apex's objection to a deposition of Marksmen. With limited time left in fact discovery, a direct conversation (rather than continued posturing via correspondence) will be far more effective in resolving the outstanding issues.

As for the Marksmen Report, we must meet and confer today if Apex intends to maintain its objection and prevent the deposition of a witness on behalf of Marksmen. The deposition is scheduled for Friday, October 25.

As to CMT's rationale for proceeding with the Marksmen deposition, as you know and as previously discussed, Apex produced the 225-page Marksmen Investigative Report (dated July 30, 2024) on September 20, 2024 despite having commissioned the report as early as June 20, 2024.  This last-minute production at the close of fact discovery left us with insufficient time to analyze and notice the appropriate witnesses for deposition.  Furthermore, Apex recently informed us that they may use the Marksmen report during expert discovery.  Under these circumstances, Apex's attempt to block the deposition is untenable.

Apex stance on deposition limits and its delay in producing the Marksmen report can only be described as litigation by ambush tactics, which are prejudicial to CMT.   Apex intentionally withheld a critical report it intends to rely on, effectively ensuring that CMT's depositions were taken without the benefit of this key document.  For example, Apex's Rule 30(b)(6) witness, deposed on September 24, was not familiar with the document, was not prepared to discuss it, and did not know that Lewis Roca commissioned it.   These tactics have severely compromised CMT's ability to fully prepare its case and undermine procedural fairness.

It is also worth noting that Apex's initial disclosures and interrogatory responses identified seven Apex witnesses with knowledge.  Plus, it was Apex that sought the Evolution and Century depositions that you appear to count against CMT because we issued counterbalancing subpoenas to ensure that those parties, or Apex, could not prevent questioning beyond the scope of direct examination.

Please confirm whether Apex is willing to reconsider its position on the Marksmen deposition.  If not, we will proceed with filing a motion and seeking the Court's assistance in this matter.

Regards,
Rob


Robert E. Colletti
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
rcolletti@haugpartners.com


**From:** Jackson, David A. <djackson@lewisroca.com>
**Sent:** Thursday, October 10, 2024 6:44 PM
**To:** Colletti, Robert <RColletti@haugpartners.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed

<MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>; Joshua B. Durham <jdurham@belldavispitt.com>; Jackson, David A. <djackson@lewisroca.com>
**Subject:** RE: CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**This Message originated outside your organization.**

Dear Rob,

These issues, among others, were addressed in our October 4 email to you, which you have ignored despite our repeated requests for a response. Please respond to that email in full, and then we can set up a time to discuss all open issues. With respect to the Marksmen subpoena specifically, you will be receiving our objections under Rule 45 and we can confer after you have reviewed them. What is CMT's rationale for proceeding with the depositions beyond those permitted by the Scheduling Order?

Thanks,
David

**David A. Jackson**
*Pronouns: He/Him*
Partner

djackson@lewisroca.com
D. 602.262.0807



**From:** Colletti, Robert <RColletti@haugpartners.com>
**Sent:** Thursday, October 10, 2024 1:20 PM
**To:** Jackson, David A. <djackson@lewisroca.com>; Joshua B. Durham <jdurham@belldavispitt.com>
**Cc:** Haug, Ed <EHaug@haugpartners.com>; Ward Davis <ward.davis@belldavispitt.com>; McCue, Michael <MMcCue@lewisroca.com>; Johnson, Aaron D. <ADJohnson@lewisroca.com>; Woller, Joy <jwoller@lewisroca.com>; Jason M. Sneed <jsneed@sneedlegal.com>; Megan E. Sneed <MSneed@sneedlegal.com>; Basanta, Mark <MBasanta@haugpartners.com>; DeBonis, Caroline <CDeBonis@haugpartners.com>; Ruggeri, Malorie <mruggeri@haugpartners.com>; Susan D. Smith <ssmith@belldavispitt.com>
**Subject:** CMT v. Apex | Meet and Confer Regarding Deposition Limit and Discovery Matters

**CAUTION! [EXTERNAL to Lewis Roca]**

Dear David,

We intend to proceed with the subpoenaed deposition of Marksmen Brand Protection on Friday, October 25. If Apex objects based on the deposition limit, please let us know your availability for a meet and confer tomorrow.

Additionally, we would like to confirm that i) Apex will update its response to Interrogatory No. 1 by tomorrow and ii) will produce its communications with Marksmen.

Finally, the Evolution document bearing production numbers EPT 112 - 113 indicates that your firm contacted various saw blade manufacturers with regard to this case. Those documents were requested and should be produced.

Thanks and regards,
Rob

Robert E. Colletti
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
rcolletti@haugpartners.com

This email originates from Haug Partners LLP. It is intended only for the addressee(s) named herein, and may contain confidential and/or legally privileged information. The dissemination, distribution, or copying of this email by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you received this message in error, please promptly notify us at firm@haugpartners.com or (212) 588-0800.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.