# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-137-RJC-DCK

| | |
|---|---|
| **CMT USA, INC.** and **CMT UTENSILI S.P.A.,** | )<br>)<br>) |
| Plaintiffs, | ) **ORDER**<br>) |
| v. | )<br>) |
| **APEX TOOL GROUP LLC** and **APEX BRANDS, INC.,** | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Seal October 30, 2024 Motion To Compel…" (Document No. 118) filed October 31, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1   SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)**   *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**   *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1. It appears that the requirements of LCvR 6.1(c)(1) through (4) have been addressed.

By the instant motion, Defendants seek to seal their entire "...Memorandum In Support Of Defendants' Motion To Compel... (Document No. 111) and Exhibits A, B, and C (Document Nos. 111-1, 111-2, and 111-3). (Document No. 118). Defendants contend that "[t]here is no alternative to sealing," but provide no explanation for why these document cannot be redacted. Id.

Having considered the factors provided in LCvR 6.1(c), and Defendants' consent, the Court will grant the motion to seal. However, the undersigned respectfully disagrees that there is no alternative to sealing. It appears that all these documents could be redacted, and therefore, the Court will direct that publicly available redacted versions be promptly filed.

Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Seal October 30, 2024

2

Case 3:24-cv-00137-RJC-DCK   Document 121   Filed 11/01/24   Page 2 of 3

Motion To Compel..." (Document No. 118) is **GRANTED**. Document Nos. 111, 111-1, 111-2, and 111-3 shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Defendants' counsel, following consultation with Plaintiffs' counsel, shall file publicly available redacted versions of sealed Document Nos. 111, 111-1, 111-2, and 111-3, on or before **November 8, 2024**. Redactions should be applied only as necessary.

**SO ORDERED**.

Signed: November 1, 2024

_____
David C. Keesler
United States Magistrate Judge