**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-CV-00137-RJC-DCK**

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A., | |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL (Dkt. 110)** |
| APEX TOOL GROUP LLC and APEX BRANDS, INC. | |
| Defendants. | |

Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "Plaintiffs or "CMT")
hereby oppose the motion to compel filed by Defendants Apex Tool Group LLC and Apex Brands,
Inc. (collectively, "Defendants" or "Apex"), seeking a fifth supplemental response to Apex's
Interrogatory 13 or to recall CMT's Rule 30(b)(6) witness to reiterate testimony related to CMT's
trademark enforcement efforts (Dkt. 110).

## I.      Introduction

The Court should deny Apex's motion because CMT has already provided the requested
information, both in detailed deposition testimony and through a comprehensive supplemental
interrogatory response. Apex initially agreed to accept this supplemental response instead of a
further Rule 30(b)(6) deposition. (Exhibit A). Now, without basis, Apex speculates that CMT's
interrogatory response is somehow defective.

Following Apex's Rule 30(b)(6) notice, CMT presented as witnesses several high-ranking
executives from Italy, who traveled to North Carolina for their depositions. Collectively, they
provided about twenty hours of Rule 30(b)(6) testimony over four days covering 48 topics.

Afterward, Apex alleged a deficiency with CMT's testimony on 1 of the 48 noticed deposition topics (i.e., Topic 27). While CMT disagreed with Apex's alleged deficiency, CMT noted that even though Marcello Tommassini was designated for Topic 27, Apex elicited extensive testimony from Lucia Spallacci regarding that same topic. Because Ms. Spallacci (who is CMT's International Trademark Manager) is also a knowledgeable witness, CMT offered to designate as Rule 30(b)(6) testimony the portions of her testimony that are responsive to Topic 27 (totaling about 87 pages). Apex refused this designation and instead insisted on recalling a witness from Italy to "a location in the United States" or "to issue and verify an interrogatory answer" on the topic. (Exhibit B). After continued discussion, CMT offered to update Interrogatory 13, which covers similar subject matter as Topic 27. (Exhibit A). Apex agreed to forgo further Rule 30(b)(6) testimony in favor of an update to Interrogatory 13. (Exhibit A; Exhibit C).

Despite CMT updating Interrogatory 13 in accordance with Rules 33(b)(3) and 26(e), Apex renewed its alleged deficiency and now seeks two alternative forms of relief: an additional Rule 30(b)(6) deposition or a supplemental response to Interrogatory 13 that "states that Plaintiffs are not aware of any other enforcement activity." (Dkt. 111 at 2). But Apex already decided to forgo an additional deposition and already has a complete response to Interrogatory 13. CMT respectfully requests that the Court deny Apex's motion in full.

## II.   Apex Agreed to Accept an Updated Interrogatory 13 Answer in Lieu of a Continued 30(b)(6) Deposition.

Apex agreed to forgo a continued Rule 30(b)(6) deposition if CMT provided a supplemental response to Interrogatory 13 (Exhibit A), which CMT did in accordance with Federal Rule of Civil Procedure 33(b)(3), requiring that an interrogatory "be answered separately and fully in writing under oath."   Rule 26(e)(2) further requires that a party supplement or update its response to an interrogatory if the party learns of new or additional information during the

discovery process. CMT has complied with (and continues to comply with) both rules.

Interrogatory 13 states:

> Identify <u>all</u> of CMT's enforcement of its claimed rights in the color
> orange as used on saw blades in the United States.

(Dkt. 111-2 at 2 (emphasis added)). CMT responded by identifying all of its enforcement actions related to orange-colored circular woodworking saw blades in detail. In its responses to Interrogatory 13, CMT detailed enforcement activities with various sellers, distributors, and manufacturers; and, pursuant to Rule 33(d), CMT specified documents relevant to these enforcement activities. (Dkt. 111-2 at 2-4). CMT also produced a considerable number of documents pertaining to, among other things, takedown requests submitted to certain e-commerce websites. CMT has "fully" answered Interrogatory 13 in accordance with Rule 33. Apex's argument to the contrary is baseless conjecture. (Dkt. 111 at 7). Apex's demand that CMT state that it is "not aware of any other enforcement activity" is unnecessary and not required by any rule. (Dkt. 111 at 2).

Notably, Apex itself, in supplementing its response to CMT's Interrogatory 1 on October 17, 2024, identified specific persons and relevant documents under Rule 33(d) without any statement disavowing knowledge of further individuals. (Exhibit D). In particular, Apex did not state that it is "not aware of any other" person involved in creating the ornamental features of the Accused Blades and the Rules do not obligate it to. *See* Fed. R. Civ. P. 33(b)(3).

Moreover, because CMT is still continuously enforcing its trademark rights, it will likely need to continue to update its response to Interrogatory 13. As such, CMT ended each response to Interrogatory 13 by "reserv[ing] the right to supplement its response to this interrogatory." (Dkt. 111-2 at 4). Such language is standard and merely reflects a party's obligation under the Rules to update its discovery responses. *See* Fed. R. Civ. P. 26(e). In fact, Apex also "reserve[d] the right

to supplement and otherwise modify [its interrogatory] responses at any time in accordance with Rule 26(e)." (Exhibit D). Apex's suggestion that CMT's reservation of rights indicates a deficiency in its response is unfounded. (Dkt. 111 at 7).

Because CMT has complied with the requirements of Rule 33(b) and Rule 26(e) and already provided Apex with a full response to Interrogatory 13, the Court should deny Apex's motion.

### III. Ms. Spallacci's Prior Testimony Addresses Trademark Enforcement Efforts.

Apex's demand for a continued Rule 30(b)(6) deposition on Topic 27 is unwarranted because Ms. Spallacci's prior testimony comprehensively addressed CMT's enforcement activities, covering CMT's cease and desist letters, takedown requests, and actions against manufacturers and distributors of orange-colored sawblades.

Rule 26(b)(2)(C)(i) permits this Court to limit discovery that is "unreasonably cumulative or duplicative." In accordance with this Rule, a corporation may satisfy its Rule 30(b)(6) obligation by offering to be bound by prior deposition testimony regarding a noticed Rule 30(b)(6) topic. *See In re C.R. Bard, Inc.*, No. 2:10-cv-01224, 2013 U.S. Dist. LEXIS 75003, at *11 (S.D.W. Va. Apr. 22, 2013); *see also Novartis Pharms. Corp. v. Abbott Laby's*, 230 F.R.D. 159, 163 (D.D.C. Oct. 11, 2001).

In *In re C.R. Bard, Inc.*, in reaching its decision, the court considered the "burdensome" and "expensive" nature of depositions as well as the fact that the information sought by Plaintiffs will be "cumulative or duplicative" of prior testimony or massive document productions. 2013 U.S. Dist. LEXIS 75003, at *11. Likewise, in *Novartis Pharms. Corp. v. Abbott Laboratories*, the court concluded that because the already-deposed fact witness was "the most knowledgeable witness in the subject area and would have been the designee for a 30(b)(6) deposition," an additional deposition of the witness would be cumulative to the "over eighty pages of testimony"

already procured. *Novartis*, 230 F.R.D. at 163. In both cases, the courts found that the party from whom a new Rule 30(b)(6) deposition was sought was "entitled to limit the repetitiveness of the testimony," despite the objections of the opposing parties. 2013 U.S. Dist. LEXIS 75003, at *11; *see Novartis*, 230 F.R.D. at 163. Subsequently, the courts allowed the parties to designate prior testimony in lieu of new Rule 30(b)(6) depositions. 2013 U.S. Dist. LEXIS 75003, at *11; *see Novartis*, 230 F.R.D. at 163.

Here, Topic 27 seeks testimony regarding:

> CMT's decisions to enforce or not enforce rights in the CMT Orange Trade Dress against third parties from 2013 through the present, including, but not limited to phone calls, letters, oppositions, cancellations, lawsuits, complaints, and any other actions.

(Exhibit E). Ms. Spallacci already gave extensive testimony, about 87 pages in total, about CMT's enforcement activities.[1] Ms. Spallacci first testified to CMT's general process when conducting enforcement activities, such as sending cease and desist letters and submitting takedown requests on various e-commerce websites. (Exhibit F at 36:16-38:20; Exhibit G at 11:23-18:11). Ms. Spallacci also testified to numerous enforcement activities with various individual sellers, distributors, and manufacturers of orange-colored circular woodworking saw blades. (Exhibit F at 61:21-71:13, 85:14-86:6, 102:14-129:19, 138:22-161:3; Exhibit G at 11:23-34:6). While discussing a variety of allegedly orange-colored saw blades and CMT's enforcement activities, Ms. Spallacci was asked if "there are any other [circular saw blades that contain the color orange] that CMT is aware of," Ms. Spallacci answered: "As far as I know, up to today, no." (Exhibit F at 71:7-13). Enforcement activity, of course, would require CMT to be aware of, among other things, other circular saw blades that contain the color orange.

---

[1] Ms. Spallacci provided this testimony as a Rule 30(b)(6) witness on another topic (Topic 29), concerning communications between CMT and customers/retailers regarding orange-colored saw blades. (Exhibit E).

Like the courts *In re C.R. Bard, Inc.* and *Novartis* found that because any new testimony elicited through a Rule 30(b)(6) deposition would be duplicative of prior testimony or document production, the Court here should similarly find that any testimony given in an additional Rule 30(b)(6) deposition will only be rehashing Ms. Spallacci's testimony and CMT's document production. 2013 U.S. Dist. LEXIS 75003, at *11; *Novartis*, 230 F.R.D. at 163. Especially when, as the court in *Novartis* concluded, Ms. Spallacci would be among "the most knowledgeable witness in the subject area," and she already testified to the fact that she had no knowledge of any other "circular saw blades that contain the color orange" other than those discussed during her deposition. (Exhibit F at 71:7-13); *Novartis*, 230 F.R.D. at 163.

The cost of bringing a CMT witness to the U.S. from Italy, hiring a translator, and other deposition costs, far outweigh the value of the testimony Apex seeks, especially because Ms. Spallacci already testified extensively. Ms. Spallacci serves as CMT's International Trademark Manager and is highly knowledgeable of CMT's trademark enforcement activities. (Exhibit C). Accordingly, if the Court does not deny Apex's motion outright for the reasons set forth Section II, it should permit CMT to designate Ms. Spallacci's testimony as Rule 30(b)(6) testimony, precisely as CMT already offered to do (which would have avoided Apex's motion entirely).

## IV. Conclusion

For the reasons set forth above, CMT respectfully requests that the Court deny Apex's motion in full and award CMT its reasonable expenses, including attorneys' fees, under Rule 37(a)(5)(B). Apex also seeks attorneys' fees for bringing this motion (Dkt. 111 at 8-9). Even if the Court grants Apex's motion, it should not award fees given CMT's good faith efforts to resolve the dispute without court intervention. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Morley v. Energy Serv. of Am. Corp.*, No. 2:22-cv-00375, 2023 U.S. Dist. LEXIS 149197, at *6 (S.D.W. Va. Aug. 24, 2023) (denying fees where there is a legitimate dispute); *Liu v. Eaton Corp.*, No. 5:20-CV-255-FL,

2022 U.S. Dist. LEXIS 7055, at *4 (E.D.N.C. Jan. 13, 2022) (denying fees where plaintiff responded to each correspondence by defendant, filed a response to defendant's motion to compel, and appeared in person at the hearing on the motion to compel).

Respectfully submitted, this the 13th day of November, 2024.

/s/ *Robert E. Colletti*

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (admitted *pro hac vice*)
Robert E. Colletti (admitted *pro hac vice*)
Mark Basanta (admitted *pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mbasanta@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## <u>CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE</u>

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this 13th of November, 2024 in New York, NY.


*/s/ Robert E. Colletti*
Robert E. Colletti (admitted *pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed the foregoing Plaintiffs'

Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Plaintiffs to

Provide A Competent 30(b)(6) Witness or Supplemental Answer to Interrogatory 13 for

Information Relating to Enforcement Activity with the Clerk of Court using the CM/ECF System.

Service of same on any counsel of record will be accomplished through the Court's electronic

filing system in accordance with F.R.C.P. 5(b)(2)(E).


/s/ *Joshua B. Durham*