UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A.,<br><br>Plaintiffs,<br><br>v.<br><br>Apex Tool Group LLC and Apex Brands, Inc.,<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS TO PROVIDE A COMPETENT 30(b)(6) WITNESS OR SUPPLEMENTAL ANSWER TO INTERROGATORY 13 FOR INFORMATION RELATING TO ENFORCEMENT ACTIVITY** |

Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") hereby submit this Reply in support of their Motion to Compel ("Motion") Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "Plaintiffs") to remedy the deficiencies in Plaintiffs' refusal to produce a 30(b)(6) witness competent to testify on Topic 27 in the notice of deposition of Plaintiffs ("Topic 27") or in the alternative provide a sufficient supplement to Interrogatory No. 13 ("Interrogatory 13"), in order to provide Apex with the discovery it is entitled to under the Federal Rules.

The most striking aspect of Plaintiffs' Response to the Motion (ECF No. 127, the "Response") was what it was missing:

- It did not attempt to refute that prior enforcement activity is important.
- It did not attempt to refute that questions about prior enforcement activity are discoverable.
- It did not attempt to refute that questions about prior enforcement activity fell under Topic 27.
- It did not attempt to refute that Plaintiffs' designee for Topic 27 was unable to answer questions about prior enforcement activity.

Instead, the Response focused on arguing that Apex should be satisfied with an incomplete interrogatory response that does not address the questions Apex is seeking, or alternatively, have the testimony of witness Lucia Spallacci be post-designated for Topic 27—an individual who was not designated for Topic 27, did not answer questions about prior enforcement activity, and for whom

Plaintiffs' counsel *specifically objected* to speaking on trademark enforcement issues.

Both of those alternatives are inadequate and are frustrating, given the importance of the topic and the flexibility Apex has shown in offering Plaintiffs multiple ways to remedy Plaintiffs' failure to have a witness prepared on Topic 27. Accordingly, the Court should grant Apex's Motion and require that Plaintiffs either make available a 30(b)(6) witness at a location in the United States who can testify on Plaintiffs' enforcement efforts, if any, that occurred prior to the November 2021 Letter, or supplement Interrogatory 13 with information responsive to Plaintiffs' enforcement activity prior to the November 2021 Letter and a statement that Plaintiffs are not aware of any other enforcement activity.

I. ARGUMENT

    A. **Plaintiffs do not contest the relevancy or importance of Plaintiffs' enforcement activities prior to the November 2021 Letter, nor Topic 27.**

It is important to note that Plaintiffs do not contest the relevancy or importance of Plaintiffs' enforcement activities prior to the first letter they sent to Apex (the "November 2021 Letter"), and nor could they. As explained in the initial Motion, such enforcement activities are highly important to the strength of a trademark. Plaintiffs also do not contest the relevancy or importance of Topic 27, and nor could they. As explained in the initial Motion, Topic 27 (which touched on Plaintiffs' enforcement activity, including Plaintiffs' enforcement activity prior to the November 2021 Letter) was an appropriate, relevant, and important topic for Plaintiffs' 30(b)(6) deposition, for which Apex is entitled to testimony from Plaintiffs.

    B. **Plaintiffs did not contest that their designated witness for Topic 27 was unable to answer questions about prior enforcement activity and provided no justification or support for their failure to answer questions relating to Topic 27.**

Plaintiffs also do not contest that Mr. Tommassini, the witness Plaintiffs designated to testify on Topic 27, was unable to answer questions about Plaintiffs' enforcement activity prior to the November 2021 Letter. And nor could they, as the initial Motion explains in detail the specific non-responsive answers Mr. Tommassini gave, which qualifies as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4); *Berwind Prop. Grp. Inc. v. Envtl. Mgmt. Grp.,* 233 F.R.D. 62, 65 (D. Mass. 2005). Plaintiffs

do not, and could not, claim that those statements were never made, nor that Mr. Tommassini at some point provided answers on the questions about enforcement activity prior to the November 2021 Letter (because he never did.)

Plaintiffs' sole comment on this failure is to claim that "CMT disagreed with Apex's alleged deficiencies . . ." [Response, p. 2], but no explanation is given as to why they disagreed, or how being unable to answer questions about prior enforcement activity would not be a deficiency.

Plaintiffs' failure to justify its failure to answer questions about enforcement activity prior to the November 2021 Letter, by itself supports this Court granting Apex's Motion to Compel. *See Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.") (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); and Fed. R. Civ. P. 37(a)(1).

      **C.    Ms. Spallacci's testimony does not sufficiently address Plaintiffs' prior enforcement activities.**

Plaintiffs' claim that Ms. Spallacci's testimony "comprehensively addressed" the deficiencies in Plaintiffs' 30(b)(6) testimony is false. At issue here are specific questions regarding what enforcement activity, if any, Plaintiffs engaged in prior to the November 2021 Letter. Ms. Spallacci did not provide any testimony on that subject, and none of the quotes in the Response claim that Ms. Spallacci testified on that. Indeed, Ms. Spallacci was never even asked about such enforcement activity *because she was not the designated witness for that topic*. **Exhibit A**, Declaration of Aaron D. Johnson ("Johnson Decl."), ¶ 3.

All of Ms. Spallacci's testimony quoted by the Response is for enforcement activity that occurred after Plaintiffs sent the initial November 2021 Letter to Apex. While that is also relevant, it does not take the place of questions about enforcement activity **prior** to the November 2021 Letter. And Plaintiffs' counsel expressly objected during Ms. Spallacci's deposition to questions relating to enforcement as outside the scope of Ms. Spallacci's designated topics. *See* **Exhibit B**, 30(b)(6) Deposition of Lucia Spallacci ("Spallacci Depo.") at 66:14–66:18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiffs' change of heart and their demand that Apex accept irrelevant testimony rather than the discovery it is entitled to under the Federal Rules is not supported by the facts or law cited by Plaintiffs. Instead, even a cursory review of the questions that Mr. Tommassini was asked—and failed to answer—makes it clear that Ms. Spallacci's testimony cannot substitute for the deficient testimony. Mr. Tommassini was asked a number of questions relating to Plaintiffs' enforcement activity prior to the November 2021 Letter. Mr. Tommassini's inability to answer these questions necessarily precluded follow-up questions that Apex would have asked, such as *why* Plaintiffs have apparently not enforced their purported trade dress prior to its interactions with Apex and confirmation that there was no other enforcement activity other than what was described. As such, even a sufficient answer to these questions would only represent the bare minimum that Apex would have asked and is entitled to under the Federal Rules. While Ms. Spallacci did mention some items that related to enforcement, she was never asked, and therefore never responded to, the questions at issue here.

Plaintiffs cite to two cases to try and support their claim that Ms. Spallacci's testimony should be used, but both cases are inapposite. In *Novartis Pharms. Corp. v. Abbott Laby*, the court denied a motion to compel additional 30(b)(6) testimony only where "another deposition of Dr. Norton would be cumulative to the testimony already procured." *Novartis Pharms. Corp. v. Abbott Lab'ys*, 203 F.R.D. 159, 163 (D. Del. 2001). In that case, the testimony was duplicative because the sought-after deponent "had already given detailed and lengthy testimony on the very subject of the notice." *See* Defendant Abbott's Opposition Brief Re Novartis's Motion to Compel Discovery, *Novartis Pharms. Corp. v. Abbott Lab'ys*, No. 00–784–JJF, 2011 WL 7414484 (D. Del. 2011). In contrast, here Apex seeking answers to questions that <u>nobody</u> from Plaintiffs has testified on (namely, the enforcement activity, if any, that Plaintiffs engaged in prior to the November 2021 Letter). Ms. Spallacci never testified on those questions and was never asked those questions. As explained above, when Apex attempted to ask even similar questions of Ms. Spallacci, Plaintiffs' counsel objected.

An in *In re C.R. Bard, Inc.*, the court only permitted a party to designate previous testimony for subjects that were "already the subject of extensive testimony." *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2013 WL 1722998, at *3 (S.D.W. Va. Apr. 22, 2013). If a witness "did not

126690499.5 - 4 - DEFENDANTS' REPLY ISO MOTION TO COMPEL 3:24-CV-00137-RJC-DCK

Case 3:24-cv-00137-RJC-DCK   Document 130   Filed 11/20/24   Page 4 of 10

provide testimony reflecting [the party's] corporate knowledge and opinions, or did not supply complete testimony," then the court permitted additional 30(b)(6) testimony. *Id.* Here, as extensively explained above and in the initial Motion, nobody from Plaintiffs has testified regarding enforcement activity prior to the November 2021 Letter. The one witness who was designated to testify on this subject, Mr. Tommassini, was unable to answer the questions. Therefore, the *In re C.R. Bard* decision actually supports Apex's request for the Motion to be granted.

**D. Plaintiffs' proposed inference of non-enforcement does not cure their discovery failures.**

Undoubtedly realizing the weakness of their position, Plaintiffs pivot to the argument that Apex should be willing to accept an invalid and false "inference" of non-enforcement. They claim that Ms. Spallacci's testimony regarding Plaintiffs' current belief of whether of any orange-colored saw blades besides three specific examples exist and examples of current enforcement activity should substitute for questions about whether any enforcement activity happened during the highly relevant period before the November 2021 Letter was sent. That argument is invalid because the inference simply does not follow.

Plaintiffs cannot force Apex to accept an invalid inference of non-enforcement, itself in contradiction of *other* testimony, all in lieu of proper testimony on deposition topics that were timely and properly served. Accordingly, Apex is entitled to 30(b)(6) deposition testimony on the question of enforcement activity prior to the November 2021 Letter.

**E. Any purported burden caused by additional 30(b)(6) testimony on Topic 27 is entirely caused by Plaintiffs.**

Plaintiffs complain that the cost of bringing a witness to the United States from Italy, hiring a translator, and other deposition costs, "far outweigh the value of the testimony Apex seeks, especially because Ms. Spallacci has already testified." Response, p. 6. But that argument is a red herring. Apex has never demanded that Plaintiffs fly over a witness from Italy—only that Plaintiffs make available a witness who can competently testify on all the enforcement activity, if any, Plaintiffs engaged in for their alleged trademark prior to the November 2021 Letter.

This is a small subset of the Topic 27 items on which Plaintiffs were required to educate and prepare Mr. Tommassini, and had Mr. Tommassini been able to sufficiently testify on that topic during

his 30(b)(6) deposition Plaintiffs would not need to make another witness available. There is also no requirement that the witness be from Italy, as Plaintiffs have a number of employees in the United States who could be educated on the topic and provide testimony.

And the testimony Apex seeks is of the utmost importance— a failure to police a mark or enforce trademark rights can constitute abandonment or genericism, which if true, would invalidate Plaintiffs' entire case. As shown above, Ms. Spallacci in no way testified as to Plaintiffs' enforcement activity prior to the November 2021 Letter, much less "comprehensively addressed" it. Plaintiffs caused this additional burden and therefore must shoulder it as well. Plaintiffs should not be permitted to have their cake and eat it too.

Moreover, if Plaintiffs do wish to designate Ms. Spallacci as their witness for this additional testimony, the burden might be small. As noted by Mr. Tommassini himself in response to a warning that Ms. Spallacci might have to return for another deposition if she did not provide an appropriate or sufficient answer, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Spallacci Depo. at 84:17–23.

### F. Apex *conditionally* agreed to a supplemental interrogatory as an alternative to a further deposition—but Plaintiffs refused.

Plaintiffs' failure to adequately prepare for and answer questions relating to Plaintiffs' enforcement activity prior to the November 2021 Letter plainly provides Apex the right to another 30(b)(6) deposition covering that topic. Nevertheless, Apex made a good faith offer to Plaintiffs in an attempt to reduce costs and help relieve Plaintiffs of the "burden" they caused themselves. Apex offered to forgo the additional deposition testimony if Plaintiffs would supplement Interrogatory No. 13 with a verified response containing the information Apex should have received during Mr. Tommassini's 30(b)(6) deposition, namely: (a) list of all enforcement activity prior to the November 2021 Letter, and (b) a statement that Plaintiffs are not aware of any other enforcement activity. Johnson Decl., ¶ 4.

But Plaintiffs never agreed to Apex's proposal, and Plaintiffs never served a supplemental answer that contained the information Apex requested. *Id.*, ¶ 5. Instead, Plaintiffs served a supplemental answer to Interrogatory No. 13 that continued to avoid the ultimate question at issue here—whether Plaintiffs conducted any enforcement activity prior to the November 2021 Letter. *Id.*,

¶ 6. The entirety of Plaintiffs' response focused on activity *after* the November 2021 Letter; its responses are all silent regarding activity prior to the November 2021 Letter. *Id.*

Plaintiffs are apparently under the impression that Apex agreed to forgo the testimony it is deserved in return for Plaintiffs merely fulfilling their basic obligations under Rule 33. But this is not the case—Apex's offer made clear that Apex offered to forgo the additional deposition testimony <u>only if</u> the supplemental response answered the questions about prior enforcement activity that Mr. Tommassini was unable to answer. *Id.*, ¶ 4. As Plaintiffs themselves admit in the Response, Plaintiffs have refused to do so. *Id.,* ¶ 5.

## II. CONCLUSION

Plaintiffs' Response was unable to refute that prior enforcement activity is important in this case, that questions about such prior enforcement activity are discoverable, that prior enforcement activity fell under Topic 27, and that Plaintiffs' designee for Topic 27 was unable to answer questions about prior enforcement activity. As a result, it cannot be denied that Apex is entitled to answers on the questions it asked about Plaintiffs prior enforcement activity, or lack thereof—questions that Plaintiffs designee was unable to answer.

It also cannot be denied that Plaintiffs' proposals in the Response are unacceptable—that Apex accept in return for the unprepared witness the testimony of a witness who was not even asked the questions at issue, or a supplemental interrogatory response that doesn't mention enforcement activity prior to the November 2021 Letter and refuses to state whether Plaintiffs are aware of additional enforcement activity.

Accordingly, the Court should grant Apex's Motion and require that Plaintiffs either make available a 30(b)(6) witness at a location in the United States who can testify on Plaintiffs' enforcement efforts, if any, that occurred prior to the November 2021 Letter, or supplement Interrogatory 13 with a description of all of Plaintiffs' enforcement activity prior to the November 2021 Letter and a statement that Plaintiffs are not aware of any other enforcement activity.

The Court should also grant Apex its reasonable costs and fees for having to file this Motion.

Dated: November 20, 2024  LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Aaron D. Johnson
Michael McCue
Aaron D. Johnson
David Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA  94111
Telephone:   650.391.1380
Facsimile:   650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

428 South Main Street, Suite B-175
Davidson, NC  28036
Tel:  844-763-3347

*Attorneys for Defendants*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed November 20, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Aaron D. Johnson*
Michael McCue
Aaron D. Johnson
David A. Jackson
MMcCue@lewisroca.com
ADJohnson@lewisroca.com
DJackson@lewisroca.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380
Facsimile: 650.391.1395

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com

428 South Main Street, Suite B-175
Davidson, NC 28036
Tel: 844-763-3347
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024, I electronically filed the foregoing Defendants' Reply in Support of Defendants' Motion to Compel Plaintiffs to Provide a Competent 30(B)(6) Witness or Supplement Answer to Interrogatory 13 with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

/s/ Aaron D. Johnson