UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC and APEX BRANDS, INC. <br><br> Defendants. | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS TO PRODUCE THIRD-PARTY COMMUNICATIONS** |

Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively "Plaintiffs" or "CMT") submit this Reply Memorandum in Support of their Motion to Compel Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively "Defendants" or "Apex") to produce third-party communications.

I.  Introduction

Apex and its counsel, Lewis Roca Rothgerber Christe LLP ("Lewis Roca"), dismiss CMT's motion as "a waste of the Court's time." (ECF No. 127 at 1). CMT agrees that this motion should not have been necessary, but Apex and Lewis Roca have left no alternative. They want the benefit of using the Marksmen Report at trial, but at the same time, wish to hide all other materials related to the report—they cannot have it both ways.

Notably, Apex and Lewis Roca do not dispute that (i) they failed to describe the nature of the documents withheld "at or near the time" they withheld them; (ii) Lewis Roca voluntarily produced the Marksmen Report from *its internal files*; and (iii) Lewis Roca is withholding *all communications* with Marksmen (and *all related documents*) on the basis of alleged work-product

protection, even though Apex admits that the Report is "likely in a category of things that will be used by Apex to support its defenses" at trial,[1] and the Report was produced "as a supplement[]" to Apex's initial disclosure of information "that Apex may introduce at trial."[2]  Apex and Lewis Roca also do not dispute the implausibility that the withheld documents (e.g., every document exchanged between Lewis Roca and Marksmen) are opinion work product.

As explained below, Apex and Lewis Roca also attempt to obfuscate or distort material facts by (i) claiming that CMT already has all of the Marksmen-related documents it is seeking, (ii) misidentifying who produced *some* of the documents sought by this motion, and (iii) claiming that CMT merely "assume[s]" that Apex plans to use the Marksmen Report at trial. CMT respectfully requests that the Court grant its motion in full.

## II. Argument

### A. Lewis Roca's Communications With Marksmen Are Relevant, Responsive, and Not Work-Product Protected

#### i. This Motion is Not Moot

Apex and Lewis Roca argue that CMT's motion is moot with respect to the Marksmen communications (and related documents) because the Marksmen communications "have already been produced." (ECF No. 127 at 7). That assertion is demonstrably false.

As an initial matter, it was Marksmen—not Apex or Lewis Roca—that produced the Marksmen communications that Apex references in its brief.  Apex misleadingly states in the passive voice that "the Marksmen Communications . . . have already been produced" or that they "were produced" while omitting that they were produced by a third party. (ECF No. 127 at 7, 9, 16). Apex also misrepresents that "Apex previously offered to produce the Marksmen

---

[1] Johnson Decl., ECF No. 127-1 ¶ 3; *see also* Johnson Decl., ECF No. 127-1 ¶¶ 4–8.
[2] Johnson Decl., ECF No. 127-1 ¶ 9.

Communications unredacted." (ECF No. 127 at 10 (citing Johnson Decl., ECF No. 127-1 ¶ 19)). In reality, Apex never offered to produce anything, but merely stated it would be "willing to allow those documents to be ***produced by Marksmen***" without the previous redactions.[3] (Exhibit A at 5 (emphasis added)). This is a material distinction, given that Apex bears discovery obligations as a party that are independent of whatever obligations might arise for a third party like Marksmen. "[T]o the extent there are documents responsive to [Plaintiff's] request in Defendant's possession, custody, or control, Defendant must produce them" even if the information is already known to Plaintiff or Plaintiff could obtain the information from a different source. *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 256 (N.D. W. Va. Dec. 12, 2013); 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2204 at 365 (2nd ed. 1994) ("If documents are available from a party it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness.").

Allowing Apex or Lewis Roca to outsource their discovery obligations to a third party would perversely incentivize them to further shirk their discovery duties. Moreover, the Fourth Circuit has emphasized the importance of minimizing the discovery burden on third parties. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery . . . unless the [nonparty] can offer important information that cannot be obtained from the party directly, there would be no cause for" seeking discovery from the

---

[3] Attached to this brief is an example of the level of redaction Marksmen applied to its original production. (Exhibit B). Not only did Marksmen admit that it was receiving direction from Lewis Roca about redactions (Exhibit C at 63:3-65:24), at the time Marksmen made its production, Lewis Roca represented both Apex and Marksmen. (Exhibit D at 1 (stating that Lewis Roca represented Marksmen)); (Exhibit E at 1 (Marksmen cover email to its document production)); (Exhibit F at 1 (stating that Marksmen retained new counsel (i.e., not Lewis Roca))).

nonparty). This case should be no different.

As to the scope of documents produced by Marksmen, Apex seems to assume that Marksmen has all of the documents that CMT seeks with this motion, but presents no evidence that that is, in fact, true. CMT has consistently sought communications between Lewis Roca and Marksmen along with "related documents."[4] (ECF No. 115 at 1, 3, 5–6, 8–9, 12); (ECF No. 115-4); (Exhibit G at 1). There is no reason to think that Marksmen has access to the full scope of documents CMT seeks with this motion. Notably, for reasons Marksmen could not explain, its production did not contain the two documents Lewis Roca produced concerning Marksmen, i.e., the Marksmen Report and a chain-of-custody document. (Exhibit C at 12:5-15, 43:18-45:13). Moreover, to date, CMT still has not received a complete production from Marksmen, a fact that Apex is fully aware of. In spite of assurances of Marksmen's current counsel (Exhibit H at 1 (email from Marksmen's counsel to CMT's and Apex's counsel explaining that Marksmen is "continuing to work on the supplemental document production")), Marksmen has yet to supplement its production.

        ii.      **Apex's Non-Responsiveness Argument Is Both Incorrect and Irrelevant**

Apex's and Lewis Roca's contention that communications with Marksmen (and related documents) are not responsive to any production request is both incorrect and irrelevant. (ECF No. 127 at 7). As explained in CMT's opening brief, these communications fall squarely within CMT's RFPs, including Nos. 30 and 25. (ECF No. 115 at 5-6). Moreover, those RFPs request communications, market research, other research concerning Plaintiffs' products and the registered

---

[4] CMT cannot offer a more-particularized description of what it seeks because Lewis Roca has refused to "describe the nature of the documents" it is withholding. (*See* ECF No. 115 at 6-7 (quoting Fed. R. Civ. P. 26(b)(5)(A)(ii)).)

trademark at issue here. (*See* ECF No. 115 at 5 (reproducing in full the text of RFP Nos. 30 and 25)). Apex admits that the Marksmen investigation allegedly supports its position that "third-party use of the color orange on saw blades" may weaken any trademark rights CMT has in the color in orange. (ECF No. 127 at 2-3 (citing ECF No. 42)). Accordingly, the Marksmen Report, the surrounding communications, and all related documents fall squarely within a reasonable reading of RFP Nos. 30 and 25.

Responsiveness aside, Lewis Roca invited discovery into the Marksmen Report by producing it in the first place.[5] *See In re Martin Marietta*, 856 F.2d 619, 623-24 (4th Cir. 1988); *see also United States v. Nobles*, 422 U.S. 225, 238 (1975). Apex has stated several times that it plans to use the Marksmen Report at trial. (ECF No. 127 at 3). Apex and Lewis Roca cannot now withhold relevant discovery on the pretext that it is not responsive to any of CMT's RFPs. Apex has waived any objection to the scope of these requests by voluntarily producing the Marksmen report.

### iii. The Redactions in the Documents Produced by Marksmen Are Improper

Apex/Lewis Roca argue that the redactions are proper in the Marksmen documents that CMT received. (ECF No. 127 at 7). As an initial matter, Apex is again confusing Marksmen with Lewis Roca.[6] This motion is seeking documents ***from Lewis Roca***, not Marksmen. Meanwhile, Lewis Roca has not produced a single document exchanged between it and Marksmen (or any related document). All the Marksmen-related documents CMT has received to date have come from Marksmen.

---

[5] Lewis Roca did not dispute that it produced the Marksmen Report from its internal litigation file.

[6] CMT's dispute with Marksmen over its presently deficient production is not yet ripe to bring to the Court. CMT is continuing to work with Marksmen and remains optimistic that Marksmen will cure those deficiencies.

Lewis Roca has does nothing other than baldly assert that all of the redactions in Marksmen's production are "opinion work product." (ECF No. 127 at 9-10). As argued in CMT's opening brief, Apex has not demonstrated that work-product protection applies in the first place, much less demonstrated that any of the information redacted from Marksmen's production is, in fact, *opinion* work product and undiscoverable. (ECF No. 115 at 6-7, 8-9). Without any explanation of why Lewis Roca allegedly divulged protected opinion to Marksmen—who, as it turns out, did nothing more than shop online for saw blades—the Court should not accept Lewis Roca's assertions about opinion work product. Accordingly, CMT respectfully requests that the Court grant its motion or, in the alternative, conduct an in-camera review of the requested documents to determine which, if any, contain opinion work product.

### iv. Lewis Roca Waived Work Product Protection

Lewis Roca's voluntary production of the Marksmen Report waived any claim of work-product protection over related materials. Apex dismisses CMT's case law as inapplicable because they are criminal cases. (ECF No. 127 at 11 (discussing *In re Martin Marietta* 856 F.2d 619 (4th Cir. 1988) and *United States v. Nobles*, 422 U.S. 225 (1975))). The Supreme Court in *Nobles*, however, explicitly stated that the "work product doctrine applies to criminal litigation as well as civil." 422 U.S. at 236. CMT's case law concerning the work-product doctrine and waiver is directly applicable here. (*See* ECF No. 115 at 7-9).

Apex next argues that CMT "*assumes* some future testimonial use of the Report" and pins its argument on the fact that Apex has not made a testimonial use of the Report *yet*. (ECF No. 127 at 11). Following Apex's argument to its logical conclusion, CMT would have to wait for documents sought by this motion until after an Apex witness mentions Marksmen's investigation **on the witness stand at trial**. Needless to say that delay would prejudice CMT in preparing for that very trial. Apex has now confirmed multiple times that it produced the Report so it could be used

at trial:

1. The Report is in "a likely category of things that will be used by Apex to support its defenses" at trial (Johson Decl., ECF 127-1 ¶ 3; *see also* ECF 127-1 ¶¶ 4–8),

2. The Report was produced "as a supplement[]" to Apex's initial disclosure of information "that Apex may introduce at trial" (Johson Decl., ECF 127-1 ¶ 9).

The act of producing work product with the intention of using it at trial constitutes waiver. The "signal feature" of a work-product waiver is the "***attempt*** to make testimonial use of work-product materials," not the actual testimonial use itself. *In re Martin Marietta*, 856 F.2d at 624 (emphasis added). Apex provides no authority for the proposition that CMT must wait for a witness to be on the stand before being able to obtain discovery or that CMT must suffer the attendant prejudice of waiting. The party seeking the work-product protection bears the burden of establishing that that protection was not waived, and Apex has not done so here. *See Anderson v. Fluor Intercontinental*, 803 Fed. Appx. 697, 703 (4th Cir. 2020).

For those reasons, regardless of the fact that Marksmen has already produced some of the requested documents in redacted form, CMT respectfully requests that the Court compel Lewis Roca to produce to CMT all of its communications with Marksmen, as well as all related documents, without any redactions. In the alterative, CMT respectfully requests that Lewis Roca provide all of the challenged documents to the Court for an in-camera review to determine, which if any, contain opinion work product.

### B. Lewis Roca's Communications With Third-Party Manufacturers Are Relevant, Responsive, and Not Work-Product Protected

Apex and Lewis Roca again argue that their communications with third-party saw blade manufacturers are not responsive to any production request, but this time adding that CMT's requests are not even valid. (ECF No. 127 at 11-12). The requested third-party communications

are responsive to at least RFP Nos. 38, 34, and 32. (ECF No. 115 at 10-11).

As to the validity of those RFPs, in response to No. 38, Apex already conducted a search and allegedly "[did] not identif[y] any documents responsive to th[e] request."[7] (ECF No. 115-8 at 16). Apex has since confirmed that there are documents responsive to this request. (ECF No. 115 at 14-16). Apex never objected to the validity of these requests and made only unsubstantiated boilerplate objections as to burden. (ECF No. 115-8 at 14-16). Apex did not then, in initially responding to RFP No. 38, and has not now, in responding to this motion, substantiated any alleged burden from responding to this request. If a party objects to a request as overly broad or burdensome, "the objecting party has an obligation to show specifically why the responding request would create a burden or how the request is overly broad in relation to the claims and defenses presented in the litigation." *Patrick*, 297 F.R.D. at 256; *see also* Fed. R. Civ. P. 34(b)(2) (requiring that a party "state with specificity the grounds for objecting to the request"). Boilerplate objections, without more—like Apex has done here—are "highly disfavored in the Fourth Circuit," leading courts to "strike the objections." *Patrick,* 297 F.R.D. at 256; *Mills v. East Gulf Coast Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D. W. Va. Aug. 4, 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Regardless, CMT is not seeking "all documents" by this motion, but simply a discrete subset of documents that Lewis Roca's seemingly has already found (or easily could search for) and can produce with minimal burden.

Apex next argues that its communications (and related documents) with third-party manufacturers "are the precise type of documents that the work-product doctrine seeks to protect.". (ECF No. 127 at 14). That argument is specious, at best. Apex does not even attempt to explain

---

[7] Apex does not dispute that it conducted such a search.

– 8 –
Case 3:24-cv-00137-RJC-DCK    Document 133    Filed 11/21/24    Page 8 of 12

why its attorneys would "candidly evaluate [Apex's] case" or "prepare legal theories" in conjunction with third-parties who are not bound by even basic confidentiality obligations. *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 292 (4th Cir. 2004). Indeed, the one email CMT received from a subpoenaed third-party manufacturer, Evolution Power Tools, did not contain any candid evaluation of Apex's case or any legal theories. (*See* ECF No. 115 at 12; ECF No. 115-11).

It is also implausible that Lewis Roca would share their "theory of the case" or "their litigation strategy" with competitors. *Hanson*, 372 F.3d at 292. The CEO of Century Drill & Tool another third-party manufacturer subpoenaed by Apex, testified that he considers Apex, and specifically Crescent Tools, to be a competitor in the saw blade market. (Exhibit I at 38:24-39:1). Apex also seemingly asserts that it has "an interest common to that of" its marketplace competitors, but has done nothing to demonstrate it. (ECF No. 127 at 15). The Court should ignore this unsubstantiated assertion.

Leaving aside the many gaps in Apex's argument, Apex does not dispute that it did not "inten[d] to limit" the "future disposition" of these allegedly protected communications. *In re Doe,* 622 F. 2d 1073, 1081 (4th Cir. 1981). This is fatal under *Doe*, "regardless of the relationship between the attorney and the recipient of the material," and "forfeit[s]" the work-product protection over otherwise protected material. *Id.* Thus, to the extent that the third-party communications qualify as protected work product in the first place, Apex waived that protection by not limiting the third parties in their further use of the communications. The email CMT received between Lewis Roca and Evolution Power Tools, mentioned above, was not marked "Confidential" under the Court's Protective Order and Apex has never argued that it should have been. (ECF No. 115 at 12).

For those reasons, CMT respectfully requests that the Court compel Apex and/or Lewis

– 9 –
Case 3:24-cv-00137-RJC-DCK   Document 133   Filed 11/21/24   Page 9 of 12

Roca to produce all of their communications (and related documents) with third-party manufacturers.

**III.     Conclusion**

For the foregoing reasons, CMT respectfully requests that the Court grant CMT's motion in full and compel the production of all correspondence between Lewis Roca and Marksmen (and all related documents), as well as all correspondence between Apex and/or Lewis Roca and third-party saw blade manufacturers (and all related documents).

Additionally, CMT respectfully requests that the Court award CMT its reasonable fees and costs incurred in having to bring this motion.

Dated: November 21, 2024

Respectfully submitted,

/s/ *Robert E. Colletti*

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Mark Basanta (*pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mbasanta@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this 21st November, 2024 in New York, NY.

*/s/ Robert E. Colletti*
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.
and CMT Utensili S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I electronically filed the foregoing Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel Defendants to Produce Communications with Third-Parties with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

/s/ *Joshua B. Durham*