## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:24-CV-137-RJC-DCK

| | | |
|---|---|---|
| CMT USA, INC. and<br>CMT UTENSILI S.P.A., | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| APEX TOOL GROUP LLC and<br>APEX BRANDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Seal Reply Brief And Associated Exhibit..." (Document No. 132) filed November 20, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

### LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.

(a) *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

(b) *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access.* A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1. It appears that the requirements of LCvR 6.1(c)(1) through (4) have been addressed.

By the instant motion, Defendants seek to seal "Defendants' Reply in Support of Their Motion to Compel Plaintiffs to Provide a Competent 30(B)(6) Witness or Supplemental Answer to Interrogatory 13 for Information Relating to Enforcement Activity (the "Reply"), and the associated Exhibit B." (Document No. 132, p. 1).

Having considered the factors provided in LCvR 6.1(c), and noting Plaintiffs' consent, the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendants' Moton To Seal Reply Brief And Associated Exhibit..." (Document No. 132) is **GRANTED**. Document Nos. 131 and 131-2 shall be **SEALED** and remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Defendants' counsel shall file publicly available redacted versions of sealed Document Nos. 131 and 131-2, on or before **November 25, 2024**. Redactions should be applied only to the extent necessary.

**SO ORDERED**.

Signed: November 21, 2024

David C. Keesler
United States Magistrate Judge