UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APEX TOOL GROUP LLC and APEX BRANDS, INC.<br><br>Defendants. | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCEED PAGE LIMIT |

Plaintiff CMT Tools ("CMT") opposes Defendants Apex Tool Group LLC and Apex Brands, Inc.'s ("Apex") Motion to Exceed Page Limit (Dkt. 147) because Apex's last-minute request unfairly prejudices CMT. Throughout the parties' recent discussions, Apex maintained that an extension was unnecessary, only to reverse course at the last moment. CMT relied on Apex's representations in structuring its own opening summary judgment brief (due tomorrow), and it would be disadvantaged if Apex's request were granted without allowing CMT sufficient time to adjust.

On March 20, 2025, during a call to discuss streamlining this case, CMT noted it might need a page extension if Apex refused to drop various claims and defenses that CMT believes lack merit. Apex did not reject the request but stated on March 25 it would not drop any defenses and that "an expansion of the 25-page limit for the summary judgment briefing is unnecessary." On March 28, Apex followed up, stating it "will assume the parties will proceed with the standard 25-page limit" unless CMT proposed a motion. Apex did not raise the issue until yesterday, when it abruptly sought a page limit expansion.

1

CMT is now prejudiced by Apex's delayed request. Relying on Apex's repeated assertion that the existing 25-page limit was sufficient, CMT structured its opening brief accordingly. Had Apex raised its request earlier, CMT would have approached its briefing differently. Apex should not be permitted to shift its position at the last moment in a way that disadvantages CMT.

CMT respectfully requests that the Court deny Apex's Motion to Exceed Page Limit. In the alternative, if the Court grants the motion, CMT requests a one-week extension of the dispositive motions deadline to ensure it has a fair opportunity to take advantage of the additional pages.

Dated: April 1, 2025

Respectfully submitted,

/s/ Joshua B. Durham
Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Mark Basanta (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mbasanta@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Joshua B. Durham
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
jdurham@belldavispitt.com