UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC and APEX BRANDS, INC., <br><br> Defendants. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to LCvR 7.1(j), Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") submit the attached opinion issued by the Federal Circuit in the case of *In re: PT Medisafe Technologies*, Case No. 23-1573 (Fed. Cir., Apr. 29, 2025) (*Medisafe II*). This decision, issued six days after the reply briefs for the parties' cross motions for summary judgment, is pertinent and significant for the following reasons:

**1.  The decision supports Apex's citation to the underlying TTAB decision.**

Apex's Memorandum in Support of its Motion for Summary Judgment cited to the underlying TTAB decision (*Medisafe I*) twice, in support of its holding that when a color is common on similar goods and cannot identify a single source, it is generic. (ECF No. 164, the "Memorandum," pp. 13-14). The Federal Circuit's opinion affirming that decision, and its reliance on online screenshots of 10-25 products with "the same or nearly the same" color to find genericness, supports this citation, given the court's trademark expertise. (*Medisafe II* at 5.)

**2.  The decision supports Apex's position regarding the correct test to determine whether a trade dress is generic.**

The parties disagree as to the proper test for determining whether a trade dress mark is

generic. In the Memorandum, Apex cited to a number of cases (including *Medisafe I*) to show that the proper test is whether the trade dress is "so common within the relevant genus" that it does not indicate a single source. (Memorandum at 9, 13-14.) CMT disagreed and claimed instead that the test is whether the "primary significance" of the trade dress "is as a descriptor for the goods." (ECF No. 176, "CMT Opposition," at 2.) In *Medisafe II*, the Federal Circuit upheld the "common within the relevant genus" test used by Apex, and formally adopted it as the proper test for whether a trade dress is generic. *Medisafe II* at 8. This holding expressly supports Apex's position.

### 3. The decision supports Apex's position regarding the proper genus in a genericness analysis

Another disagreement between the parties is determining the proper genus for the genericness analysis. In the Memorandum, Apex cited to a number of cases to show that while courts normally use a registration's identification of goods as the genus, they do not use the identification if the owner tried to "game" the analysis by artificially limiting the identification. (Memorandum at 10). Apex asserted that the proper genus was the identification of goods in CMT's application at the time of publication, before CMT limited it, which was: "blades for power saws" (since CMT continues to sell non-woodcutting saw blades in orange). (*Id.*) In response, CMT claimed the genus should be the registration's final identification, regardless of whether it had been limited. (CMT Opposition at 4.)

In *Medisafe II*, the Federal Circuit held that when determining the genus for the genericness analysis, "the Board did not err in rejecting Medisafe's amended application's narrowing of the goods at issue." (*Medisafe II* at 11.) It held the proper genus was the identification as initially filed, which was "medical examination gloves." (*Id.*) This directly supports Apex's position.

Therefore, Apex respectfully requests this Court take notice of attached opinion issued by the Federal Circuit in *Medisafe II*.

DATED: May 13, 2025　　　**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Aaron D. Johnson*
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
SNEED PLLC
428 S. Main St., Suite B-175
Davidson, North Carolina 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Michael J. McCue
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite. 2750
San Francisco, California 94111
(650) 687-8426
Michael.McCue@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

*Attorneys for Defendants*
*Apex Tool Group LLC and Apex Brands, Inc*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed May 13, 2025.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Aaron D. Johnson*
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
SNEED PLLC
445 S. Main St., Suite 400
Davidson, North Carolina 28036
JSneed@sneedlegal.com
MSneed@sneedlegal.com

Michael J. McCue
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, California 94111
Michael.McCue@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

*Attorneys for Defendants/Counter-Plaintiffs*
*Apex Tool Group LLC and Apex Brands, Inc*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of May, 2025, the foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY was served via electronic means through CM/ECF on the following counsel of record:

>Ward Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Jessica M. Stookey (*pro hac vice*)
>Patrick J. Lavery (*pro hac vice*)
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>jstookey@haugpartners.com
>plavery@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.*

/s/ Aaron D. Johnson