UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC and APEX BRANDS, INC. <br><br> Defendants. | **CMT'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

*In re PT Medisafe Technologies*, 134 F.4th 1368 (Fed. Cir. 2025) (*Medisafe II*) does not alter the genericness analysis in this case. While *Medisafe II* is not binding precedent, its reasoning aligns with and supports CMT's position. Apex's reliance on *Medisafe II* is misplaced.

**I.** *Medisafe II* **Confirms CMT's Position On the Correct Genericness Test**

In *Medisafe II*, the Federal Circuit expressly adopted the two-step test for genericness set out in *Milwaukee v. Freud*, 2019 WL 6522400 (T.T.A.B. 2019). *Medisafe II* at 1374-75. The first step is to identify the genus of goods. The *Milwaukee* test "slightly modifie[d] the second-step" of the well-established *H. Marvin Ginn* test "to tailor it to color marks." *Medisafe II* at 1374 (citing *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 988 (Fed. Cir. 1986)). The second step of the *H. Marvin Ginn* test, as modified by *Milwaukee*, asks "whether the color sought to be registered . . . is understood by the relevant public primarily as a category or type of trade dress for [a] genus of goods or services." *Medisafe II* at 1374-75 (cleaned up). This is the same test CMT set forth. *See* Dkt. 176 at 2-3 (quoting Apex's industry expert's admission that consumers do not associate any color with the genus here). To the extent that Apex's proposed genericness test or analysis departs from CMT's generic test or analysis, the Court should adopt

CMT's, which is consistent with binding Fourth Circuit case law and *Medisafe II*.

## II. *Medisafe II* Involves an Unregistered Mark and Is Factually Distinct

*Medisafe II* arose from an *ex-parte* appeal of the Trademark Office's refusal to register a proposed mark, not a challenge to an incontestable, federally registered mark. *Medisafe II* at 1371. *Medisafe II* does not disturb the rule for registered marks, like CMT's Orange Mark (Dkt. 159 at 5), that the "proper genericness inquiry focuses on the description of goods set forth in the **certificate of registration**" (Dkt. 176 at 4). Apex also misrepresents the genus determination in *Medisafe II*. Contrary to Apex's assertion (Dkt. 199 at 2), the correct genus was "**chloroprene** medical examination gloves," which itself was an narrowing amendment from the original goods in "Medisafe's initial application" listed as "[m]edical examination gloves." *Medisafe II* at 1376. Medisafe's other proposed pre-registration amendment ***to further narrow*** the goods to gloves "sold only to authorized resellers" was rejected not because it was an amendment but because Medisafe offered no "meritorious reason" for that limitation. *Medisafe II* at 1376 n.6.

Moreover, the "screenshots of websites" that factored into the *Medisafe* genericness analysis each concerned single-colored examination gloves that fell squarely within the relevant genus, a fact undisputed by Medisafe. *See Medisafe II* at 1373, 1376; *see also In Re PT Medisafe Techs.*, 2023 WL 2369650, at *7-8 (Feb. 15, 2023) (depicting the 25 "screenshots of websites"). Here, by contrast, CMT makes an evidence-backed argument that the saw blades identified by Apex's lawyers fall outside the genus, do not employ CMT's Orange Mark, or are otherwise irrelevant. Dkt. 176 at 6-9; Dkt. 185 at 3-6.

In sum, to the extent the Court finds *Medisafe II* to be persuasive on any relevant issue in this case, it supports CMT.

Dated: May 15, 2025                           Respectfully submitted,

/s/ Joshua B. Durham
Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Mark Basanta (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mbasanta@haugpartners.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this 15th of May, 2025 in New York, NY.


/s/ Robert E. Colletti
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Joshua B. Durham
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
jdurham@belldavispitt.com