UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-***-DCK

CMT USA, Inc. and CMT Utensili S.p.A.,

Plaintiffs,

v.

Apex Tool Group LLC and Apex Brands, Inc.,

Defendants.

**DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND/OR TO STAY ACTION**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Defendants"), through the undersigned counsel of record, hereby move to continue the trial date and/or to stay this action until the Court has ruled on the pending cross motion for summary judgment.

Although the trial of this case is set for September 2, 2025, there are several reasons that justify continuing the trial date until after the ruling on the motions for summary judgment. First, there are several motions currently pending that are fully briefed—not only the parties' respective summary judgment motions, but also motions to compel filed by each party and a motion to exclude expert testimony. Second, this case does not currently have an Article III District Court Judge assigned to this case, and there appears to be no current schedule for when a new judge will be assigned. And finally, Defendants recently learned of the unexpected death of their color expert, Steven Bleicher, and will need time to retain a new color expert, obtain his report, and allow for Plaintiffs to serve a rebuttal report and take the new expert's deposition.[1] Based on the foregoing, it is highly likely that trial will not proceed as currently scheduled, and with pretrial deadlines approaching, Defendants seek to continue the trial date and/or stay the action until resolution of the currently-pending cross motions

---

[1] Defendants will file shortly a motion to request leave of the Court to designate a new color expert in light of the unexpected death of Steven Bleicher. The parties conducted a meet and confer video conference on the topic on May 22, and have exchanged proposals for whether Plaintiffs will consent to the motion for leave, but as of the filing of this motion Defendants are still waiting on a response from Plaintiffs to the final proposal for leave.

for summary judgment.

Counsel for both parties held a meet and confer videoconference on the motion on May 22, 2025. During that conference, Plaintiffs' counsel informed Defendants' counsel that they would oppose any motion for a continuance of the trial date.

## II. APPLICABLE LAW AND RULES

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court choosing to modify a schedule upon a showing of good cause may do so if the discovery schedule "cannot reasonably be met despite the diligence of the party needing an extension." Fed. R. Civ. P. 16, advisory committee's notes (1983). The "good cause" standard of Fed. R. Civ. P. 16(b) focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. *See Hawkins v. Leqqett*, 955 F. Supp. 2d 474, 498 (D. Md. 2013), *aff'd sub nom.*, *In re Canarte*, 558 Fed. App'x 327 (4th Cir. 2014). The primary consideration is the diligence of the moving party. *See Montgomery v. Anne Arundel Cty., Maryland*, 182 Fed. App'x 156, 162 (4th Cir. 2006) (per curiam).

## III. BACKGROUND PROCEDURAL CONTEXT

The original April 9, 2024 Case Management Order of the Honorable Robert J. Conrad set trial in this action for March 3, 2025. (ECF No. 68). Pursuant to Order of the Hon. David Keesler of October 9, 2024, the Court continued the trial date in this action to May 5, 2024. (ECF No. 106). Pursuant to the Order of the Hon. David Keesler of January 9, 2025, the Court continued certain dates set forth in the amended Case Management Order but did not specifically establish a new trial date. Instead, the Court stated, "The Court will allow the requested extensions but will respectfully decline to schedule a conference 'to discuss the trial date' at this time. Counsel for the parties are encouraged to confer and then file an appropriate motion proposing a revised trial date and/or explaining the need for conference on that issue." (ECF No. 142).

Soon thereafter, and on February 12, 2025, the Court granted the parties' Joint Motion to Extend Certain Deadlines and the Trial Date (ECF No. 143), continuing the trial date to September 2, 2025. (ECF No. 144).

The parties filed their respective motions for summary judgment on April 2, 2025 (See

Plaintiffs' Motion and Brief, Dkt. Nos. 157-158, Defendants' Motion and Brief, Dkt. Nos. 161, 163). Those motions are fully briefed and remain pending with the Court.

By email of May 16, 2025, Judge Keesler's chambers corresponded with counsel for the parties to inform them that because of Judge Conrad's retirement, this action will be reassigned to another Article III District Judge. *See* **Exhibit A** ("Thank you for reaching out to chambers regarding the status of this case. My understanding is that the case will be reassigned to a new presiding District Judge at a later date and that in the meantime Judge Keesler will continue to manage the case."). That correspondence also advised that "[t]o the extent the parties are concerned about trial preparations and other deadlines, the parties may file a motion to continue the trial and/or stay deadlines pending resolution of the motions for summary judgment." *Id.*

At the time of this filing, no Article III District Judge has been assigned such that there is no District Judge assigned to deciding the parties' respective summary judgment motions or to preside over the trial, currently scheduled for September 2, 2025.

In addition to the parties' motions for summary judgment, three other fully-briefed motions remain pending and yet to be ruled on by this Court at the time of this filing as follows:

- Defendants' Motion to Compel (ECF No. 110);
- Plaintiffs' Motion to Compel (ECF No. 114); and
- Defendants' Motion to Exclude the Report of Thomas Maronick (ECF No. 153).

Finally, Defendants recently learned that one of their expert witnesses, the color expert Steven Bleicher, passed away on or about late March 2025. The parties have engaged in meet-and-confer discussions concerning the course of action to be taken as to substitute testimony in light of Professor Bleicher's unfortunate passing. If the parties cannot reach agreement on the manner of replacement of Professor Bleicher and how to handle the introduction of his expert opinions and deposition testimony at trial, Defendants will be making a motion to provide for the replacement of Professor Bleicher, and for the replacement expert to generate an expert opinion on the relevant color issues, and for the replacement expert to be deposed. Even if the parties can agree on permitting a replacement expert, these activities are expected to require at least 90 days to accomplish following the issuance of any order on the issue.

## IV. ARGUMENT

In the interest of judicial and litigant economy, Defendants respectfully seek to continue the trial date until *after* the Court decides the parties' respective motions for summary judgment. Alternatively, the Defendants seek a stay of this action and the September 2, 2025 trial date pending reassignment of the case to a new Article III District Judge and the issuance of a new Case Management Order by such District Judge.

The trial of this case is unlikely to proceed on September 2, 2025, and this deadline cannot reasonably be met despite the diligence of the parties, as there are pending motions that affect trial preparation. More specifically, some of the work to be completed in preparation for the trial as currently scheduled may ultimately be unnecessary depending on the resolution of the currently pending motions for summary judgment. Further, the work to be completed in preparation for trial will be affected by the parties' respective motions to compel, as well as the motion to exclude certain expert testimony. In addition, without the assignment or appointment of an Article III District Court, the pending motions are not likely to be decided with sufficient time to efficiently and effectively prepare for trial. As such, the continuance of the trial date and/or stay of the action will not prejudice either party, as the outcomes of the motions will inevitably impact trial preparation. Accordingly, there is good cause to grant Defendants' motion.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court continue the trial date until after a new District Judge decides the parties' summary judgment motions, and/or that the Court stay this action until the parties' pending motions have been decided.

DATED: May 28, 2024

BY: */S/ AARON D. JOHNSON*
WOMBLE BOND DICKINSON (US) LLP
Michael McCue
Aaron D. Johnson
David A. Jackson
Michael.McCue@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
100 Pine Street, Suite 1750
San Francisco, CA 94111
Telephone: 650.391.1380

SNEED PLLC
Jason M. Sneed (NC Bar No. 29593)
Megan Sneed (NC Bar No. 38525)
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com
428 South Main Street, Suite B-175
Davidson, NC 28036
Tel: 844-763-3347

*Attorneys for Defendants*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1(b), the undersigned counsel of record certifies that counsel for the parties have met and conferred about the foregoing motion, via teleconference. The undersigned counsel represents that the Plaintiffs' counsel will oppose this *Defendants' Motion to Continue Trial Date and/or to Stay Action*.

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;
2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this May 28, 2025.

                                            SNEED PLLC

                                            By: */s/ Jason M. Sneed*
                                            Jason M. Sneed (NC Bar No. 29593)
                                            Megan Sneed (NC Bar No. 38525)
                                            JSneed@SneedLegal.com
                                            MSneed@SneedLegal.com
                                            Litigation@SneedLegal.com
                                            428 South Main Street, Suite B-175
                                            Davidson, NC 28036
                                            Tel: 844-763-3347

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 28th day of May, 2025, the foregoing *Defendants' Motion to Continue Trial Date and/or Stay Action Pending Summary Judgment Resolution* was served via electronic means through CM/ECF on the following counsel of record:

>Ward Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>Bell, Davis & Pitt
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Jessica M. Stookey (*pro hac vice*)
>Patrick J. Lavery (*pro hac vice*)
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>jstookey@haugpartners.com
>plavery@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.*

/s/ *Aaron D. Johnson*