# Exhibit A

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CMT USA, INC. and CMT UTENSILI S.P.A.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**APEX TOOL GROUP LLC and APEX BRANDS, INC.,**<br><br>**Defendants.** | Case No. 1:23-cv-07507-JLR |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1 - 18)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs CMT USA, Inc. and CMT Utensili S.P.A. (collectively, "Plaintiffs" or "CMT") request that Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Defendants" or "Apex") respond to the following interrogatories within thirty (30) days of service.

Unless otherwise agreed, production is to be made at the offices of Haug Partners LLP, 745 Fifth Avenue, 10th Floor, New York, New York 10151.

**Definitions and Instructions**

1. CMT incorporates by reference the Definitions and Instructions set fort in "Plaintiffs' First Set of Production Requests (Nos. 1-40)," dated and served concurrently herewith.

2. If Defendants elect to avail themselves of the procedure for responding to interrogatories authorized by Rule 33(d) of the Federal Rules of Civil Procedure, CMT requests that, for each interrogatory so answered, Defendants specify the particular documents relating to the subject matter of the specific interrogatory and, separately for each document, identify its production-number range (if available), specify its source (i.e., the person and/or location from which it was obtained), and its author and date of preparation, if not apparent from the face of the document.

3. The form of Defendants' responses to CMT's discovery requests shall comply with Rules 26 and 33 of the Federal Rules of Civil Procedure and any applicable Local Civil Rules of the United States District Court for the Southern District of New York.

4. Answer each interrogatory separately and fully in writing under oath.

5. These interrogatories shall be deemed to seek responses as of the date they are served. Any additional responsive communications, documents, and things that become known to Defendants up to and including the time of trial shall be furnished to CMT within a reasonable time after becoming known, or as otherwise specified in an interrogatory. If Defendants acquire any communications, documents, or things that require an answer to be enlarged, diminished, or otherwise modified, such

communications, documents, or things shall be supplied to CMT within a reasonable time after they are acquired, or as otherwise specified in an interrogatory.

6. If Defendants cannot state with finality a response to an interrogatory, Defendants are requested to so indicate and to respond to such interrogatory to the best of their ability in view of the present state of discovery.

7. Where an objection is made to an interrogatory, state all grounds upon which Defendants' objection is based. If Defendants object to any interrogatory in part, respond to the extent that Defendants do not claim the interrogatory to be objectionable.

8. With respect to any interrogatory objected to on the grounds that the response or some portion thereof may be privileged or otherwise subject to protection from disclosure under the Federal Rules of Civil Procedure or any applicable Local Civil Rules of the United States District Court for the Southern District of New York, Defendants must expressly state the claim, describe the nature of the information, documents, communications, or tangible things not produced or disclosed, and do so in a manner that will enable CMT to assess the claim. *See* Fed. R. Civ. P. 26(b)(5).

9. In responding to CMT's interrogatories, if Defendants claim any ambiguity in interpreting either an interrogatory, a definition, or an instruction, Defendants shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of their response to the interrogatory the language deemed ambiguous and the interpretation that Defendants have chosen to use in responding to the interrogatory.


Case 3:24-cv-00137-TMR-DCK Document 229-2 Filed 06/04/25 Page 4 of 10

**Interrogatories**

[redacted]

**Interrogatory No. 6.**

State by month (if available, or, if not, for each separate period reflected in Defendants' records) Defendants' expenditures for each advertising or promotional medium used to promote the Accused Blades.

[redacted]

[redacted]



Case 3:24-cv-00137-TMR-DCK Document 229-2 Filed 06/04/25 Page 7 of 10

[redacted]

Dated: December 11, 2023

By: /s/ Robert E. Colletti
Edgar H. Haug
Robert E. Colletti
Jessica M. Stookey
Patrick J. Lavery
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
jstookey@haugpartners.com
plavery@haugpartners.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, a copy of this document was delivered via email to the below listed counsel for Apex Tool Group LLC and Apex Brands, Inc.:

Aaron D. Johnson
David A. Jackson
Michael J. McCue
LEWIS ROCA ROTHGERBER CHRISTIE LLP
100 Pine St., Ste. 1750
San Francisco, CA 94111
Tel: 650-687-8426
Fax: 650-391-1395
ADJohnson@lewisroca.com
DJackson@lewisroca.com
MMcCue@lewisroca.com

Dated: December 11, 2023

By: /s/ Jessica M. Stookey
Jessica M. Stookey
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
jstookey@haugpartners.com