# Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00137-TMR-DCK

CMT USA, Inc. and CMT Utensili S.p.A.,

Plaintiffs,

v.

Apex Tool Group LLC and Apex Brands, Inc.,

Defendants.

**DECLARATION OF AARON D. JOHNSON**

I, Aaron D. Johnson, affirm under penalty of perjury under the laws of the United States as follows:

1. I am a partner at the law firm of Womble Bond Dickinson (US) LLP, counsel for Defendants in this proceeding.

2. I am over the age of 18, have personal knowledge as to the statements that follow, and would be competent to testify on all matters stated herein.

3. Attached as **Exhibit A** is a true and correct copy of Plaintiffs' Interrogatory No. 6, which was served on Defendants on December 11, 2023.

4. Attached as **Exhibit B** is a true and correct copy of Defendants' response to Plaintiffs' Interrogatory No. 6, timely served on Plaintiffs on January 17, 2024.

5. Attached as **Exhibit C** is a true and correct copy of the document produced by Defendants as APEX00003387, produced to Plaintiffs on May 17, 2024 (the "Advertising Expenditures Document").

6. Attached as **Exhibit D** is a true and correct copy of the documents produced by Defendants as APEX00003602, APEX00003263-3265, APEX00003268, and APEX00002115-2116. All of those documents were produced to Plaintiffs on May 17, 2024.

7. After the production of the documents referenced in Exhibits C and D, for the rest of fact discovery CMT did not object to Apex's response to Interrogatory 6 or its production of the Advertising Expenditures Document, and CMT filed no motions relating to Interrogatory 6 or the Advertising Expenditures Document.

8. On August 9, 2024, CMT took the deposition of Mr. Curtis Weber, Vice President of Marketing for Apex's CRESCENT brand from August 2021 through May 2024.

9. Attached as **Exhibit E** is a true and correct copy of select pages from the deposition of Mr. Curtis Weber, taken on August 9, 2024, containing all the questions that CMT asked Mr. Weber about the Advertising Expenditures Document and the numbers within.

10. During Mr. Weber's deposition, other than confirming authorship of the Advertising Expenditures Document, CMT asked a single question to confirm the Advertising Expenditures Document indicated a [redacted] spend in 2021 but never asked any other questions about the document, including the [redacted] spent in 2023. CMT did not ask Mr. Weber any questions regarding expenses for email marketing, influencers, social media marketing, or trade shows.

11. On September 24, 2024, CMT took the 30(b)(6) deposition of Apex, who was represented by Brendan Walsh. One the topics on which Mr. Walsh was prepared was "Defendants' expenditures for each advertising, marketing, distribution, or promotional medium used to advertise, market, distribute, or promote the Accused Blades in U.S. commerce." During that deposition, CMT did not ask about the Advertising Expenditures Document. During that deposition, CMT did not ask about specific numbers for advertising expenses, nor expenses for email marketing, influencers, social media marketing, or trade shows.

12. On November 1, 2024, fact discovery closed.

13. On November 22, 2024, CMT served the expert report of Dr. Russell Winer. Dr. Winer adopted Apex's provided advertising expenditures without dispute and without critique. Dr. Winer utilized Apex's saw blades sales data "to determine the percentage of Accused Products to total saw blades;" Dr. Winer "then apportioned the saw blade marketing spending to estimate the total marketing spend on the Accused Products." Based on Apex's figures for CRESCENT saw blades as a whole [redacted] in 2021; [redacted] in 2022; [redacted] in 2023), Dr. Winer found that Apex's total marketing spend on woodworking circular saw blades as [redacted] in 2021, [redacted] in 2022, and [redacted] in 2023.

14. On February 26, 2025, CMT's counsel sent an email to Apex's counsel that raised, for the first time, CMT's questions about Apex's [redacted] in advertising expenditures for 2023. A true and correct copy of that email is attached as **Exhibit F**.

15. On March 13, 2025, Apex's counsel responding to CMT's counsel, and committed to supplementing the advertising expenditures information for the 2024 year at the same time as CMT supplemented its financial information for 2024, and confirmed that the Advertising Expenditures Document was correct. *See* Exhibit F.

16. On March 17, 2025, CMT's counsel sent a letter to Apex's counsel that requested a conference to discuss dropping claims ahead of the summary judgment deadline and that Apex "correct" the Advertising Expenditures Document and provide "the underlying source materials." A true and correct copy of that letter is attached as **Exhibit G**.

17. On March 20, the parties held a conference on the claims in the letter, including both the potential for dropping claims and CMT's request that the Advertising Expenditures Document be changed or additional documents provided. Apex reiterated that the document did not need to be corrected, and that if CMT had questions about the numbers in the document, it

should have addressed those questions during the many hours of deposition time it had with Apex's fact witnesses. The parties did not discuss any motion for sanctions during the call.

18. CMT did not further raise its questions about the Advertising Expenditures Document, or the numbers contained within, until two months later on May 21, 2025, when it reached out Apex's counsel to seek consent for filing "a discovery motion today related to Apex's response to Interrogatory 6 and APEX00003387." A true and correct copy of that email is attached at **Exhibit H**. Unclear what motion CMT's counsel was referring to, Apex's counsel responded with "Are you requesting a meet and confer for this motion? Can we discuss the excerpts you are referring to below at that time?" *See* Exhibit H.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 4, 2025 /s/ Aaron D. Johnson
Declarant