# Exhibit G

Exhibit G

**HAUG**
**PARTNERS**

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

March 17, 2025

**Mark Basanta**
**mbasanta@haugpartners.com**

**<u>Via Email</u>**

Aaron Johnson
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street
Suite 2750
San Francisco, CA 94111
aaron.johnson@wbd-us.com

Re: *CMT USA, Inc. v. Apex Tool Group LLC*,
<u>Case No. 3:24-cv-00137-RJC-DCK (W.D.N.C.)</u>

Dear Aaron:

We write to request a conference with Apex concerning:

1. Streamlining the case for purposes of summary judgment; and
2. The correction and supplementation of Apex's financial information (see our ongoing correspondence, including our email on February 26, 2025 and your email on March 13, 2025).

Please let us know your availability on Tuesday, March 18, 2025 or Wednesday, March 19, 2025 for a call.

## I. Streamlining the Case Ahead of Summary Judgment

In the interests of efficiency, focusing the case, and conserving resources, CMT proposes discussing whether and to what extent the parties will continue pursuing their various claims beyond the summary judgment phase of the case.

## II. Correction and Supplementation of Apex's Financial Information

Thank you for agreeing to supplement Apex's document production to include 2024 financial results. A. Johnson email (Mar. 13, 2025, 5:18 pm). Your suggestion for a mutual exchange on a date certain seems fine to us. Any such exchange, however, would also need to include year-to-date information for 2025. We can work out the details of an exchange in due course.

More pressing, however, is Apex's refusal to correct its demonstrably false statements about 2023 and its failure to provide CMT with "records reflecting advertising expenditures for its

CRESCENT® brand saw blades," despite Apex's written commitment that it "will produce" them. Apex's Resp. to Interrog. 6 (Jan. 17, 2024). The document on which Apex rests its entire response to Interrogatory No. 6 (i.e., APEX00003387)—which was created by Apex for this litigation—is inadequate. It does not meet Apex's discovery obligations and fails to fulfill its written commitment to CMT.

Apex characterized our February 26th email as merely asking "questions" and then dismissed the issues we raised as untimely. Our email does not make any suggestion "to re-write the case schedule." A. Johnson email (Mar. 13, 2025, 5:18 pm). Apex's mischaracterizations do not eliminate its ongoing obligations under FRCP 26(e). Our February 26th email provided, among other things, a very straight forward demonstration that Apex's representation about its 2023 marketing spend is plainly false. And now that Apex has updated its response to Interrogatory No. 6, we can state that Apex has also failed to provide CMT with the source materials from which APEX00003387 was derived. There is no legitimate case to make that APEX00003387 "is accurate" or that no "additional information or comment on the document is necessary," as Apex claims. A. Johnson email (Mar. 13, 2025, 5:18 pm).

If Apex continues to refuse to correct APEX00003387 or continues to withhold the underlying source materials, we will have no choice but to bring this flagrant discovery violation to the Court's attention.

Regards,

*/s/ Mark Basanta*

CC: Counsel of record (via email)