UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> Apex Tool Group LLC and Apex Brands, Inc., <br><br> Defendants. | **MOTION IN LIMINE NUMBER 2 AND SUPPORTING BRIEF** |

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 2: The Court Should Preclude CMT from Making Pejorative References to Apex or its Actions.**

## LEGAL STANDARD

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially

outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## ARGUMENT

"Inflammatory insinuations and incorrect statements are improper, and their presentation to prejudice the jury is not condoned." *Novo Nordisk A/S v. Becton Dickinson and Co.*, 304 F.3d 1216, 1220 (Fed. Cir. 2002); *Jamesbury Corp. v. Litton Indus. Products, Inc.*, 756 F.2d. 1556, 1559 (Fed. Cir. 1985), *overruled on other grounds* (noting disapproval of characterizations of parties that are commonly regarded as pejorative). As such, Apex moves to preclude CMT from referring to Apex or Apex's actions using pejorative terms such as copycat, ripped off, knockoff, thief, copier, pirate, trespasser, etc. Such terms would be unduly prejudicial because they imply that Apex has committed wrongdoing before the jury has made any such finding, and furthermore they have no relevance to any issue in this case. Therefore, Rules 402 and 403 dictate that such terms should be forbidden. *See, e.g.*, *Deflecto, LLC v. Dundas *Jafine Inc.,* No. 13-0116, 2015 WL 9413148, at *1 (W.D. Mo. Dec. 22, 2015) (precluding use of "copycat," "knockoff," "ripped off," and "stole" in patent infringement case).

The Court should thus preclude CMT from making pejorative references to Apex or its actions.
2

DATED: February 3, 2026	**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

>Edward B. Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Malorie Ruggeri (*pro hac vice*)
>Brian E. Auricchio (*pro hac vice*)
>
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>mruggeri@haugpartners.com
>bauricchio@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.*

>/s/ John F. Morrow, Jr.

5

Case 3:24-cv-00137-TMR-DCK    Document 261    Filed 02/03/26    Page 5 of 5