UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> Apex Tool Group LLC and Apex Brands, Inc., <br><br> Defendants. | **MOTION IN LIMINE NUMBER 3 AND SUPPORTING BRIEF** |

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 3:** The Court Should Preclude Evidence or Argument from CMT: (a) that its Trade Dress is Anything Other Than as Described in its Registration and as Used by CMT in Commerce on its Circular Sawblades for Cutting Wood; (b) that Apex is "Using" CMT's Mark or Using CMT's "Color"; and (c) Pertaining to CMT's Use of Orange in Sales and Marketing that is not on a Circular Saw Blade, or that is in Connection with Products Other Than Circular Sawblades.

## LEGAL STANDARD

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without

the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## ARGUMENT

1. **The Court Should Preclude Evidence or Argument from CMT that its Trade Dress is Anything Other Than as Described in its Registration and as Used by CMT in Commerce on its Circular Sawblades for Cutting Wood**

The Lanham Act defines a trademark as follows: "[A]ny word, name, symbol, or device, or any combination thereof" that a person uses "to identify and distinguish his or her goods ... from those manufactured or sold by others and to indicate the source of the goods." *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 143 S. Ct. 1578, 1583, 216 L. Ed. 2d 161 (2023) (quoting 15 U.S.C. § 1127). It is fundamental that the trademark laws only protect a trademark (or trade dress) based on how it has been registered and actually used by the mark's owner in commerce. *See*, *e.g.*, *CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006) (in assessing likelihood of confusion, courts "look to how the two parties ***actually use their marks in the marketplace*** to determine whether the defendant's use is likely to cause confusion.") (emphasis added); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) ("To establish trademark infringement under the Lanham Act, a plaintiff must prove: (1) that it owns a valid mark; (2) that the defendant used the mark '***in commerce***' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) '***in connection with the sale, offering for sale, distribution, or advertising*** ' *of goods or services*; and (4) that the defendant's use of the mark is likely to confuse consumers.") (emphasis added) (quoting 15 U.S.C. § 1114(a)).

Applied to this law, CMT's Trademark Registration No. 3,038,625 shows CMT's trade dress as covering the entire surface of the circular sawblade:



*See* Dkt. 37-1 at 2. Consistent with this depiction, CMT's registration describes the mark as: "The mark consists of the color orange as applied to the goods. The drawing is lined for the color orange." *Id.* CMT's registration also contains the following Lining and Stippling Statement, further conveying that the color orange covers the entire surface: "The mark is the color orange, which covers the surface of the power saw blade and the drawing is lined for color thereof. The portion of the drawing which appears in phantom lines is to show positioning of the mark and is not part of the mark." *Id.*

CMT presents its circular sawblades to consumers in the marketplace as a distinct shade of orange covering the entire surface of the sawblades.



Many other companies sell circular sawblades that have various shades of orange on their surfaces. For example:



| Ridgid | Evolution | Century | Wen | Yolan |

Notwithstanding the above, CMT has suggested that its registered trade dress covers all shades of orange and is not limited to orange covering the entire surface of CMT's circular saw blades are marketed to consumers. CMT should be precluded from making such arguments to the jury because they are misleading and run counter to the trademark principles discussed above. *See also Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1328 (Fed. Cir. 1999) ("Absent a specifically

4

defined, *color-definite*, and *stable* visual appearance, an alleged trade dress cannot receive protection."). (emphasis added).

2. **The Court Should Preclude Evidence or Argument from CMT that Apex is "Using" CMT's Mark or Using CMT's "Color"**

For the same reason, CMT should be precluded from stating or suggesting that Apex is "using" CMT's trademark/trade dress or that Apex is "using" CMT's color. As shown below, Apex indisputably does not use the same color as CMT, and the "rawhide" color used by Apex does not cover the entire surface of the blades.[1]



| Comparison of Trade Dress | | |
|---|---|---|
| The '625 Registration | The CMT Orange Trade Dress as used in the marketplace | The Crescent Trade Dress as used in the marketplace |

It would therefore be misleading, irrelevant and unduly prejudicial if CMT was allowed to state or suggest to the jury that Apex is "using" or has "adopted" CMT's trademark. Rather, the appropriate test is whether Apex's accused circular sawblades for cutting wood, using Apex's trade dress, are likely to create consumer confusion with CMT's trademark / trade dress.[2]

---

[1] Both parties' color experts agree that the two colors are distinguishable by people who do not have vision impairment. Dkt No. 179-8 at 128:6-9, 129:7-131:23 and Dkt. No. 163-20 at 3-4.

[2] To be clear, through this motion Apex does not suggest that CMT should be precluded from arguing that circular sawblades having other colors, other shades of orange, or colors that do not cover the entire surface of the blades (like Apex's blades), are likely to cause confusion. Rather,

3. **The Court Should Preclude Evidence or Argument from CMT Pertaining to CMT's Use of Orange in Sales and Marketing that is not on a Circular Saw Blade, or that is in Connection with Products Other Than Circular Sawblades.**

Finally, CMT should be precluded from presenting evidence pertaining to CMT's uses of orange in connection with sales and marketing of products other than circular sawblades for cutting wood. The trademark / trade dress at issue only pertains to circular sawblades for cutting wood, and the Court has ruled that "the genus of goods at issue is 'circular blades for power saws for cutting wood.'" Dkt. 254, at p. 10. Evidence and argument pertaining to CMT's use of orange in connection with sales and marketing of other products is thus irrelevant, and it would be highly prejudicial to allow CMT to argue that the breadth, scope and/or strength of the trademark / trade dress at issue in this case (covering a circular sawblade for cutting wood) somehow stem from CMT's use of orange in connection with sales and marketing of other products. *See, e.g.*, *Fuel Clothing Co. v. Nike, Inc.*, 7 F. Supp. 3d 594, 610 (D.S.C. 2014) ("A court should measure a mark's conceptual strength by focusing on "the linguistic or graphical 'peculiarity' of the mark ... ***considered in relation to the product, service, or collective organization to which the mark attaches***.") (emphasis added) (quoting *Synergistic Int'l, LLC,* 470 F.3d at 173) (citing *Carefirst,* 434 F.3d at 269).

Indeed, a wide range of companies within the home improvement and power tools industries use the color orange prominently on their branding – including but not limited to Home Depot, Ridgid, Black & Decker, and Cleco. *See* Dkt. No. 178-1, with representative samples below. The issues before this Court are not whether the color orange is unique within those industries as a whole, but instead if the very specific trade dress contained within Registration No.

---

CMT should be precluded from claiming that ***its trade dress*** is something other than that presented to the marketplace by CMT (*e.g.*, other shades or orange or not covering the entire surface of the blade), or that Apex is actually using CMT's trade dress.

3,038,625 (namely, the use of orange that "covers the surface of the power saw blade") is a valid right and has been infringed.

Allowing CMT to use evidence showing the use of orange on other products and in marketing that is not showing the color covering the surface of a circular saw blade would not only prejudice and confuse the jury, but it would also result in the Court having to consider all the many other companies in the home improvement and power tools industries that use orange prominently on their branding and marketing. This would not streamline the case and will likely lead to the admission of a significant amount of irrelevant and confusing evidence.



 

Therefore, the Court should preclude evidence and argument from CMT that:

1. Claims CMT's asserted trade dress is anything other than as used by CMT in commerce on its circular sawblades for cutting wood;

2. Claims that Apex is "using" CMT's trade dress or "using" CMT's "color"; or

3. Pertains to CMT's use of orange in sales and marketing that is not on a circular saw blade used for cutting wood.

| | |
|---|---|
| DATED: February 3, 2026 | **WOMBLE BOND DICKINSON (US) LLP** |

By: */s/ John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

>Edward B. Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Malorie Ruggeri (*pro hac vice*)
>Brian E. Auricchio (*pro hac vice*)
>
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>mruggeri@haugpartners.com
>bauricchio@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc.
>and CMT Untensili S.p.A.*

>/s/ John F. Morrow, Jr.