UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-RJC-DCK

| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> Apex Tool Group LLC and Apex Brands, Inc., <br><br> Defendants. | MOTION IN LIMINE NUMBER 4 AND SUPPORTING BRIEF |

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 4: The Court Should Preclude CMT from Arguing Confusion Based on How the Parties' Products May Look During the Manufacturing Process, After Prolonged Use, or Other Than How They Are Presented to the Consuming Public.**

## LEGAL STANDARD

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even

if evidence is deemed relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## ARGUMENT

CMT has suggested that it believes likelihood of confusion exists based on how Apex's circular sawblades look during the manufacturing process or after they have been used by consumers for a prolonged period of time. Specifically, CMT posits that the red-orange color "Rawhide" used on Apex's circular sawblades during the manufacturing phase is closer to the orangeish shade of CMT's circular sawblades. Dkt. No. 176 at 13. Similarly, CMT argues that after prolonged use some of the labeling on Apex's circular sawblades (including the prominent black ribbon and other sub-brands displayed prominently on the blades) wears off, making the blades look more similar to CMT's sawblades. Dkt. No. 159 at 16.

Both arguments are irrelevant and would be highly prejudicial because likelihood of confusion is based on how consumers see the parties' respective circular sawblades for cutting wood as they are marketed and sold to consumers (not well before or after such sales). *See, e.g., CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006) (in assessing likelihood of confusion, courts "look to how the two parties ***actually use their marks in the marketplace*** to determine whether the defendant's use is likely to cause confusion.") (emphasis added); *Shakespeare Co. v. Silstar Corp. of Am., Inc.*, 906 F. Supp. 997, 1011 (D.S.C. 1995), *aff'd*, 110 F.3d 234 (4th Cir. 1997) (The analysis of the similarity of the marks must look to the entire trade dress ***as presented to the consuming public***, rather than individual elements of that trade dress) (emphasis added); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) ("To establish trademark infringement under the Lanham Act, a plaintiff must prove: (1) that it

owns a valid mark; (2) that the defendant used the mark '*in commerce*' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) '***in connection with the sale, offering for sale, distribution, or advertising' of goods or services***; and (4) that the defendant's use of the mark is likely to confuse consumers.") (emphasis added) (quoting 15 U.S.C. § 1114(a); *see also Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC,* 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of Animals v. Doughney,* 263 F.3d 359, 364 (4th Cir. 2001).

      The Court should thus preclude CMT from arguing or suggesting that there is a likelihood of confusion based on how the parties' products may look during the manufacturing process, after prolonged use, or other than how they "are presented to the consuming public."

| | |
|---|---|
| DATED: February 3, 2026 | **WOMBLE BOND DICKINSON (US) LLP** |

*By: /s/ John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *John F. Morrow, Jr.*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

> Edward B. Davis (NC Bar ID 27546)
> Joshua B. Durham (NC Bar ID 25414)
> BELL, DAVIS & PITT
> 227 W. Trade St., Suite 1800
> Charlotte, NC 28202
> (704) 227-0400
> ward.davis@belldavispitt.com
> jdurham@belldavispitt.com
>
> Edgar H. Haug (*pro hac vice*)
> Robert E. Colletti (*pro hac vice*)
> Malorie Ruggeri (*pro hac vice*)
> Brian E. Auricchio (*pro hac vice*)
>
> HAUG PARTNERS LLP
> 745 Fifth Avenue
> New York, NY 10151
> (212) 588-0800
> ehaug@haugpartners.com
> rcolletti@haugpartners.com
> mruggeri@haugpartners.com
> bauricchio@haugpartners.com
>
> *Attorneys for Plaintiffs CMT USA, Inc.*
> *and CMT Untensili S.p.A.*

*/s/ John F. Morrow, Jr.*