CMT USA, Inc. and CMT Utensili S.p.A.,

      Plaintiffs,

v.

Apex Tool Group LLC and Apex Brands, Inc.,

      Defendants.

**MOTION IN LIMINE NUMBER 8
AND SUPPORTING BRIEF**

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 8: The Court Should Preclude CMT from Making Arguments or Statements Regarding Purported Evidence of Non-Consumer Confusion from CMT's Employees and Close Associates**

**<u>LEGAL STANDARD</u>**

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc*., 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially

outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## ARGUMENT

Apex believes that CMT intends to suggest or argue to the jury that instances of purported non-consumer confusion initiated by employees or close associates of CMT are in fact evidence of actual consumer confusion. Specifically, Apex believes CMT at least intends to raise an instance of purported confusion where CMT USA, Inc.'s national sales manager initiated a conversation with CMT's distributor or reseller Harmco Fasteners Co. about Defendant's CRESCENT-brand saw blades, while calling them "orange." However, "[a]ttestations from persons in close association and intimate contact with (the trademark claimant's) business do not reflect the views of the purchasing public." *Self-Realization Fellowship Church v.Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995); *see, e.g.*, *Blue Sky Endeavors, LLC v. Henderson Cnty. Hosp. Corp.*, No. 1:23-CV-00097-MR, 2025 WL 2390291, at *9 (W.D.N.C. Apr. 15, 2025) ("Anecdotal, hearsay evidence of confusion on the part of employees or others closely associated with the subject brand 'does not suffice to raise a genuine issue of material fact as to consumer confusion, especially given that this inquiry focuses on the consuming public as a whole, not interested parties already familiar with the plaintiff's mark through personal connections.") (*citing Gameologist Grp., LLC v. Scientific Games Int'l, Inc.*, 838 F.Supp.2d 141, 162 (S.D.N.Y.2011), aff'd, 508 F. App'x 31 (2d Cir. 2013)); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("the district court correctly found plaintiff's evidence of actual confusion from acquaintances, friends, and family insufficient."), *holding modified by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005); *Fuel Clothing Co. v. Nike, Inc.*, 7 F. Supp. 3d 594, 622 (D.S.C. 2014) ("Here, the evidence of actual confusion presented by Fuel comes solely from acquaintances or

friends of Mr. Gould or from athletes sponsored by Fuel. Thus, the evidence does not accurately reflect the actual confusion of the public as a whole."); *Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-CV-04895-WHO, 2017 WL 4865561, at *7 (N.D. Cal. Oct. 27, 2017) ("But each confused person identified was either a client of Rise Basketball, a family member of Abellar, or a friend of Abellar. Id. That is not sufficient evidence of actual confusion given the close relationship between Rise Basketball and the confused individuals.").

CMT's claimed instance or instances of purported confusion, between a CMT employee and a close associate of CMT who is familiar with CMT and their marks, cannot demonstrate actual confusion. Particularly when such discussions are initiated by the CMT employee in an attempt to create comments mentioning similarities. CMT should therefore be precluded from making any reference to purported instances of confusion by close associates of CMT because it is irrelevant and would be highly prejudicial. *See* Fed. R. Evid. 401–403.

DATED: February 3, 2026 **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1.    No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2.    Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.                    **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE NUMBER 1 AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)

HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mruggeri@haugpartners.com
bauricchio@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc.*
*and CMT Untensili S.p.A.*

/s/  Aaron D. Johnson