| | |
|---|---|
| CMT USA, Inc. and CMT Utensili S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> Apex Tool Group LLC and Apex Brands, Inc., <br><br> Defendants. | **MOTION IN LIMINE NUMBER 9 AND SUPPORTING BRIEF** |

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 9:   CMT Should be Precluded from Making Reference or Admitting Evidence relating to a 1996 Litigation Between Plaintiffs and its then U.S. distributer, Tooltrend, Inc. d/b/a CMT Tools**

   I.   **LEGAL STANDARD**

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc*., 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially

1

outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## II. BACKGROUND

This is a trademark infringement case in which Plaintiffs contend that their alleged trademark rights in an all-orange trade dress for woodworking circular saw blades (the "CMT Orange Trade Dress") have been infringed by Apex's sale of woodworking circular saw blades in a design that includes black, white, and a reddish-orange color known as "Rawhide" (the "Crescent Trade Dress").

Apex believes that CMT intends to reference or introduce evidence of a prior litigation from over twenty years ago, and to which Apex was not a party, to support its current allegations of trademark infringement. *See* Second Amended Complaint, Dkt 37 at ¶51. That prior litigation was between Plaintiffs and its then U.S. distributer, Tooltrend, Inc. d/b/a CMT Tools, case no. 96-9-CIV-T-21B in the Middle District of Florida, and the case was subsequently appealed to the Eleventh Circuit (collectively, the "Router Litigation"). *See* Opening Appeal Brief of CMT USA, Inc. and CMT Utensili S.p.A., CMT0007225, attached as **Exhibit 1**. According the CMT, the Router Litigation focused "on the issue of ownership of three trademarks . . . . (1) the name CMT; (2) an orange color on router bits; and (3) an orange fruit logo." *Id.* at CMT0007232. Because the parties contested the ownership of the marks, the parties **stipulated** as to a likelihood of confusion between the parties' uses. *Id.* at CMT0007236. As the jury found that CMT was the owner of both the name CMT and "an orange color on router bits," a likelihood of confusion, and Tooltrend's resulting liability, was presumed. *Id.*

As explained *infra*, the Router Litigation should be excluded as irrelevant and prejudicial, and the Court should preclude Plaintiffs, its attorneys, and its witnesses from referencing or introducing any evidence or argument relating to the Router Litigation.

## III. ARGUMENT

The Router Litigation is both irrelevant and prejudicial and should be excluded under both Fed. R. Evid. 401 and Fed. R. Evid. 402. The Router Litigation was between different parties, did not involve or relate to Plaintiff, concerned a different trademark, concerned different goods, and the parties stipulated as to a likelihood of confusion. Admitting the Router Litigation would be highly prejudicial and cause the jury to rely on a former, irrelevant court case to stand in for its own determination.

### A. The Prior Litigation Should Be Excluded Because It Is Irrelevant

Fed. R. Evid. 401 provides that only relevant evidence is admissible. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *See* Fed. R. Evid. 402.

To prevail on its trademark infringement claims, CMT "must prove that it owns a valid and protectable mark, and that the defendant's use of a 'reproduction, counterfeit, copy, or colorable imitation' of that mark creates a likelihood of confusion." *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (quoting 15 U.S.C. § 1114(1)(a)). Courts in the Fourth Circuit look to the nine *Pizzeria Uno* factors in assessing likelihood of confusion: (1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the

defendant's product; and (9) the sophistication of the consuming public. *See Pizzeria Uno Corp. v. Temple,* 747 F.2d 1522, 1527 (4th Cir. 1984) (setting forth factors one through seven) and *Sara Lee Corp. v. Kayser–Roth Corp.,* 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine).

The Router Litigation does not make any element or factor of this test more or less probable. First, the Router Litigation concerned any entirely different mark— "the color orange as applied to the outer routing surface of the [router bit]," used in connection with "power tool accessories, namely router bits." Dkt. 37 at ¶ 23. While CMT raised its alleged rights in the color orange on router bits in its Complaint, CMT did not allege any cause of action premised on those rights. Dkt. 37. CMT has since conceded that it is not claiming trade dress rights in its orange router bits in this case—when asked to "Identify and describe in detail each element of the trade dress in which CMT claims rights in this case," CMT unequivocally responded that "its trade dress is defined by U.S. Reg. No. 3,038,625 as the color orange as applied to the goods of "circular blades for power saws for cutting wood." CMT's Response to ROG 1, attached as **Exhibit 2**.

CMT has also argued that the color orange, as applied to any tool other than woodworking circular saw blades, is irrelevant to both the validity of its mark and to a likelihood of confusion with Apex's use of Rawhide. When Apex moved to compel discovery related to the third-party use of the color orange, CMT responded that

> "Apex fails to demonstrate the relevance of third-party use of the color orange on other tools. . . .CMT's trademark includes not only the color orange, but the shape of the product itself: a circular blade for power saw blade for cutting wood. In light of this, Apex cannot assert that some other power tool, that uses some amount of orange, like a leaf blower, is using a 'similar mark' on a 'similar good.'"

127748367.4

Dkt. 76 at p. 6–7. CMT's position here—that any "discovery on goods beyond circular woodcutting blades captures products that are 'unquestionably' irrelevant to any claim or defense in this case"—is in effect a concession that the Router Litigation is also irrelevant. *See* Dkt. 76 at p. 8.

Second, the Router Litigation was not between Apex and Plaintiffs and has no bearing on Apex's conduct, intent, or knowledge in this case. The litigation occurred over twenty years ago, none of Apex's products, facilities, or advertising was at issue, and the litigation concerned *routers*, not circular saw blades—thus, the Router Litigation does not make any fact relating to the *Pizzeria Uno* factors, including the similarity or dissimilarity of Apex and CMT's products, facilities, and advertising, any more or less probable. Accordingly, the Router Litigation is not relevant and should be excluded under Fed. R. Evid. 401 and 402.

**B.     The Prior Litigation Should Be Excluded Because It Is Unfairly Prejudicial**

Even if the Court finds the evidence of the Router Litigation is relevant, the Court should nevertheless exclude such evidence under Fed. R. Evid. 403 "as its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. "Courts routinely exclude evidence and argumentation relating to prior litigation because the risk of unfair prejudice substantially outweighs the probative value of any evidence." *Int'l Bus. Machines Corp. v. Zynga Inc.*, No. CV 22-590-GBW, 2024 WL 3993290, at *2 (D. Del. Aug. 29, 2024).

First, to the extent the Router Litigation is even arguably relevant, its probative value is low. As explained *supra*, the Router Litigation concerned different parties, different marks, "unquestionably" different products, and a stipulation as to a likelihood of confusion. That low probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues,

5

127748367.4

Case 3:24-cv-00137-TMR-DCK     Document 282     Filed 02/03/26     Page 5 of 9

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See Int'l Bus. Machines Corp. v. Zynga Inc.*, No. CV 22-590-GBW, 2024 WL 3993290, at *2 (D. Del. Aug. 29, 2024) ("Evidence of a prior summary judgment ruling on unrelated products, for instance, can be highly confusing to the jury and often has very little relevance to the relevant case. Thus, the Court will not permit either party to introduce such evidence to the jury.").

Because Apex was not a party to the Router Litigation, Apex did not have an opportunity to contest any elements, findings, or holdings in the Router Litigation. And because the Router Litigation occurred over twenty years ago, Apex would not be able to review any physical evidence, cross examine witnesses—in other words, Apex would have no meaningful ability to contest the Router Litigation. Forcing Apex to do so mid-trial would therefore cause unfair prejudice to Apex. In addition, Apex even attempting to contest or explain the Router Litigation would create a "trial within a trial," wasting judicial resources and time, and confusing the issues at hand. And, introducing the results of the irrelevant Router Litigation creates a substantial danger that the jury will improperly substitute the judgment in the Router Litigation in place of its own findings.

The probative value of introducing or referencing any evidence or argument relating to the Router Litigation is therefore substantially outweighed by the risk of unfair prejudice. Accordingly, the Router Litigation should be excluded under Fed. R. Evid. 403.

DATED: February 3, 2026					**WOMBLE BOND DICKINSON (US) LLP**


By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tracy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tracy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE NUMBER 1 AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

>Edward B. Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Malorie Ruggeri (*pro hac vice*)
>Brian E. Auricchio (*pro hac vice*)
>
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>mruggeri@haugpartners.com
>bauricchio@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.*

/s/ Aaron D. Johnson