UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00137-TMR-DCK

CMT USA, INC. and CMT UTENSILI S.P.A.,

  Plaintiffs,

 v.

APEX TOOL GROUP LLC and APEX BRANDS, INC.,

  Defendants.

**MOTION IN LIMINE NUMBER 10 AND SUPPORTING BRIEF**

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 10: CMT Should be Precluded from Asking Questions About or Referencing any Alleged Assessment of Counsel**

## LEGAL STANDARD

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay,

1

wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, CMT should be precluded from asking questions about or referencing any alleged assessment of Apex's counsel regarding Apex's use of Rawhide and the Crescent Circular Trade Dress. Because the of any such assessments would be substantially outweighed by the danger of unfair prejudice and misleading the jury, and such reference offends the attorney-client privilege, the Court should preclude the parties from referencing Apex's counsel's assessments on its use of the Rawhide color.

## ARGUMENT

Apex rebranded its CRESCENT brand to a new color scheme in 2017, a number of years prior to the production of the Crescent saw blades at issue here. During that rebrand, Apex initiated discussions with counsel regarding the new color scheme and as part of those communications received a trademark search report and advice from counsel.[1] At the time, Apex was not producing and had no plans to produce saw blades. Because these communications did not involve the products at issue, CMT should be precluded from asking any questions or offering any evidence concerning Apex's counsel's assessment of any such color rights.

First, counsel's assessment regarding the use of Rawhide generally is irrelevant to this case because the trademark search report did not relate to the use of the color on circular saw blades. *Cf. Black & Decker (U.S.) Inc. v. Pro-Tech Power Inc.*, 26 F. Supp. 2d 834, 849 n.6 (E.D. Va. 1998) (considering only the relevant trade dress despite some evidence presented of the "overall look of the DeWalt line"); *TBL Licensing, LLC v. Vidal*, 644 F. Supp.3d 190, 199 (E.D. Va. 2022) ("It is imperative that the evidence of acquired distinctiveness relate to the promotion and recognition of the *specific configuration* embodied in the applied-for mark and not to the goods in

---

[1] Apex does not dispute that its counsel sent the trademark search report and that the report contained US Trademark Reg. No. 3,038,625

general." (emphasis added.)). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. This Court clarified this suit is about CMT's trade dress—the orange color as applied to CMT saw blades. (ECF No. 254, at 7 n.2.) It also concluded, "the proper genus for the Orange Trade Dress is 'circular blades for power saws for cutting wood,' as provided by" CMT's trademark registration. (*Id.* at 12.) Because any assessments of counsel on the use of Rawhide by Apex was not in reference to its use on "circular blades for power saws for cutting wood," any reference to the assessments of counsel is irrelevant and inadmissible.

Second, even if any assessments of counsel on the general use of Rawhide is relevant, its minimal probative value is substantially outweighed by the dangers of undue prejudice and misleading the jury. *See* Fed. R. Evid. 403. Allowing CMT to reference the assessments of counsel regarding the use of Rawhide orange generally will invite the jury to place too much weight on a minimally relevant piece of evidence because it came from an attorney. *See U.S. v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003) ("Rule 403 only requires suppression of evidence that results in unfair prejudice—prejudice that damages an opponent for reasons other than its probative value[.]"); *IA Labs CA, LLC v. Nintendo Co., Ltd.*, 857 F.Supp.2d 550, 552 (D. Md. 2012) (excluding patent reexamination document because introduction "would run an unnecessary risk that jurors would accord undue weight . . . and might improperly defer to the . . . initial determination."). Moreover, the jury is likely to be misled or confused on the applicable law because counsel's assessments only relate to the use of Rawhide, not the use of the color on the circular blade at issue. *Cf. U.S. v. McIver*, 470 F.3d 550, 561-62 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying facts to law is generally inadmissible."). Because the risk the

3

jury will be misled and place too much weigh on counsel's assessments outweigh its minimal probative value, any reference to the assessments should be excluded.

Third, any mention of counsel's assessments offends the attorney-client privilege. Apex has not waived attorney-client privilege. Apex has not asserted an advice of counsel defense or otherwise placed privileged communications at issue. *See Rhone–Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851, 863 (3d Cir.1994) ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner."). The purpose of the attorney-client privilege is "to encourage those who find themselves in actual or potential legal disputes to be candid with lawyers who advise them[.]" *Cincinnati Ins. Co. v. Zurich Ins. Co.*, 198 F.R.D. 81, 87 (W.D.N.C. 2000). Any reference to Apex's counsel's assessments will have a chilling effect on the purpose of these communications and discourage diligent efforts before filing a trademark application because Apex has done nothing to place these communications or assessments at issue. *See id.* at 88. Because Apex has not waived attorney-client privilege, any mention of its counsel's assessments should be excluded.

For the foregoing reasons, the Court should exclude the parties from asking any questions about, or referencing any assumed assessments from Apex's counsel regarding the use of the Rawhide color because it is irrelevant, highly prejudicial, likely to mislead and confuse the jury, and offends the attorney-client privilege.

DATED: February 3, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

# CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February 3, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 3rd day of February, 2026, the foregoing **MOTION IN LIMINE NUMBER 1 AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

>Edward B. Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Malorie Ruggeri (*pro hac vice*)
>Brian E. Auricchio (*pro hac vice*)
>
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>mruggeri@haugpartners.com
>bauricchio@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc. and CMT Untensili S.p.A.*

>/s/  Aaron D. Johnson