UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00137-TMR-DCK

CMT USA, INC. and CMT UTENSILI S.P.A.,

    Plaintiffs,

    v.

APEX TOOL GROUP LLC and APEX BRANDS, INC.,

    Defendants.

**MOTION IN LIMINE NUMBER 11 AND SUPPORTING BRIEF**

Pursuant to the Case Management Order and Local Civil Rule 7.1, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") move *in limine* to respectfully request that the Court preclude Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A, their attorneys, and their witnesses (collectively "CMT") from referencing or introducing any evidence or argument relating to the following subject before the jury or prospective jurors.

**MIL NO. 11:  CMT Should be Precluded from Making Calling or Using the testimony of CMT's potential witnesses, Jay Uballez and Matt Foley**

## LEGAL STANDARD

The purpose of a motion *in limine* is "to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp.2d 554, 558 (D. Md. 2001) (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Even if evidence is deemed relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay,

1

wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, Pursuant to Federal Rules of Civil Procedure 26 and 37, the testimony of CMT's potential witnesses Jay Uballez and Matt Foley should be excluded because they were untimely and improperly disclosed and their testimony is solely based on inadmissible hearsay.

## BACKGROUND

Fact discovery closed in this matter over one year ago, on November 1, 2024. On December 18, 2024, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT"), served on Apex "Plaintiffs' Fifth Supplemental Response to Defendants' First Set of Interrogatories (No. 9)", (hereinafter, the "Supplemental Response") attached as **Exhibit 1.** Interrogatory No. 9 states:

> Identify and describe all instances of actual confusion as to the source of CMT's saw blades and Apex's saw blades based on use of the color "orange", including, without limitation, the name of the person confused, the nature and circumstances of the alleged actual confusion, and provide all documents relevant to the instance of actual confusion.

Supplemental Response, at 2. Under the heading, "Third Supplemental Response to Interrogatory No. 9" CMT provided its supplemental answer, stating:

> On November 11, 2024, CMT Regional Managers Jay Uballez and Matt Foley attended the STAFDA 2024 Annual Convention & Trade Show in Nashville, Tennessee on behalf of CMT. While working at CMT's booth, Mr. Uballez was approached by Steve Milosevich, owner of A.N.CO. Fastener Sales, with a complaint. Mr. Milosevich stated that he had been attempting to contact CMT by phone for several days but was unable to reach anyone. Mr. Uballez was surprised and immediately replied that this was unusual because CMT always answers its customer service calls.
>
> Mr. Milosevich then explained that after failing to contact CMT, he ordered 6,000 "Nail Slicer" blades on Amazon (amazon.com). Mr. Milosevich also explained he was not looking for the CMT booth, but rather the Crescent booth, and he mistook CMT's orange-themed display of orange-colored circular woodworking saw blades at STAFDA for Crescent's booth. Crescent's booth did not feature or advertise any orange circular saw blades.

*Id.* at 3-4. At that time, CMT did not supplement their disclosure statement to include Mr. Uballez or Mr. Foley.

Summary judgment motions were filed on April 2, 2025, and briefing concluded on April 23, 2025. *See* ECF Nos. 157, 161, 187. Two months after the close of this briefing, and more than six months after Plaintiffs served the Supplemental Response, CMT supplemented its disclosure statement to disclose Messrs. Uballez and Foley as individuals that may have discoverable information and as potential witnesses it may call at trial. Plaintiffs' Second Supplemental Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures dated June 24, 2025 (hereinafter, the "Supplemental Disclosure"), at 3, attached as **Exhibit 2.** The Supplemental Disclosure indicated both Mr. Foley and Mr. Uballez would testify about the November 2024 convention and Mr. Milsovich's statements that he purportedly mistook CMT's booth for Crescent's booth. *Id.* Apex now moves *in limine* to exclude the testimony of these potential witnesses because Messrs. Uballez and Foley were untimely disclosed and their testimony will rely solely on inadmissible hearsay.

## ARGUMENT

**A.    CMT's disclosure of Messrs. Uballez and Foley's testimony was untimely, requiring their exclusion under Rule 37.**

Because CMT belatedly disclosed Mr. Uballez and Mr. Foley's testimony, they must be excluded. Federal Rule of Civil Procedure 26(e)(1) provides that a party must timely supplement their disclosure or answers in discovery "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" If a party fails to identify a witness or provide information in accordance with Rule 26, "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has broad discretion to fashion a remedy under Rule 37 but its analysis is guided by four factors for nondisclosed evidence or testimony: "(1) the surprise to the party against whom the evidence would be offered; (2) the

3

ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gomez v. Haystax Tech., Inc.*, 761 Fed.Appx. 220, 229 (4th Cir. 2019) (internal quotations and citations omitted). CMT, as the non-disclosing party, bears the burden of establishing its untimely disclosure was harmless or substantially justified. *Id.* at 229-30 (citations omitted).

CMT's untimely disclosure warrants the exclusion of Mr. Uballez and Mr. Foley testimony. CMT waited to disclose Mr. Uballez and Mr. Foley as potential witnesses for almost six months after it learned they had information relevant to the litigation, after the close of discovery, and after briefing on summary judgment motions was complete. The Fourth Circuit has affirmed the exclusion of witnesses disclosed after the close of discovery. *See, e.g., Gomez*, 761 Fed.Appx. at 234.

Moreover, Apex has been unfairly surprised by the addition of Messrs. Uballez and Foley to CMT's potential witnesses. *Cf. S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 598-99 (4th Cir. 2003) (finding disclosure of expert witness new opinion during trial resulted in surprise which could not be cured). If the surprise cannot be cured it is prejudicial, and should be excluded. *See Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (affirming district court's exclusion of untimely disclosed deposition testimony because it was prejudicial). Apex was not notified at any point before June 24, 2025, that CMT intends to call these witnesses to testify. Although CMT supplemented its interrogatory in December 2024 to inform Apex that Mr. Uballez and Mr. Foley witnessed the alleged incident of "actual confusion", Apex was unaware CMT may call them to testify at that time. Because discovery had been closed for nearly six months by the time CMT disclosed these witnesses, Apex has been unable to depose or conduct further fact

investigation on this alleged incident. For this reason, Apex could not cure this surprise. *See id.* (affirming district court's decision surprise could not be cured after consideration of its own high volume of cases and the need for parties to abide by case management orders). And allowing Apex to cross-examine the witnesses is insufficient to cure Apex's prejudice, because Apex has been denied the opportunity to obtain these witnesses' testimony before trial. *See S. States Rack & Fixture, Inc.*, 318 F.3d at 598-99 (noting district court correctly found "the ability to cross-examine an expert concerning a new opinion at trial is not the ability to cure[.]").

Further, allowing CMT to present this evidence would disrupt trial. *See Osunde v. Lewis*, 281 F.R.D. 250, 258 (D. Md. 2012) (finding granting a continuance or opening discovery would be disruptive). Apex had no opportunity to depose the witnesses. In the event the court does not exclude these witnesses on this ground, Apex challenges the testimony on the grounds it will be fettered with inadmissible hearsay, which is likely to be any testimony about a third-party's alleged statements of actual confusion. Should this motion be denied, Apex will object to any testimony that includes such hearsay requiring the court to rule question by question which will be highly prejudicial to Apex. *See Benjamin*, 986 F.3d at 343 (determining late disclosed deposition testimony would require court to "go through all these objections line by line which it found extremely prejudicial on the eve of trial." (internal quotations omitted)).

The testimony is also important to CMT's case such that the belated disclosure requires its exclusion. *See S. States Rack & Fixture, Inc.*, 318 F.3d at 589-99 (explaining importance its viewed from the perspective of both parties but explained if the evidence is important to the undisclosing party it shows why it should have been timely disclosed); *see also Vir2us, Inc. v. Invincea, Inc.*, 235 F.Supp.3d 766, 778 (E.D. Va. 2017) (finding nondisclosing party's desire to use undisclosed evidence weighs in favor of exclusion). CMT's case relies on the contention that consumers

5

confuse Apex's circular saw blades with the Crescent Trade Dress with CMT's circular saw blades using the trade dress within CMT's Registration Trademark. CMT purports the Mr. Uballez and Mr. Foley, if called as witnesses, will testify to an instance of "actual confusion." Supplemental Disclosure, at 3. CMT did not have any other witness listed to testify to "actual confusion" before supplementing the disclosure statement to include Mr. Uballez and Mr. Foley. *See id.* This is further exemplified by CMT's choice to belatedly supplement their disclosure statement instead of foregoing the testimony of these witnesses. If it was that important, "it should have been disclosed in a timely manner to [Apex]." *S. States Rack & Fixture, Inc.*, 318 F.3d at 589-99.

Lastly, CMT has no justification for failing to disclose these witnesses until June 24, 2025. CMT had the information it needed to disclose these potential witnesses in November 2024 when the alleged "actual confusion" incident occurred. CMT cannot assert its failure to supplement was merely a mistake. *See Vir2us, Inc.*, 235 F.Supp.3d at 778-79 (reasoning nondisclosing party's mistaken beliefs do not amount to substantial justification). These witnesses should be excluded because there is no reason CMT couldn't have supplemented their disclosure in late 2024 so that Apex could have reopened discovery before the parties brief the motions for summary judgment. *See Osunde*, 281 F.R.D. at 258 (finding lack of explanation supports exclusion).

**B.     Messrs. Uballez and Foley's testimony is based on inadmissible hearsay and must be excluded.**

Mr. Uballez and Mr. Foley's potential testimony is based solely on the statements of another; thus, their testimony must be excluded as inadmissible hearsay. Hearsay is inadmissible absent an applicable exception under the Federal Rules of Evidence. Fed. R. Evid. 802.

The proposed testimony of these witnesses is inadmissible hearsay. CMT is solely offering Messrs. Uballez and Foley's testimony to establish an incident of alleged "confusion" by a consumer. Neither witness is that consumer. Instead, Mr. Uballez and Mr. Foley, CMT regional

6

Case 3:24-cv-00137-TMR-DCK     Document 284     Filed 02/03/26     Page 6 of 10

managers, apparently intend to testify a man approached the CMT booth at a convention and later stated he mistook their booth for the Crescent booth. The man's statement was made out of court, and is being testified to by CMT's own employees. *See DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 569 (E.D. Va. 2013) (declining to consider plaintiff's uncorroborated testimony of a third-party's out of court statements because it was unreliable and inadmissible hearsay). Further, the statement is being offered for the truth of the matter asserted—that the man was purportedly "actually confused" by the orange color of the booths. *See Mathis v. Terra Renewal Services, Inc.*, 69 F.4th 236, 247 (4th Cir. 2023) (affirming exclusion of testimony solely on inadmissible hearsay). The offered testimony is textbook hearsay, and no exception applies to allow its admittance. There are also many questions about the testimony that Mr. Uballez and Mr. Foley will be unable to answer including why he went to the booth, and if he went to the both based on color, names, photographs, or something else.

In *Blue Sky Endeavors, LLC v. Henderson County Hospital Corp.* this Court rejected statements of purported consumer confusion as inadmissible hearsay. No. 1:23-cv-00097-MR, 2025 WL 2390291, at *10 (W.D.N.C. April 15, 2025). After defendants moved for summary judgment on all claims including trademark infringement, plaintiffs filed their response citing evidence of confusion. *Id.* at *4. The evidence included testimony from witnesses that anonymous clients had expressed confusion over the parties' marks. *Id.* When granting defendants' motion, the Court rejected plaintiffs' evidence of actual confusion because "statements of [plaintiffs'] employees regarding clients calling [plaintiffs] and purportedly expressing confusion regarding an association between the two entities. . . . [is] inadmissible hearsay." *Id.* at *10 (footnote omitted).

CMT's witnesses testimony is analogous to the inadmissible hearsay rejected by the Court in *Blue Sky*. Mr. Uballez and Mr. Foley, employees of CMT, will testify about purported statements

7

confusion by an anonymous consumer. This is the same kind of hearsay evidence the Court found inadmissible in *Blue Sky*. Accordingly, because Mr. Uballez's and Mr. Foley's testimony is inadmissible in its entirety, the Court should exclude them from testifying.

## **CONCLUSION**

The Court should exclude the testimony of Mr. Uballez and Mr. Foley. First, CMT failed to timely disclose these witnesses to Apex under Federal Rule of Civil Procedure 26, warranting their exclusion under Federal Rule of Civil Procedure 37. Second, Mr. Uballez and Mr. Foley will only testify to inadmissible hearsay. For the foregoing reasons, Apex respectfully request the Court exclude the testimony of these witnesses.

DATED: February __, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

8

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed February ___, 2026.          **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ _____
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com
Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)

**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
(844) 763-3347
Jsneed@Sneedlegal.com
Msneed@Sneedlegal.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the ___ day of February, 2026, the foregoing **MOTION IN LIMINE NUMBER 1 AND SUPPORTING BRIEF** was served via electronic means through CM/ECF on the following counsel of record:

>Edward B. Davis (NC Bar ID 27546)
>Joshua B. Durham (NC Bar ID 25414)
>BELL, DAVIS & PITT
>227 W. Trade St., Suite 1800
>Charlotte, NC 28202
>(704) 227-0400
>ward.davis@belldavispitt.com
>jdurham@belldavispitt.com
>
>Edgar H. Haug (*pro hac vice*)
>Robert E. Colletti (*pro hac vice*)
>Malorie Ruggeri (*pro hac vice*)
>Brian E. Auricchio (*pro hac vice*)
>
>HAUG PARTNERS LLP
>745 Fifth Avenue
>New York, NY 10151
>(212) 588-0800
>ehaug@haugpartners.com
>rcolletti@haugpartners.com
>mruggeri@haugpartners.com
>bauricchio@haugpartners.com
>
>*Attorneys for Plaintiffs CMT USA, Inc.*
>*and CMT Untensili S.p.A.*

/s/ _____