**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-CV-00137-TMR-DCK**

CMT USA, INC. and CMT UTENSILI S.p.A.,

     Plaintiffs,

     v.

APEX TOOL GROUP LLC and APEX
BRANDS, INC.

     Defendants.

**JOINT PRETRIAL ORDER**

| | |
|---|---|
| Ward Davis (NC Bar ID 27546) | Jason M. Sneed (NC Bar ID 29593) |
| Joshua B. Durham (NC Bar ID 25414) | Megan E. Sneed (NC Bar ID 38525) |
| **BELL, DAVIS & PITT** | **SNEED PLLC** |
| 227 W. Trade Street, Suite 1800 | 445 S. Main St., Suite 400 |
| Charlotte, NC 28202 | Davidson, North Carolina 28036 |
| (704) 227-0400 | JSneed@sneedlegal.com |
| ward.davis@belldavispitt.com | MSneed@sneedlegal.com |
| jdurham@belldavispitt.com | |

-and-

| | |
|---|---|
| Edgar H. Haug (*pro hac vice*) | John F. Morrow, Jr. |
| Robert E. Colletti (*pro hac vice*) | Aaron D. Johnson |
| Brian E. Auricchio (*pro hac vice*) | David A. Jackson |
| Malorie Ruggeri (*pro hac vice*) | Joy Tacy Allen Woller |
| **HAUG PARTNERS LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
| 745 Fifth Avenue | One West Fourth Street |
| New York, NY 10151 | Winston-Salem, NC 27101 and |
| (212) 588-0800 | 50 California Street, Suite 2750 |
| ehaug@haugpartners.com | San Francisco, California 94111 |
| rcolletti@haugpartners.com | John.Morrow@wbd-us.com |
| bauricchio@haugpartners.com | Aaron.Johnson@wbd-us.com |
| mruggeri@haugpartners.com | David.Jackson@wbd-us.com |
| | Joy.Woller@wbd-us.com |

ATTORNEYS FOR PLAINTIFFS

ATTORNEYS FOR DEFENDANTS

Plaintiffs CMT USA, Inc. and CMT Utensili, S.p.A. (collectively, "Plaintiffs" or "CMT"), and Defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Defendants" or "Apex"), submit this joint pretrial order pursuant to this Court's Opinion and Order dated December 18, 2025 ("Opinion and Order") (Dkt. 254), the Case Management Plan (Dkt. 68), and Your Honor's Individual Rules and Practices in Civil Cases.

## I.    **CAPTION**

The full caption is as it appears above.

## II.    **TRIAL COUNSEL**

### A.    **Counsel for Plaintiffs**

| | |
|---|---|
| Edgar H. Haug (*pro hac vice*) | Ward Davis (NC Bar ID 27546) |
| Robert E. Colletti (*pro hac vice*) | Joshua B. Durham (NC Bar ID 25414) |
| Brian E. Auricchio (*pro hac vice*) | **BELL, DAVIS & PITT** |
| Malorie Ruggeri (*pro hac vice*) | 227 W. Trade Street, Suite 1800 |
| **HAUG PARTNERS LLP** | Charlotte, NC 28202 |
| 745 Fifth Avenue | (704) 227-0400 |
| New York, NY 10151 | ward.davis@belldavispitt.com |
| Tel. No.: (212) 588-0800 | jdurham@belldavispitt.com |
| ehaug@haugpartners.com | |
| rcolletti@haugpartners.com | |
| bauricchio@haugpartners.com | |
| mruggeri@haugpartners.com | |

### B.    **Counsel for Defendants**

| | |
|---|---|
| John F. Morrow, Jr | Jason M. Sneed (NC Bar ID 29593) |
| Aaron D. Johnson (*pro hac vice*) | Megan E. Sneed (NC Bar ID 38525) |
| David A. Jackson (*pro hac vice*) | **SNEED PLLC** |
| Joy Tacy Allen Woller (*pro hac vice*) | 445 S. Main St., Suite 400 |
| **WOMBLE BOND DICKINSON (US) LLP** | Davidson, North Carolina 28036 |
| One West Fourth Street | JSneed@sneedlegal.com |
| Winston-Salem, NC 27101 and | MSneed@sneedlegal.com |
| 50 California Street, Suite 2750 | |
| San Francisco, California 94111 | |
| John.Morrow@wbd-us.com | |
| Aaron.Johnson@wbd-us.com | |
| David.Jackson@wbd-us.com | |
| Joy.Woller@wbd-us.com | |

1

## III.   BASIS OF JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as Plaintiffs' federal law claims of trademark infringement and unfair competition are brought under the Lanham Act, specifically 15 U.S.C. §§ 1114 and 1125(a).  This court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' state law and common law claims arise from the same operative facts, are subject to identical analytical frameworks, and will be proven by the same evidence; therefore they involve the same case or controversy as Plaintiffs' federal law claims.

Defendants do not dispute that this Court has subject matter jurisdiction over Plaintiffs' federal law claims, and supplemental jurisdiction over Plaintiffs' state law and common law claims.  This court has subject matter jurisdiction over Defendants' counterclaim pursuant to 28 U.S.C. § 1331, as Defendants' claim for cancellation of Plaintiffs' registration on the grounds of genericness is brought under the Lanham Act, specifically 15 U.SC. § 1119.  This court also has subject matter jurisdiction over Defendants' counter claim pursuant to 28 U.S.C. § 1367(a) because it is so related to Plaintiffs' claims that it forms part of the same case or controversy.

## IV.   CLAIMS AND DEFENSES

### A.   Plaintiffs' Claims to be Tried

Plaintiffs assert that the following claims remain to be tried:

1. Trademark Infringement Under 15 U.S.C. § 1114.

2. Trademark Infringement Under 15 U.S.C. § 1125(a).

3. Trademark Infringement Under Common Law.

4. Unfair Competition Under § 1125(a).

5. Unfair Competition Under Common Law.

2

6. Trademark Dilution Under N.Y. Gen. Bus. L. §360-1.

**B.      Plaintiffs' Claims Not to be Tried**

Plaintiffs previously asserted the following claim, which was dismissed by the

Court's Opinion and Order (Dkt. 254 at 37):

1. Trademark Dilution Under 15 U.S.C. § 1125(c).

**C.      Defendants' Claims to be Tried**

Defendants assert that the following claim remains to be tried:

1. Cancellation of Mark under 15 U.S.C. § 1119, 1064(3) [Genericness].

**D.      Defendants' Claims Not to be Tried**

Defendants previously asserted the following counterclaims and affirmative defenses,

which were dismissed by the Court's Opinion and Order (Dkt. 254 at 19-32):

1. Cancellation of Mark under 15 U.S.C. § 1119, 1064(3) [Functionality].

2. Cancellation of Mark under 15 U.S.C. § 1119, 1064(3) [Fraud on the USPTO].

3. Cancellation of Mark under 15 U.S.C. § 1119, 1064(3) [Abandonment].

4. Affirmative Defense of Unclean Hands.

5. Affirmative Defense of Laches.

6. Affirmative Defense of Waiver.

**V.      LENGTH OF TRIAL**

The parties propose 5 days for trial, inclusive of their respective cases-in-chief and any

rebuttal, with the trial time to be divided evenly between the parties.

As detailed in Section XIII C below, the parties note that there are several pending and

fully briefed motions which could alter the time, witnesses, and materials required for trial.

**VI.      CONSENT TO MAGISTRATE JUDGE**

The parties have not consented to trial by magistrate judge. *See* Dkt. 33 at 1.

3

## VII. STIPULATIONS OF FACT AND LAW

The Parties have attached as **Exhibits A and B** their agreements on proposed stipulations of fact and law, respectively.

## VIII. ANTICIPATED TRIAL WITNESSES

The presentation of evidence will be as follows:

**Plaintiffs' Position**: CMT will follow the burden of proof: first present its case-in-chief on infringement and damages. Apex will then present its rebuttal on non-infringement and damages along with its case-in-chief on genericness. CMT may then present its rebuttal on genericness and if necessary, reply on infringement and damages. Apex may then present its reply, if necessary, on genericness. The case will then go to the jury.

**Defendants' Position**: CMT will first present its case on infringement, damages and genericness. Apex will then present its case on non-infringement, damages and genericness. The case will then go to the jury. Alternatively, if the Court prefers rebuttals and replies: CMT will first present its case-in-chief on infringement and damages. Apex will then present its rebuttal on non-infringement and damages along with its case-in-chief on genericness. CMT may then present its rebuttal on genericness. Apex may then present its reply on genericness. The case will then go to the jury.

### A. Plaintiffs' Witnesses

Plaintiffs may offer some or all of the following witnesses on its case-in-chief, rebuttal, or reply, either in person or by deposition. Plaintiffs reserve the right not to call any witnesses listed below. If a below witness is unavailable for trial pursuant to Fed. R. Evid. 804, Plaintiffs reserve the right to designate portions of such witness's deposition testimony to be read into the record at trial subject to Section IX, *infra*.

Plaintiffs provide below a brief, general summary of the subject areas about which each

4

witness is expected to testify. The topics identified are illustrative rather than exhaustive and are not intended to limit any witness's testimony to the specific matters enumerated.

### i. Fact Witnesses

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | Marcello Tommassini | X | | |
| 2 | Lucia Spallacci | X | | |
| 3 | Massimo Ricci | X | | |
| 4 | Dustin Melchiorri | X | | |
| 5 | Matt Foley | | X | |
| 6 | Jay Uballez | | X | |
| 7 | Apex witnesses | | X | X |

1. <u>Marcello Tommassini</u>, CEO of CMT Utensili S.p.A.

Mr. Tommassini may provide testimony concerning CMT's business and history; CMT's creation, adoption, marketing, and use of the color orange as part of CMT's business, including on circular woodworking saw blades and other power tool accessories; CMT's decision to register trademarks on the color orange, including on circular woodworking saw blades and other power tool accessories; the strength and recognition of CMT's trademarks in the United States; Apex's intent to capitalize on CMT's good will; damages; attempts to license CMT's trademark to Apex; attempts to settle this case; enforcement actions by CMT to protect its trademark rights in the color orange, including a prior jury trial in the Middle District of Florida; market awareness of CMT and use of its orange color; and actual and likelihood of confusion.

2. <u>Lucia Spallacci</u>, Head HR & International Trademark Manager of CMT Utensili S.p.A.

Ms. Spallacci may provide testimony regarding the registration, maintenance, and enforcement of CMT's trademarks on the color orange on power tool accessories, including circular woodworking saw blades, as well as the marketing of the CMT brand, including its use of the color orange.

5

3. <u>Massimo Ricci</u>, President of CMT USA Inc.

Mr. Ricci may provide testimony concerning CMT's business in the United States; CMT's advertising in the United States; consumer recognition of CMT's trademark on the color orange as applied to circular woodworking saw blades; actual and/or likelihood of confusion arising from Apex's circular woodworking saw blades; the channels of trade through which CMT sells its circular woodworking saw blades; and sales, pricing, and revenue of CMT's orange circular woodworking saw blades in the United States.

4. <u>Dustin Melchiorri</u>, Vice President of CMT USA Inc.

Mr. Melchiorri may provide testimony regarding the sale of CMT, Apex, and other third-party power tool accessories in the United States, including circular woodworking saw blades; the power-tool accessory industry and its consumers; industry trade shows; and third-party use of orange on power tool accessories, including circular woodworking saw blades; and actual and/or likelihood of confusion.

5. <u>Matt Foley</u>, Regional Manager of CMT USA Inc.

Mr. Foley may provide testimony concerning the instance of actual confusion referenced in CMT's Fifth Supplemental Response to Defendants' First Set of Interrogatories (No. 9), dated December 18, 2024.

6. <u>Jay Uballez</u>, Former Regional Manager of CMT USA Inc.

Mr. Uballez may provide testimony in relation to the instance of actual confusion referenced in CMT's Fifth Supplemental Response to Defendants' First Set of Interrogatories (No. 9) dated December 18, 2024.

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | Kurt Tachick, | | X | X |
| 2 | Jeremy Esch | | X | X |
| 3 | Porscha Imperial | | X | X |
| 4 | Matthew King | | X | X |

1.  <u>Kurt Tachick</u>, Century Drill & Tool

Kurt Tachick is the CEO of Century Drill & Tool ("Century"). He may provide testimony regarding Century's use of the color orange on circular saw blades, whether Century uses orange as a source identifier, whether Century uses orange in a generic manner, and Century's products, sales, and market share.

2.  <u>Jeremy Esch</u>, Evolution Power Tools

Jeremy Esch is the Vice President of Finance and Operations at Evolution Power Tools ("Evolution"). He may provide testimony concerning Evolution's use of the color orange on circular saw blades, how Evolution uses orange on its circular saw blades, the types of saw blades Evolution sells and their specific applications, and Evolution's sales and market-share.

3.  <u>Porscha Imperial</u>, Marksmen Brand Protection Services

Porschia Imperial is an Investigations Manager at Marksmen Brand Protection Services ("Marksmen"). She may provide testimony concerning the Marksmen Report if introduced and admitted at trial.

4.  <u>Matthew King</u>, Contractor Tool Supply and Vera Holdings

Matthew King is the former and/or current President of Contractor Tools Supply and has had professional business relationships with CMT and Apex, both before and during this litigation. Mr. King submitted a declaration on behalf of Apex in this action and may provide testimony regarding that declaration if it is introduced and admitted at trial.

7

### iii. Expert Witnesses

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | David R. Wyble | X | | |
| 2 | Thomas J. Maronick | X | | |
| 3 | Jon-Reid Henz | X | | |
| 4 | Russel Winer | X | | |

1. <u>David R. Wyble</u>, Ph.D.

Dr. Wyble is a color scientist and the President of Avian Rochester, LLC, a company which specializes in performing color measurement services. Dr. Wyble has over twenty-five years of experience in color measurement and color science, as well as a Master's Degree in color science and a Ph.D. in color measurement. Dr. Wyble may testify as to his opinions and support therefore, set forth in his expert reports and depositions.

2. <u>Thomas J. Maronick</u>, DBA, J.D.

Dr. Maronick is an Emeritus Professor of Marketing in the School of Business and Economics at Towson University. He served as the Director of Impact Evaluation in the Bureau of Consumer Protection at the Federal Trade Commission (FTC) from 1980 through 1997, or in other words, the in-house marketing expert, and since 1997 he has served as an expert witness in federal and state court cases involving trademarks, advertising, and competition matters. Dr. Maronick may testify as to his opinions and support therefore, set forth in his expert reports and depositions.

3. <u>Jon-Reid Henz</u>

Mr. Henz is a consultant that has significant experience in analyses of economic issues across a broad range of commercial and intellectual property matters, and as such, will testify on behalf of Global Business Experts Group (GBX). Mr. Henz may testify as to his opinions and support therefore, set forth in his expert reports and depositions.

8

4. <u>Russel Winer, Ph.D</u>.

Dr. Winer is the William Joyce Professor of Marketing emeritus at the Stern School of Business at New York University with over thirty years of experience in branding and marketing. Dr. Winer has served as an expert witness in many cases involving brands, consumer confusion, and trademark infringement. Dr. Winer may testify as to his opinions and support therefore, set forth in his expert reports and depositions.

**B.     Defendants' Witnesses**

Defendants may offer some or all of the following witnesses either in person or by deposition. Defendants reserve the right not to call any witnesses listed below. If a below witness is unavailable for trial pursuant to Fed. R. Evid. 804, Defendants reserves the right to designate portions of such witness's deposition testimony to be read into the record at trial subject to Part IX, *infra*.

Defendants provide below a brief, general summary of the subject areas about which each witness is expected to testify. The topics identified are illustrative rather than exhaustive and are not intended to limit any witness's testimony to the specific matters enumerated.

**i.     Fact Witnesses**

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | Ian Cunningham | X | | |
| 2 | Curtis Weber | X | | |
| 3 | Scott Bublitz | X | | |
| 4 | Ryan Kropfelder | | X | X |
| 5 | Michael Preus | | X | X |
| 6 | Brendan Walsh | X | | |
| 7 | Massimo Ricci | | X | X |
| 8 | Lucia Spallacci | | X | X |
| 9 | CMT witnesses | | X | X |

1. <u>Ian Cunningham</u>, Vice President of Design, Apex Tool Group

Mr. Cunningham may testify regarding Apex's selection of the color scheme for its CRESCENT brand of tools, Apex's design of its CRESCENT brand circular saw blades, and an analysis of third party saw blades.

2. <u>Curtis Weber</u>, former Vice President of Marketing for the CRESCENT brand, Apex Tool Group

Mr. Weber may testify regarding Apex's selection of the color scheme for its CRESCENT brand of tools, Apex's design of its CRESCENT brand circular saw blades, and Apex's sales, marketing, and advertising for the CRESCENT brand, including circular saw blades.

3. <u>Scott Bublitz</u>, Senior Manager of Design, Apex Tool Group

Mr. Bublitz may testify regarding Apex's design of its CRESCENT branded circular saw blades and an analysis of third party saw blades.

4. <u>Ryan Kropfelder</u>, former Strategic Business Unit Leader for Crescent Tools, Apex Tool Group

Mr. Kropfelder may testify regarding the sales, marketing, and advertising for the CRESCENT brand, including CRESCENT branded circular saw blades.

5. <u>Michael Preus</u>, former Director of Global Marketing and Senior Director of Global Marketing for Power Tool Accessories, Apex Tool Group

Mr. Preus may testify regarding Apex's design of its CRESCENT branded circular saw blades. Mr. Preus may also testify with respect to sales, marketing, and advertising for the CRESCENT brand, including CRESCENT branded circular saw blades.

6. <u>Brendan Walsh</u>, Director of CRESCENT Brand, Apex Tool Group

Mr. Walsh may testify regarding Apex's design of its CRESCENT branded circular saw blades. Mr. Walsh may also testify with respect to sales, marketing, and advertising for the CRESCENT brand, including CRESCENT branded circular saw blades.

7. <u>Massimo Ricci</u>, President, CMT USA Inc.

Mr. Ricci may provide testimony concerning Plaintiffs' sales of circular saw blades.

8. <u>Lucia Spallacci</u>, International Trademark Manager, CMT Utensili S.p.A.

Ms. Spallacci may provide testimony concerning Plaintiffs' enforcement efforts.

### ii. Third-Party Witnesses

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | Porscha Imperial | | X | X |
| 2 | Matthew King | | X | X |
| 3 | Jeremy Esch | | X | X |
| 4 | Kurt Tachick | | X | X |

1. <u>Porscha Imperial</u>, Marksmen Brand Protection Services

Porscha Imperial is an Investigations Manager at Marksmen Brand Protection Services ("Marksmen"). She may provide testimony concerning the Marksmen Report and Marksmen's purchase of saw blades.

2. <u>Matthew King</u>, Contractor Tool Supply and Vera Holdings

Matthew King is the President of Contractor Tools Supply and has business relationships with CMT and Apex. Mr. King may provide testimony regarding the sale of Plaintiffs' and Defendants' products.

3. <u>Jeremy Esch</u>, Evolution Power Tools

Jeremy Esch is the Vice President of Finance and Operations at Evolution Power Tools ("Evolution"). He may provide testimony concerning Evolution's use of the color orange on circular saw blades, and the use of the color orange on circular saw blades.

4. <u>Kurt Tachick</u>, Century Drill & Tool

Kurt Tachick is the CEO of Century Drill & Tool ("Century"). He may provide testimony regarding Century's use of the color orange on circular saw blades, and the use of the color orange

11

on circular saw blades.

### iii. Expert Witnesses

| Witness No. | Name | Will Call | May Call | Deposition May Be Used |
|---|---|---|---|---|
| 1 | Prof. David Franklyn | X | | X |
| 2 | Krista F. Holt | X | | X |
| 3 | Leslie Banduch | X | | X |
| 4 | Prof. Steven Bleicher | | | X |
| 5 | [Replacement Color Expert] | TBD | TBD | TBD |

1. <u>Prof. David Franklyn</u>.

Prof. Franklyn is a professor at the Arizona State University Sandra Day O'Connor College of Law and Executive Director of the McCarthy Institute at the Arizona State University Sandra Day O'Connor College of Law. Professor Franklyn may testify as to his opinions and support therefore, set forth in his expert reports and depositions.

2. <u>Krista F. Holt</u>

Ms. Holt is the managing director at Econ One Research, Inc., a research and consulting firm with experience in a wide variety of practice areas, including damages, intellectual property, and valuation. Prior to becoming Managing Director at Econ One, Ms. Holt was the President and Chief Executive Officer of GreatBridge Consulting. Ms. Holt may testify as to her opinions and support therefore, set forth in her expert report and deposition.

3. <u>Leslie Banduch</u>

Mr. Banduch is the former President of Onsrud Cutter, a manufacturer of precision cutting tools, and President and Head of Americas for LMT Group. Prior to that role, Mr. Banduch was Senior Vice President of Onsrud Cutter, Vice President of International Sales & Marketing for Porter-Cable/Delta, Director of Operations at Flex GmbH, and Manager of Product Development at Porter-Cable Power Tools, and Sales Representative for Porter-Cable Power Tools. Mr.

Banduch may testify as to his opinions and support therefore, set forth in his expert reports and deposition.

### 4. Prof. Steven Bleicher

Professor Bleicher was a professor of visual arts at Coastal Carolina University. In addition, he had been a working designer, author, artist, and college professor for more than 40 years. Professor Bleicher died in April 2025.

### 5. Replacement Color Expert

On May 30, 2025, Defendants filed a motion seeking leave to designate a new color expert after the unexpected death of its prior color expert, Professor Bleicher (Dkt. No. 214). Plaintiffs filed a motion to exclude the opinions and testimony of Defendants' proposed expert, Steven Bleicher (Dkt. 216). Both motions are currently pending.

## C. Agreed Upon Procedures for Witnesses

With the exceptions noted above, any witness not listed in the Sections above will be precluded from testifying absent good cause.

If a witness becomes unavailable for trial, the parties agree to promptly notify the other parties and supplement their witness list.

Each party will provide the other party with a list, in order of presentation, of witnesses it intends to call live on direct examination (including any additional witnesses to be called by adverse direct examination) by 6:00 p.m. the night before those witnesses are intended to testify in Court. This list must also include those witnesses who are to be called by designation. This list is the anticipated order of the proof, but if there will be adjustment to the order for that particular day, the other side must be timely informed.

## D. Impeachment with Prior Inconsistent Testimony

Subject to individual objections asserted by the parties, the parties agree that the Court may

allow the use of deposition testimony and other prior sworn testimony for impeachment purposes.

### E. Objections to Expert Testimony

Plaintiffs' Position: The Court should rule on objections to experts testifying beyond the scope of prior expert disclosures during trial. The Court should rule on objections to experts testifying inconsistent with the Court's prior *Daubert* rulings.

Defendants' Position: The parties' experts should not testify beyond the scope of their expert reports or in a manner that is inconsistent with the Court's *Daubert* rulings.

## IX. DESIGNATIONS OF DEPOSITION TESTMONY

The Parties understand that the designations set forth in Exhibits C and D may need to be modified or supplemented based on the Court's rulings on pending motions and motions in limine. The parties agree to meet and confer at least two (2) weeks prior to trial to identify a limited number of deposition designations that they expect will actually be used at trial and will try and resolve any evidentiary objections to that testimony before trial. To the extent that any objection to that testimony remains, the objections will be presented to the Court prior to their use.

For designations with unresolved objections, the party calling the witness by deposition shall, not later than two (2) calendar days before the witness is to be called at trial, submit to the Court, on behalf of the parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter identifying the pending objections as well as a brief indication (i.e. no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of the deposition testimony. All irrelevant and redundant material, including colloquy between counsel, objections, and foreign language questions and answers, will be eliminated when the deposition is read or viewed at trial.

14

If a party opts to introduce deposition testimony by video, the opposing party's counter designations of that same witness's deposition testimony must also be presented by video at the same time. Prior testimony designation excerpts will be played in the order they are found in the transcript. When such excerpts are introduced, all admissible counter designation excerpts, whether offered by video or by transcript, will be introduced at the time the testimony is offered, subject to the resolution of any objections to the designated or counter-designated testimony. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played.

For those witnesses whose prior deposition testimony will be read or played to the jury, the parties or the Court shall be permitted to make brief transition statements to introduce the witnesses and their role in the litigation. Transition statements, however, shall not include argument or any commentary on the evidence.

Any party may use deposition testimony that is designated or counter-designated by either party at any time (including testimony that the opposing party had designated or counter-designated and then subsequently dropped), to the same effect as if that party had initially designated the testimony as its own, subject to all objections.

A.    **Plaintiffs' Designations**

Plaintiffs reserve the right not to offer any designated testimony, to use only parts of such testimony, or to use additional deposition testimony, not identified below, for purposes of impeachment or rebuttal.

Plaintiffs reserve the right to use deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including for impeachment purposes at any stage of the trial.

15

The deposition testimony excerpts to potentially be introduced by Plaintiffs are listed on **Exhibit C**, attached.

### B. Defendants' Designations

Defendants reserve the right not to offer any designated testimony, to use only parts of such testimony, or to use additional deposition testimony, not identified below, for purposes of impeachment or rebuttal.

Defendants reserve the right to use deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including for impeachment purposes at any stage of the trial.

The deposition testimony excerpts to potentially be introduced by Defendants are listed on **Exhibit D**, attached.

## X. EXHIBIT LISTS

The parties agree to meet and confer at least one week prior to trial to identify a limited number of exhibits that they know will be used at trial (e.g., opening statements, direct examination, closing statements) and will try and resolve any evidentiary objections to those exhibits before trial. To the extent that any objection to those exhibits remain, the objections will be presented to the Court prior to the exhibits' use.

With respect to opening, the parties agree that they are not required to disclose any exhibit that will be referenced to which there are no unresolved objections. To the extent either party wishes to reference an exhibit during opening that has any unresolved objections, such exhibit(s) shall be disclosed to the other side by no later than 1:00 p.m. two days before trial is set to commence. The parties shall then meet and confer in an attempt to resolve objections by 3:00 p.m. that same day. If any intended exhibits change after the deadline, the party intending to use a new exhibit will promptly notify the opposing party of the change(s); the opposing party will promptly

notify the party of any objections to the new exhibit(s). To the extent there are any unresolved objections after the meet and confer, these objections will be presented to the Court as soon as possible before trial commences.

### A.  Plaintiffs' Exhibits

A list of Plaintiffs' exhibits, other than those to be used for rebuttal or impeachment purposes is attached as **<u>Exhibit E</u>**. All listed exhibits may be admitted into evidence unless an unresolved objection is specifically noted by Defendants in the columns adjacent to the listed exhibit and corresponding evidentiary support proposed by Plaintiffs. Plaintiffs reserve the right not to introduce any of the exhibits listed, to introduce only parts of those exhibits, and to introduce additional exhibits, which cannot be identified until the time of trial, for impeachment or rebuttal purposes, or which are further deemed necessary by any future discovery. In the event Plaintiffs wish to use at trial any document which is not included on the parties' exhibit lists and/or the joint exhibit list prepared by the parties (collectively the "Exhibit List"), such document shall not be deemed inadmissible simply because it was not included on the Exhibit Lists provided the document was earlier produced to Defendants during discovery or was identified as being relied upon by any expert witness providing testimony in the case.

The parties supplemented their respective Exhibit Lists on February 3, 2026, the deadline for the pretrial order. Plaintiffs reserve all rights to object to these exhibits on any and all grounds.

### B.  Defendants' Exhibits

A list of Defendants' exhibits, other than those to be used for rebuttal or impeachment purposes is attached as **<u>Exhibit F</u>**. All listed exhibits may be admitted into evidence unless an unresolved objection is specifically noted by Plaintiffs in the columns adjacent to the listed exhibit and corresponding evidentiary support proposed by Defendants. Defendants reserve the right not to introduce any of the exhibits listed, to introduce only parts of those exhibits, and to introduce

additional exhibits, which cannot be identified until the time of trial, for impeachment or rebuttal purposes, or which are further deemed necessary by any future discovery. In the event Defendants wish to use at trial any document which is not included on the parties' exhibit lists and/or the joint exhibit list prepared by the parties (collectively the "Exhibit List"), such document shall not be deemed inadmissible simply because it was not included on the Exhibit Lists provided the document was earlier produced to Plaintiffs during discovery or was identified as being relied upon by any expert witness providing testimony in the case.

The parties supplemented their respective Exhibit Lists on February 3, 2026, the deadline for the pretrial order. Defendants reserve all rights to object to these exhibits on any and all grounds.

### C. Admission of Trial Exhibits

All exhibits listed on each party's exhibit list to which there are no unresolved objection are admissible for all purposes at trial and are admitted into evidence at the time offered by either party. Notwithstanding the previous sentence, a party may raise a relevance objection to any exhibit at the time the exhibit is offered for admission or used at trial, provided that exhibit is being offered for a purpose not previously disclosed in the parties' pretrial exhibit objections and responses thereto. No exhibit to which an objection is noted will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before completion of the witness' testimony, any party that has used an exhibit with the witness to which an objection has been noted and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits to which there is an unresolved objection may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so. Prior to the use of any impeachment evidence that is not admitted and/or

18

admissible, the offering party shall approach the Court for approval prior to publishing or displaying it to the jury.

### D. Demonstrative Exhibits

The parties will exchange demonstratives to be used in opening statements by no later than 1:00 p.m. one days before trial is set to commence. The parties will provide any objections to such demonstratives by 3:00 p.m., unless otherwise agreed to by the parties. The parties shall meet and confer in an attempt to resolve those objections by 3:30 p.m. that same day. If any demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s). To the extent there are any unresolved issues after the meet and confer, these issues will be presented to the Court as soon as possible before trial commences.

A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the night before their intended use, and objections will be provided no later than 8:00 p.m. the night before their intended use. The parties shall meet and confer in an attempt to resolve those objections by 8:30 p.m. that same night. If any demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s). To the extent there are any unresolved issues after the meet and confer, these issues will be presented to the Court the following morning.

A party will provide demonstrative exhibits to be used in connection with closing arguments by 7:00 p.m. the night before closing, and objections will be provided no later than 8:00 p.m. the night before closing. The parties shall meet and confer in an attempt to resolve those objections by 8:30 p.m. that same night. If any demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s). To the extent there are any unresolved issues after the meet and confer, these issues will be presented to the Court the following morning.

19

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side via email and/or sharefile link. For any irregular sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF or JPEG copy of 8.5" x 11".

This provision does not apply to demonstratives created during testimony, which do not need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objections to the exhibit.

## XI. STATEMENT OF DAMAGES

### A. Damages Claimed

Plaintiffs seek damages pursuant to 15 U.S.C. § 1117, including an award for lost profits from sales at overlapping retailers where CMT and Apex sold competing products; unjust enrichment in the form of royalties that Apex avoided paying by infringing CMT's trademark; and the costs of a remedial advertising campaign designed to correct consumer misimpressions caused by Apex's advertising and marketing of its orange-colored circular woodworking sawblades under the Crescent Tools brand. Plaintiffs seek an award of treble damages under 15 U.S.C. § 1117 as Plaintiffs assert Defendants' alleged infringement was willful. Defendants deny that they have infringed, much less willfully. Both parties seek an award of attorneys' fees under 15 U.S.C. §

1117 as they believe this is an exceptional case.

Plaintiffs will supplement their damages calculations to reflect recent sales and financial information for the Accused Products based on sales data provided to Plaintiffs on January 28, 2026 by no later than February 13, 2026. Defendants will provide any rebuttal to Plaintiffs' supplement damages calculations by no later than February 20, 2026. The parties reserve their right to seek a limited deposition of the opposing damages expert on the supplementation, depending on its nature and extent.

### B.     Other Relief Sought

Plaintiffs seek injunctive relief under 15 U.S.C. § 1116. Plaintiffs seek other and further relief as this Court deems just and proper.

Defendants seek cancellation of Plaintiffs' U.S. trademark registration No. 3,038,625.

## XII.     <u>UNANIMOUS VERDICT</u>

The parties do not consent to a less than unanimous verdict.

## XIII.     <u>OTHER MATTERS TO BE ADDRESSED</u>

### A.     Motions for Judgement as a Matter of Law

The parties agree that motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) will be presented and argued at breaks to avoid any use of the allotted trial time.

### B.     Jury Notes

The parties agree that the jurors should be permitted to take handwritten notes during the presentations of parties on a notebook provided by the Court, and that jurors be permitted to bring these handwritten notes into the deliberation room. The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review by the parties or the Court.

21

C.      **Pending Motions, Including Defendants' Request for a Replacement Color Expert and Associated Discovery**

The parties note that there are five pending motions, all of which are fully briefed.  The motions are listed below and depending on their outcome could significantly shift the timing, exhibits, and witnesses at trial.  The currently pending motions are:

1.      Defendants' Motion to Exclude Opinion and Testimony of Thomas Maronick, filed April 2, 2025 (Dkt. No. 153)

2.      Plaintiffs' Motion to Exclude Opinions and Testimony of Apex's Proposed Expert David Franklyn, filed May 9, 2025 (Dkt No. 197)

3.      Defendants' Motion for Leave to Designate a Substitute Color Expert, filed May 30, 2025 (Dkt. No. 214)

4.      Plaintiffs' Motion to Exclude Opinions and Testimony of Apex's Proposed Expert Steven Bleicher, filed May 30, 2025 (Dkt. No. 216)

5.      Plaintiffs' Objections to Magistrate Judge Keesler's Order Dated July 29, 2025, filed August 14, 2025 (Dkt. No. 250)


Dated: February 3, 2026


**BELL, DAVIS & PITT**

s/ Robert E. Colletti

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

**SNEED PLLC**

s/ John F. Morrow, Jr.

Jason M. Sneed (NC Bar ID 29593)
Megan E. Sneed (NC Bar ID 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, North Carolina 28036
JSneed@sneedlegal.com
MSneed@sneedlegal.com

22

-and-

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com

ATTORNEYS FOR PLAINTIFFS
CMT USA, INC. and CMT UTENSILI
S.p.A.,

John F. Morrow, Jr
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101 and
50 California Street, Suite 2750
San Francisco, California 94111
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

ATTORNEYS FOR DEFENDANTS
APEX TOOL GROUP LLC and APEX
BRANDS, INC.

23