

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

May 11, 2026

**Robert E. Colletti**
rcolletti@haugpartners.com

**Via ECF**

Hon. Timothy M. Reif
U.S. District Court
Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Re:    ***CMT USA, Inc. et al. v. Apex Tool Group LLC et al.*, No. 3:24-cv-00137-TMR-DCK (W.D.N.C.)**

Dear Judge Reif:

We together with Bell, Davis & Pitt represent the CMT plaintiffs in this case. We write here, pursuant to Your Honor's Individual Rule 1A, to respectfully request leave to supplement CMT's pending Motion in Limine No. 1 to Exclude the Marksmen Report and the Third-Party Blades Contained Therein (Dkt. 265) ("CMT's Motion to Exclude the Marksmen Report") in light of a late production by Apex of a "supplemental" Marksmen Report ("Second Marksmen Report").

Fact discovery ended on November 1, 2024, and the case proceeded towards trial. The parties have submitted a final joint pretrial order, multiple Daubert motions, and motions in limine, all of which were fully briefed by February 17, 2026. Among the pending motions is CMT's Motion to Exclude the Marksmen Report. Now Apex wishes to bolster that report with new evidence.

On April 17, Apex served a Second Marksmen Report, claiming that it is a "supplement" to the Marksmen Report. It is not a proper supplement under any applicable rules of evidence and is only a belated attempt to introduce new third-party products into the case. The Second Marksmen Report itself was not even commissioned until March 13, 2026—long after the close of fact discovery. Apart from being late produced, for the same reasons argued in CMT's Motion to Exclude the Marksmen Report, the Second Marksmen Report is irrelevant and highly prejudicial, as it offers no probative evidence of consumer perception.

The parties met and conferred on this issue, but Apex has declined to withdraw this report and intends to rely on it at trial. Plaintiffs respectfully request leave to supplement their motion in limine to address this newly produced report, the prejudice it creates, and why it should be excluded from the case.



We appreciate the Court's attention to this matter.


Respectfully submitted,

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System.  Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).


/s/ Joshua B. Durham
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
jdurham@belldavispitt.com