| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC and APEX BRANDS, INC., <br><br> Defendants. | **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 11** |

Pursuant to the Court's leave, Defendants Apex Tool Group LLC and Apex Brands, Inc. ("Apex") submit this supplemental brief in support of Motion in Limine No. 11.

## SUMMARY OF SUPPLEMENTATION

In the Pretrial Order, CMT disclosed two of its employees, Jay Uballez and Matt Foley, as fact witnesses who may be called at trial to testify about a single purported instance of confusion at a trade show involving a man named Steve Milosevich. (*See* Dkt. 286, at p. 6). Because those individuals and the purported instance of confusion were not disclosed prior to the close of discovery, and because their testimony about the purported confusion is based on hearsay, Apex's Motion in Limine No. 11 ("MIL 11") sought to preclude such testimony at trial. (*See* Dkt. 284). CMT thereafter advised Apex that it no longer intended to call at trial another one of its employees (Dustin Melchiorri) and instead intended to call Mr. Foley to address several topics previously attributed to Mr. Melchiorri in the Pretrial Order, one of which included "actual and/or likelihood of confusion."[1] While preserving its objections to Mr. Foley testifying at trial, Apex agreed to

---

[1] CMT apparently parted ways with Mr. Melchiorri in early 2026, and has since refused to provide his contact information.

WBD (US) v-

depose him to ascertain the extent and details of his potential testimony considering he was never disclosed as a fact witness and thus not deposed during discovery. At his deposition Mr. Foley testified regarding generalized instances of purported confusion that were never previously disclosed by CMT and are also based on hearsay. The Court should thus preclude Mr. Foley (or any other CMT witnesses) from testifying about those purported instances of confusion.

## BACKGROUND

Apex's Interrogatory No. 9 requested CMT to identify and describe "all instances of actual confusion" between CMT's and Apex's accused saw blades. CMT's initial response to that interrogatory did not identify any instances of confusion. (*See* Dkt. 284-1 at pp. 2-4). CMT thereafter supplemented its response three times. Although Apex has been selling the accused products for over four years, CMT's most recent supplementation identified just two purported incidents of confusion: (1) an incident at Harmco in July 2022; and (2) the aforementioned incident involving Mr. Milosevich. *Id.*

CMT designated Massimo Ricci as its 30(b)(6) witness to testify about purported instances of confusion. During his deposition Mr. Ricci could not identify any end-user customers who have been confused (Ex. 1, Ricci Dep., at 230:7–231:7), and he admitted that retailers and distributors who buy from CMT and Apex know who they are buying from and are not confused. (*Id*. at 99:20 – 100:24). Mr. Ricci instead identified two CMT agents who purportedly have knowledge of alleged consumer confusion, but Mr. Ricci could not provide any details about their knowledge, the alleged instances of confusion, or even whether the confusion involved the products at issue in this case. (*Id.* at 180:22 – 181:23; 186:10-21; 193:11-25; 314:9-25). Rather, Mr. Ricci's testimony reveals that his knowledge of any purported confusion is based on at least two layers of hearsay: (1) what a person purportedly told another CMT agent, and (2) what that agent then conveyed to Mr. Ricci.

(*Id*. at 190:23 – 193:10). Notably, CMT never supplemented its response to Interrogatory No. 9 to include details of these other alleged instances of confusion and did not list the purportedly confused customers or other CMT agents as trial witnesses in the Pretrial Order.

Fast forward to Mr. Foley's recent deposition where he testified that he "continually" and "frequently" hears of purported confusion from CMT's retailers. (Ex. 2, Foley Dep. at 45:2–47:12). Yet Mr. Foley could provide no specifics about the "frequent" and "continual" instances of confusion and could not name a single dealer who has purportedly reported confusion *from actual end-user customers*. (*Id*. at 47:13 – 48:14; 60:19-61:4). Mr. Foley's testimony further shows that it is based on one or more levels of hearsay as it depends on what retailers purportedly verbally conveyed to Mr. Foley or someone else at CMT. *Id*.[2] Moreover, CMT never supplemented its response to Interrogatory No. 9 to disclose these purported instances of confusion, and CMT also did not list any of the purportedly confused customers or retailers as witnesses in the Pretrial Order to testify about any purported confusion. (*See* Dkt. 286).

### ARGUMENT

> **A. The Court Should not Allow CMT to Deliquently Substitute Mr. Foley for Mr. Melchiorri for Purposes of Testifying About Previously Undisclosed Alleged Consumer Confusion.**

In response to Interrogatory No. 9 CMT disclosed just two instances of alleged confusion (the Harmco and Milosevich incidents). (*See* Dkt. 284-1 at pp. 2-4). To date CMT has failed to supplement that response to identify any of the alleged "frequent" or "continual" instances about which Mr. Foley testified (albeit vaguely) at his deposition. Indeed, although CMT supplemented

---

[2] At one point Mr. Foley did identify two dealers who he claimed have purportedly been confused, but his testimony about the confusion is based on hearsay. (*Id*. at 48:2 – 54:7). Further, near the end of his deposition Mr. Foley testified in no uncertain terms that despite the "frequent" and "continual" reports of confusion, he is unaware of a single distributor, dealer or end-user who has mistakenly purchased a CMT sawblade believing it to be from Apex, or vice versa, and that he is "not aware of any mistaken purchases between those two brands [CMT and Apex] . . . at any level." (*Id*. at 158:25 – 159:4).

its response three times, those supplementations only mentioned the two incidents described above. *Id.*

If CMT wished to attempt to introduce this new "evidence" of purported confusion at trial, Rule 26(e) required CMT to supplement its response to Interrogatory No. 9. *See* Fed. R. Civ. P. 26(e)(1). Rule 37(c)(1) enforces that obligation as it provides that a party who fails to timely disclose relevant information "is not allowed to use that information or witness" at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003) (considering surprise, ability to cure, disruption, importance, and the nondisclosing party's explanation). Here there is no justification for CMT/Mr. Foley's delinquent disclosures. Further, allowing Mr. Foley to present vague and unsubstantiated testimony about the "frequent" and "continual" instances of confusion would not only be confusing to the jury, but would be highly prejudicial to Apex considering its inability to vet them through discovery. *See*, *e.g.*, Fed. R. Evid. 403; *S. States*, 318 F.3d at 598–99 (cross-examination at trial is not an adequate substitute for discovery) and *Benjamin v. Sparks*, 986 F.3d 332, 342-343 (4th Cir. 2021) (late disclosure of testimony would create "prejudice" to opposing party).

Similarly, CMT's 30(b)(6) witness on the topic of actual confusion did not identify the alleged "frequent" or "continual" instances of confusion vaguely described by Mr. Foley. CMT's failure to adequately prepare its 30(b)(6) witness to testify about that purported confusion likewise merits exclusion of the testimony at trial. *See*, *e.g.*, *Power Home Solar, LLC v. Sigora Solar, LLC*, 339 F.R.D. 64, 80 (W.D. Va. 2021) ("PHS should not be permitted to supplement its Rule 30(b)(6) responses or to present any evidence on the seventeen deposition topics that it did not produce to Defendants before they filed their motion for sanctions . . ."); *U.S. v. Taylor*, 166 F.R.D. 356, 362

(M.D.N.C. 1996) (party should not be able to present evidence at trial that it's 30(b)(6) designee was not prepared to offer during his deposition, stating that such a rule "prevent[s] the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.").

### B. Mr. Foley's Testimony is Also Based on Hearsay.

Mr. Foley's testimony about any alleged confusion is also inadmissible because it is based on hearsay. Specifically, Mr. Foley's testimony reveals that it depends on what retailers purportedly verbally conveyed to Mr. Foley or someone else at CMT. (Ex. B at 47:13 – 48:14; 60:19-61:4).[3] Courts have previously rejected the same type of employee testimony about purported customer confusion as inadmissible hearsay. *See*, *e.g.*, *Blue Sky Endeavors, LLC v. Henderson County Hosp. Corp.*, No. 1:23-cv-00097-MR, 2025 WL 2390291, at *10 (W.D.N.C. Apr. 15, 2025). And courts have previously excluded the use of testimony that merely states what others told the witness (which is what Mr. Foley's testimony on the additional alleged incidents of confusion would be). *See, e.g., DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 569 (E.D. Va. 2013); *Mathis v. Terra Renewal Servs.*, Inc., 69 F.4th 236, 247 (4th Cir. 2023). This Court should do the same.

### I. CONCLUSION

For the reasons stated in MIL 11 and this supplement, Apex respectfully requests that the Court preclude CMT from using Mr. Foley or any other witness to testify about purported consumer confusion that was not identified in CMT's response to Interrogatory No. 9 or is otherwise based on inadmissible hearsay.

---

[3] Indeed, Mr. Foley confirmed that the purported reports of confusion were verbal and that he knew of no document showing confusion. *Id.* at 47:14–22, 60:10–19, 61:14–62:5.

DATED: May 20, 2026                     **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *Aaron D. Johnson*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com


Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

## <u>CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE</u>

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1.  No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.  Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed May 20, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *Aaron D. Johnson*
John F. Morrow, Jr.
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this the 20th day of May, 2026, the foregoing

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 11

was served via electronic means through CM/ECF on the following counsel of record:

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mruggeri@haugpartners.com
bauricchio@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

/s/ *Aaron D. Johnson*
John F. Morrow, Jr.
David A. Jackson
Joy Tacy Allen Woller
**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*