CMT USA, INC. and CMT UTENSILI S.P.A.,

        Plaintiffs,

    v.

APEX TOOL GROUP LLC and APEX
BRANDS, INC.,

        Defendants.

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE NO. 1**

Apex previously engaged a firm to confirm which saw blades with various shades of orange on their faces are on sale in the US (the "First Marksmen Report"), but that report was produced during fact discovery and therefore only included third-party saw blades on sale at that time. When the stay in this case was lifted in December 2025, Apex began preparing for trial and that included reviewing updates to the market. Apex again engaged Marksmen to confirm whether the list of circular saw blades using a shade of orange needed to be supplemented. Marksmen thereafter provided Apex a report documenting Marksmen's purchases of 21 additional circular saw blades that use a shade of orange on their face and are available in the United States. (*See* Dkt. 348-1). Apex promptly produced the supplemental report on April 17, 2026. CMT objected to the report as being untimely. As a compromise, Apex agreed to limit the supplemental report to include only the nine third-party blades that were first sold after the close of fact discovery, and also offered CMT the same discovery CMT took on the First Marksmen Report (namely, a deposition of a Marksmen representative and inspection of the purchased blades). (*See* Dkt. 348-2; 348-3).[1] CMT rejected that offer, seeking to exclude the supplementation altogether.

CMT's request should be denied because the Court has already rejected CMT's relevance arguments and found they are best left to the jury, the new evidence was not available before discovery closed and does not involve any expert opinions, and any prejudice is minimal and substantially outweighed by the relevance of the new evidence. Conversely, not allowing Apex to use the limited Second Marksmen Report would be highly prejudicial to Apex because the jury would not get a full understanding of what saw blades with various shades of orange on their face are available in the marketplace.

---

[1] CMT's supplementation claims that one of the nine blades was being sold prior to the close of discovery. If that is accurate, that blade would be removed under Apex's compromise proposal.

**I.       The saw blades within the Second Marksmen Report are highly relevant.**

CMT's supplemental memorandum repackages the same relevance objections this Court already rejected. (*See* Dkt. 284, at pp. 13-16).   Doing so was proper.  Courts routinely permit third-party marketplace evidence in trademark infringement litigation to show weakness, crowded-field conditions, and genericness, even where the evidence is subject to attack based on extent of use or marketplace significance. *See*, *e.g.*, *CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, at 270 (4th Cir. 2006); C*ombe Inc. v. Dr. Aug. Wolff GmbH & Co. KG Arzneimittel*, 382 F. Supp. 3d 429, 448 (E.D. Va. 2019), *aff'd*, 851 F. App'x 357 (4th Cir. 2021).

**II.      Courts often permit the introduction of evidence produced after the close of fact discovery if that evidence was unavailable during fact discovery.**

CMT attempts to claim that the Second Marksmen Report is "untimely" and "delayed," but that is incorrect.  Apex timely produced the first Marksmen Report showing the sale of third-party saw blades using a shade that could be considered orange that were available during fact discovery. But in the year between the close of fact discovery and the lifting of the stay, additional circular saw blades using various shades of orange are now being sold in the marketplace, including from prominent retailers such as Home Depot and Amazon.  (Dkt. 348-1, pp. 4, 14).  The jury should be informed of this new evidence because it is relevant to the issues discussed above.

Courts routinely permit new evidence to be produced after the close of discovery if it was unavailable during fact discovery.  *See*, *e.g.*, *N.C. State Conf. of the NAACP v. Cooper*, No. 1:18-cv-1034, 2024 WL 1860243, at *12 (M.D.N.C. Apr. 29, 2024) (disclosure of events occurring after the close of fact discovery found harmless under Rule 37(c)(1) where the disclosing party "reasonably could not have disclosed those witnesses much sooner than they did"); *Young v. Pleasant Valley Sch. Dist.*, No. 3:07-cv-854, 2011 WL 3651384, at *1 (M.D. Pa. Aug. 18, 2011)

(admitting evidence produced after the close of discovery where "the evidence did not exist until a year after discovery closed").

CMT's timeliness argument depends on characterizing the report as a new expert report. But Apex is not offering Marksmen to provide expert opinions of any kind. Rather, the Marksmen reports and testimony from Marksmen will be offered solely to show the jury the numerous third-party circular sawblades that use various shades of orange on their faces and are available for purchase in the United States. Courts routinely permit marketplace-investigation evidence for that limited purpose while addressing hearsay, scope, or foundation concerns through redaction, limitation, or cross-examination rather than wholesale exclusion. *See Lontex Corp. v. Nike, Inc.*, No. CV 18-5623, 2021 WL 3931885, at *3 (E.D. Pa. Sept. 2, 2021) (allowing in evidence of a Marksmen test purchase while excluding a conversation between Marksmen and the manufacturer). The Second Marksmen Report, as already limited by Apex, merely supplements the earlier produced evidence for changes to the marketplace that occurred between the close of fact discovery and the lifting of the stay.

CMT's Rule 16 argument fails for the same reasons. Apex is not asking to reopen discovery for new expert opinions, testing, or theory. Apex disclosed the report, agreed to narrow it to only evidence unavailable after the close of fact discovery, offered targeted discovery, and confirmed that no expert will rely on it.

III.    **The *Southern States* factors also support allowing the Second Marksmen Report to be introduced at trial.**

Under the *Southern States* five-factor test, exclusion is unwarranted. First, there is no genuine surprise because third-party use of various shades of orange on saw blades has been central to Apex's defenses since the pleadings and was the subject of CMT's original motion in limine. Changes in market conditions are common and CMT is able to monitor third-party sales just as well

as Apex. Second, any surprise is curable—Apex offered the same discovery CMT took in connection with the First Marksmen Report, including a deposition and physical inspection, but CMT refused. Third, allowing the supplemental report will not disrupt trial because Apex offers no new opinions, much less expert opinions, no new testing, and no new theory—instead simply offering the evidence to ensure the Court and jury understand the full scope of available saw blades using various shades of orange in the market. Fourth, Apex's explanation is straightforward: Apex uncovered multiple third-party circular saw blades for sale in the United States *after* the close of fact discovery. And fifth, the evidence is important to show that consumers are accustomed to viewing a wide variety of orange shades on circular saw blades in the US.

CMT's "532-day" refrain overstates any prejudice. The Court stayed this case for a substantial portion of that period, and Apex began its market research once that stay was lifted. And as discussed above, any purported prejudice can be cured through a deposition of Marksmen.

Finally, even if the Court believes some relief is appropriate, CMT's requested remedy is overbroad. CMT's attack on the original twenty-one-product report is largely moot because Apex agreed to narrow it. Redaction, limitation, or targeted discovery are preferred over exclusion where those measures cure any legitimate concern. *See Lontex*, 2021 WL 3931885, at *3; *Gray*, 475 F.2d at 550; *BBAM*, 2022 WL 3716574, at *6-8.

Finally, CMT's request for fees or sanctions should also be denied. Apex disclosed the report, offered to narrow it in response to CMT's objections, offered targeted discovery, and sought to avoid unnecessary motion practice. That conduct is not sanctionable.

## IV.    Conclusion

For these reasons, the Court should deny CMT's request to exclude the Second Marksmen Report.

DATED: May 22, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

## <u>CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE</u>

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Defendants Apex Tool Group LLC and Apex Brands, Inc. hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed  May 22, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Aaron D. Johnson
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600

Attorneys for Defendants
Apex *Tool Group LLC and Apex Brands, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this the 22nd day of May, 2026, the foregoing DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 11 was served via electronic means through CM/ECF on the following counsel of record:

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mruggeri@haugpartners.com
bauricchio@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

/s/ Aaron D. Johnson