**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:24-CV-00137-TMR-DCK**

| | |
|---|---|
| CMT USA, INC. and CMT UTENSILI S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC and APEX BRANDS, INC. <br><br> Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 11** |

Pursuant to the Court's May 18, 2026 Order, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT") submit this memorandum in opposition to Defendants' Apex Tool Group LLC and Apex Brands, Inc. (collectively, "Apex") supplemental brief in support of its Motion in Limine No. 11 (Dkt. 349).

## I.      Background

Apex's supplemental brief—as well as its original letter to the Court (Dkt. 346)—omits critical context and reflects a serious mischaracterization of the record.  Any purported surprise or prejudice is the result of Apex's own delay and inaction.

Apex omits key details from its supplemental brief.  For example, on March 5, 2026, CMT informed Apex that Dustin Melchiorri, one of CMT's designated "will call" witnesses, was no longer employed by or under the control of CMT.  Ex. A at 6-7.  In the same correspondence, CMT advised Apex that it intended to substitute Matt Foley as a will call witness to testify regarding the same subject matter identified for Mr. Melchiorri.[1]  Ex. A at 7.  This procedure is expressly permitted by the parties' joint pretrial order.  Dkt. 286 at 13 ("If a witness becomes unavailable for trial, the parties agree to promptly notify the other parties and supplement their witness list.").  And, Mr. Foley was already identified on CMT's trial witness list as a "may call" witness for at least one instance of consumer confusion.[2]  Dkt. 286 at 6.

Apex did not respond to CMT's notice of substitution for more than five weeks.  Ex. A at 5-6.  Upon receiving Apex's response, CMT promptly offered to make Mr. Foley available for deposition.  Ex. A at 4-5.  After nearly two more weeks of delay, Apex finally decided to proceed

---

[1] Mr. Melchiorri was designated to provide testimony regarding the sale of CMT, Apex, and other third-party power tool accessories in the United States, including circular woodworking saw blades; the power tool accessory industry and its consumers; industry trade shows; third-party use of orange on power tool accessories, including circular woodworking saw blades; and actual and/or likelihood of confusion.  Dkt. 286 (Joint Pretrial Order) at 6.
[2] The parties' joint pretrial indicates that "[t]he topics identified [for each witness] are illustrative rather than exhaustive and are not intended to limit any witness's testimony to the specific matters enumerated."  Dkt. 286 at 5.

– 1 –

with the deposition.  Ex. A at 4.  Apex deposed Mr. Foley in person on May 8, 2026, eliminating any conceivable claim of prejudice or surprise arising from CMT's substitution of Mr. Foley for Mr. Melchiorri.  Apex had a full and fair opportunity to question Mr. Foley regarding the topics previously assigned to Mr. Melchiorri and, in fact, did so extensively.

Most importantly, as stated in CMT's Memorandum in Opposition to Apex's Motion in Limine No. 11 (Dkt. 309), Mr. Foley was known to Apex as early as December 18, 2024—another fact Apex omitted from its letter to the Court and its supplemental brief.  *See* Dkt. 284-1 (Plaintiffs' Fifth Supplemental Response to Defendants' First Set of Interrogatories (No. 9)) at 3-4.[3] Moreover, CMT added Mr. Foley to its Rule 26(a)(1) disclosures eleven months ago on June 24, 2025 (Dkt. 284-2 (Plaintiffs' Second Supplemental Rule 26(a)(1) Initial Disclosures)), and identified him as a "may call" trial witness over five months ago on January 6, 2026 during the drafting of the pretrial order.  Over the past year and a half, Apex has had more than ample opportunity to depose Mr. Foley and pursue discovery on the identified instance of actual confusion as well as any others, but deliberately chose not to do so.  Rather than timely pursuing discovery, Apex strategically waited to raise the issue through a motion in limine.  Although that motion was meritless when filed, any claimed prejudice has now been cured by Apex's deposition of Mr. Foley.  The motion should be denied.

## II.     Mr. Foley Should Be Allowed to Testify as to New Instances of Consumer Confusion

Apex's argument that CMT should be precluded from introducing Mr. Foley's testimony evidencing actual consumer confusion on the ground that CMT failed to update its response to

---

[3] Apex misstates the sequence of events regarding the instance of actual confusion at a trade show involving Mr. Milosevich and Mr. Foley.  *See* Dkt. 349 at 1.  Apex argues that because Mr. Foley and the instance of actual confusion "were not disclosed prior to the close of discovery," they should both be excluded.  However, this instance of confusion did not occur until November 11, 2024, *after the close of fact discovery*.  Nevertheless, CMT still promptly updated its response to Apex's Interrogatory No. 6 during the general discovery period. Dkt. 284-1.

Apex's Interrogatory No. 6 is unfounded.  Dkt. 349 at 3-4.  Mr. Foley was only deposed two weeks ago, on May 8, 2026, and CMT did not become aware of these recent instances of actual confusion until that time, as Mr. Foley was not accustomed to recording and reporting such information.  Dkt. 351 (Foley Dep. Tr.) at 48:21-54:7 (testifying that the most recent instance of actual confusion only occurred "last week," and the second most recent within the last year).  Under these circumstances, CMT's disclosure is substantially justified and harmless because Apex had the opportunity to fully explore these instances during Mr. Foley's deposition.  *See* Fed. R. Civ. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003).

Further, CMT did not "fail[] to adequately prepare its 30(b)(6) witness" to testify about the instances of actual confusion as reported by Mr. Foley as Apex suggests.  Dkt. 349 at 4.  Mr. Foley has worked for CMT USA, Inc. for only two years, having begun as a regional manager on June 3, 2024. Dkt. 351 at 22:6-8; 24:5-9.  Massimo Ricci, CMT's 30(b)(6) witness on the topic of actual confusion, was deposed only two months later on August 14 and 15, 2024.  *See* Dkt. 350. Almost every, if not all, of the instances of actual confusion Mr. Foley testified about, including the trade show instance involving Mr. Milosevich, necessarily occurred *after* the deposition of Mr. Ricci.  Therefore, the cases Apex cites are inapposite.  *See* Dkt. 349 at 4-5.  Mr. Ricci could not have been prepared to testify about instances of actual confusion that had not yet occurred or had not yet been reported to him.

## III.     Mr. Foley's Testimony Is Not Hearsay, and Apex's Objection to the Same Is Premature

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter

asserted in the statement. Fed. R. Evid. 801(c). A statement, however, is not hearsay if it is offered for a reason other than to prove the truth of the matter asserted. *Dynamic Aviation Grp., Inc. v. Dynamic Int'l Airways, LLC*, 2016 WL 10677907, at \*1 (W.D. Va. July 5, 2016).

In the context of trademark infringement, the Fourth Circuit has held that out-of-court statements are not hearsay when offered to prove that the declarant was confused, rather than to prove the truth of the declarant's mistaken assertion. *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001) ("Lyons did not offer the children's statements or the newspaper articles to prove the truth of the matter asserted—i.e., that the persons wearing the Duffy costume were in fact Barney—but rather merely to prove that the children and the newspaper reporters *expressed their belief* that those persons were Barney. This was direct evidence of the children's and the reporters' reactions and not hearsay. Accordingly, it could not have been excluded as such." (emphasis in original)). To the extent CMT offers the testimony to demonstrate that customers, dealers, or retailers expressed confusion between the parties' products—or that such confusion was communicated to CMT personnel—the testimony is not hearsay because it is not offered to establish the truth of any mistaken assertion, but rather to show the fact that confusion existed. And "[e]ven statements that that fall outside *Lyons* may still be admissible under Rule 803(3) of the Federal Rules of Evidence as proof of the 'declarant's then-existing state of mind.'" *Dynamic*, 2016 WL 10677907, at \*1 ("[T]he court finds it prudent to reserve decision on [defendant's] motion in limine until the time of trial."). Indeed, the very relevance of the statements lies in the declarants' confusion, regardless of whether the declarants were objectively correct.

As in its original motion in limine, Apex's argument rests on *speculation* as to how CMT may seek to offer testimony regarding these instances of actual confusion at trial. At the outset,

Mr. Foley's testimony does not constitute hearsay, especially considering CMT may not offer it for the truth of the matter asserted; and even if hearsay were implicated, it is likewise uncertain whether any exceptions would apply, such as the state of mind exception under FRE 803(3). These determinations cannot be made in the abstract, but only in the context of how the evidence is actually presented at trial. *See Parker v. Freedom Mortg. Corp.*, 2020 WL 13605540 , at *5 n. 1 (E.D. Va. Oct. 22, 2020) (explaining that "[a]lthough Plaintiffs argue[] that the letter is inadmissible hearsay, Defendant may not necessarily offer it to prove the truth of the matter asserted therein, and thus it may not be hearsay at all. At this juncture, admissibility should be determined at trial . . . .").

## IV.    Conclusion

For the foregoing reasons, the Court should reject Apex's Supplemental Brief in Support of its Motion in Limine No. 11. Apex suffered no surprise or prejudice as a result of CMT's substitution of Mr. Foley for Mr. Melchiorri, particularly given that Apex has been aware for more than a year and a half that Mr. Foley possesses relevant knowledge of consumer confusion. Moreover, Apex cannot know how Mr. Foley's testimony will be used at trial and therefore cannot establish at this stage that it constitutes inadmissible hearsay. Accordingly, the Court should deny Apex's Motion in Limine No. 11, including this supplemental brief, in its entirety.

– 5 –

Dated: May 22, 2026

Respectfully submitted,

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Kaitlin M. Farrell (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
kfarrell@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com

/s/ Joshua B. Durham
Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Signed this 22nd of May, 2026 in New York, NY.


/s/ Robert E. Colletti
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Robert E. Colletti
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com