

**WOMBLE BOND DICKINSON**

Womble Bond Dickinson (US) LLP

June 8, 2026

Via ECF

Hon. Timothy M. Reif
U.S. District Court Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Re: CMT USA, Inc. et al. v. Apex Tool Group LLC et al.
   No. 3:24-cv-00137-TMR-DCK (W.D.N.C.)

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

John F. Morrow Jr.
Direct Dial: 336-721-3584
Direct Fax: 336-733-8429
E-mail: John.Morrow@wbd-us.com

Dear Judge Reif:

I represent the Apex defendants in this case and write in response to the letter Plaintiffs' counsel sent you last night. Initially, we view the letter as an improper informal motion to compel or for sanctions. Setting that aside, the Court should be aware of additional information relevant to Plaintiffs' informal request to compel discovery (on the eve of trial) regarding Apex's decision to stop selling the accused products. In particular:

- As shown by Plaintiffs' letter to Your Honor and exhibits thereto, Apex has supplemented its responses to the few discovery requests that arguably request information regarding Apex's decision to stop selling the accused products;

- Plaintiffs never served discovery requests seeking the broad discovery they now seek, and Plaintiffs' letter to Your Honor identifies no such requests. Notably, this is not the first time Plaintiffs have burdened the Court with demands for information not responsive to their requests. (*See* Dkt. 246, at 13, "The undersigned is not persuaded that the information Plaintiffs seek to compel here is responsive to Requests for Production Nos. 25 and 30, or any other discovery requests that have been identified to the Court.");

- Plaintiffs knew or should have known of Apex's decision to wind down sales of the accused products by virtue of financial reports, witnesses testimony, and dozens of other documents timely produced by Apex long ago. This included periodic supplemental financial productions showing the sharp decline in sales and marketing of the accused products and thus signaling their discontinuance and extensive correspondence showing that Apex was losing money on its saw blade program and considered many of the circular blades as "excess and obsolete" inventory, which it sought to sell off at a steep loss. Indeed, long ago Apex produced documents showing that Apex drastically decreased its marketing spend on the accused products in 2023. CMT filed a motion seeking sanctions based on its speculation that the data must

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Case 3:24-cv-00137-TMR-DCK   Document 361   Filed 06/08/26   Page 1 of 5



be inaccurate. The Court denied that motion on July 29, 2025. (*See* Dkt. 246). CMT nevertheless waited until the eve of trial to raise this issue;

- The only relevance stemming from Apex's decision to stop selling the accused products is Apex's subsequent decreasing sales numbers and marketing spend. Again, Plaintiffs have had data showing same for a prolonged period of time, and both parties' experts have provided opinions based on the actual sales and marketing numbers. Those numbers are what they are regardless of when Apex decided to stop selling the accused products;

- Despite multiple requests, Plaintiffs have yet to explain how expert depositions, motion practice, settlement discussions, and trial preparation would have proceeded differently had they known about Apex's decision sooner. Based on recent settlement discussions, it is clear they would not have; and

- Notwithstanding their complaints, it has recently become clear that Plaintiffs have failed to supplement discovery regarding at least two issues relevant to the case. Specifically, (a) an agreement Plaintiffs apparently entered into with a retailer that precludes that retailer from selling Apex's accused products; and (b) Plaintiffs' apparent decision to shift focus to its Zero Gravity blades (which look even more dissimilar to Apex's accused products than do Plaintiffs' traditional woodcutting blades, as shown below):

| CMT 6 ½" Blade | APEX 6 ½" Blade |
|---|---|

 





While Apex would like to have supplemental discovery on those issues, the reality is that trial is two weeks away and the parties should be focusing their resources on same.

In view of the above, Apex respectfully submits that Plaintiffs' request to reopen discovery should be denied.[1] If the Court is inclined to reopen discovery, however, Apex requests that Plaintiffs be required to supplement their discovery responses on the two issues listed above, including by providing a short 30(b)(6) deposition (no longer than 2 hours) on both.

Best regards,

Womble Bond Dickinson (US) LLP

/s/ *John F. Morrow, Jr*
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com

---

[1] Apex is willing, however, to provide Plaintiffs a report showing their current remaining inventory, which is very low.



Joy.Woller@wbd-us.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 8th day of June, 2026, the foregoing document was served via electronic means through CM/ECF on the following counsel of record:

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)

HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mruggeri@haugpartners.com
bauricchio@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*


/s/ *John F. Morrow, Jr.*
John F. Morrow, Jr.

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*