# EXHIBIT B
# STIPULATIONS OF LAW

| No. | STIPULATIONS OF LAW* |
|---|---|
| 1. | The Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as Plaintiffs' federal law claims of trademark infringement and unfair competition are brought under the Lanham Act, specifically 15 U.S.C. § 1114 (trademark infringement) and § 1125(a) (trade infringement and unfair competition). |
| 2. | The Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367. |
| 3. | The Court has subject matter jurisdiction over Defendants' counterclaim pursuant to 28 U.S.C. § 1331, as Defendants' claim for cancellation of Plaintiffs' registration on the grounds of genericness is brought under the Lanham Act, specifically 15 U.SC. § 1119.  This Court also has subject matter jurisdiction over Defendants' counterclaim pursuant to 28 U.S.C. § 1367(a). |
| 4. | CMT Utensili S.p.A. ("CMT") is the owner of the asserted trademark, U.S. Trademark Registration No. 3,038,625, pursuant to 15 U.S.C. § 1057(a). |
| 5. | Trademark registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods and services specified in the registration."  15 U.S.C. § 1115(a). |
| 6. | The goods and services for CMT's trademark registration is "circular blades for power saws for cutting wood." *See* Reg. No. 3,038,625. |
| 7. | A registrant's right to use a trademark may become "incontestable" after five years of continuous and unchallenged use.  15 U.S.C. § 1065.  CMT's trademark (Reg. No. 3,038,625) is incontestable. |

1

| | |
|---|---|
| 8. | Incontestable trademarks are "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). |
| 9. | A registered mark may be canceled at any time on the grounds that it has become generic. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985) |
| 10. | Plaintiffs seek a judgment and declaration that Defendants have infringed CMT's U.S. Registration No. 3,038,625 under 15 U.S.C. § 1114, infringed CMT's trademark rights in the color orange on circular woodworking blades under common law and 15 U.S.C. § 1125(a), engaged in unfair competition under 15 U.S.C. § 1125(a) and common law; and are liable for trademark dilution under N.Y. Gen. Bus. L. 360-1. |
| 11. | The Fourth Circuit has articulated nine factors relevant to determining likelihood of confusion: (i) the strength or distinctiveness of plaintiff's mark as actually used in the marketplace; (ii) the similarity of the two marks; (iii) the similarity of the goods or services that the marks identify; (iv) the similarity of the facilities used by the markholders; (v) the similarity of advertising used by the markholders; (vi) the defendant's intent; (vii) actual confusion; (viii) quality of defendant's product (if relevant); and (ix) the sophistication of the consuming public. *See Sara Lee Corp. v. Kayser-Roth Corp.,* 81 Fed. 455, 463-64 (4th Cir. 1996). |
| 12. | Plaintiffs' claims for trademark infringement (Counts I, II, III) and unfair competition (Count IV, V) are governed by the same legal standard and are evaluated by the same essential elements as trademark infringement under 15 U.S.C. § 1114 (Count I). *See People for the Ethical Treatment of Animals v. Doughney,* 263 F.3d 359, 364 (4th Cir. 2001) (the relevant test for trademark infringement is the same under 15 U.S.C. § 1114 and § 1125(a), and the test for unfair competition under § 1125(a) mirrors the test for federal trademark infringement); *Georgia Pacific Consumer Products, L.P. v. Von Drehle Corp.*, 618 F. 3d 441, 449 (4th Cir. 2010) (the elements for trademark infringement and unfair competition at common law mirror the Lanham Act). |
| 13. | Trademark registration is *prima facie* evidence that a mark is not generic. *SafeRack, LLC v. Bullard Company,* 350 F. Supp. 3d 438, 454 (D.S.C. 2018). |
| 14. | "The court concludes that the genus of goods at issue is 'circular blades for power saws for cutting wood.'" Order, at 10. |

2

| 15. | Defendants' bear the burden of proving genericness by a preponderance of the evidence. *Retail Servs. v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004). |
|---|---|
| 16. | If Plaintiffs prevail under 15 U.S.C. § 1114 (trademark infringement) or 15 U.S.C. § 1125(a) (infringement of an unregistered mark, unfair competition), Plaintiffs are entitled, subject to the principles of equity, "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *See* 15 U.S.C. 1117(a). |
| 17. | According to the circumstances of the case, courts have discretion to award as actual damages sustained by the plaintiff "any sum above the amount found as actual damages, not exceeding three times such amount." That sum should constitute compensation and not a penalty. *See* 15 U.S.C. § 1117(a). |
| 18. | Injunctive relief is available under the Lanham Act. *See* 15 U.S.C. § 1116. |
| 19. | Courts may award reasonable attorney's fees to the prevailing party only in an "exceptional case" for claims brought under 15 U.S.C. §§ 1114, 1125(a). See 15 U.S.C. § 1117(a).<br><br>A case is "exceptional" if (1) the non-prevailing party's position is either frivolous or objectively unreasonable (2) the non-prevailing party has litigated the case in an unreasonable manner, or (3) there is the need in particular circumstances to advance considerations of compensation and deterrence. *Georgia-Pac. Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), as amended (Apr. 15, 2015) |

*Nothing within these Stipulations of Law shall be construed as a waiver, concession, or admission by Plaintiffs or Defendants of any claim, defense, or argument in this action. All such rights are expressly reserved.