**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:24-CV-00137-TMR-DCK**

CMT USA, INC. and CMT UTENSILI S.p.A.,

      Plaintiffs,

      v.

APEX TOOL GROUP LLC and APEX
BRANDS, INC.

      Defendants.

**<u>PLAINTIFFS'</u>**
**<u>MEMORANDUM IN</u>**
**<u>SUPPORT OF ITS MOTION</u>**
**<u>FOR RECONSIDERATION</u>**

Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively, "CMT") respectfully request reconsideration of the Court's presentation-of-proof ruling issued during the June 16, 2026 pretrial conference.

A district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); *cf.* Fed. R. Civ. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). Although the Court's orders generally become law of the case and must be followed, they may be revisited where, *inter alia*, "the prior decision was clearly erroneous and would work manifest injustice." *Sejman* v. *Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988).

The Court indicated that it would adopt Defendants' proposed presentation of proof set forth in the Proposed Pretrial Order (Dkt. 370, at 5), except that damages would be bifurcated from liability. Under that proposal, CMT presents its case on infringement and no genericness, Defendants then present their case on non-infringement and genericness, and the case proceeds directly to the jury on liability. In addition, the Court ruled that CMT may not call, during its case-in-chief, witnesses whom Defendants intend to call in their own case because CMT will have the opportunity to cross-examine those witnesses after Defendants call them. The Court further limited cross-examination "strictly to the subject matter of the direct examination and matters affecting witness credibility."

There is no dispute that CMT bears the burden of proving infringement. And because genericness is an affirmative defense, Defendants bear the burden of proving genericness. *Lone*

1

*Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995) (recognizing that genericness is an affirmative defense to an allegation of trademark infringement); *see also Interprofessional du Gruyere v. U.S. Dairy Exp. Council*, 61 F.4th 407, 416 (4th Cir. 2023) (recognizing that the party challenging a trademark bears the burden of proving genericness by a preponderance of the evidence). Yet the Court's ruling requires CMT to present not only its infringement case, but also any response to Defendants' genericness affirmative defense before Defendants have introduced a single piece of genericness evidence. Once CMT rests, it has no opportunity to present affirmative evidence responding to Defendants' genericness case.

This sequencing creates a fundamental asymmetry. CMT cannot present evidence responding to Defendants' genericness case before that evidence exists. Although CMT may cross-examine Defendants' witnesses, the Court has limited cross-examination to the scope of direct examination and matters affecting credibility. CMT therefore cannot use cross-examination to go beyond the scope of Defendants' direct examination. Nor may CMT call those witnesses during its own case-in-chief. As a practical matter, the jury will hear Defendants' genericness evidence without hearing CMT's affirmative response.

That result is inconsistent with Federal Rule of Evidence 611(a)(1), which directs courts to exercise reasonable control over the presentation of evidence "so as to make those procedures effective for determining the truth." The current sequencing frustrates that objective by requiring the party opposing a counterclaim to rest before the counterclaim defense is even presented. CMT is not seeking to reopen its infringement case or to reserve evidence they could have presented initially. Rather, CMT seeks the ordinary opportunity to respond to evidence first introduced by Defendants in support of a counterclaim on which Defendants bear the burden of proof. Without that opportunity, Defendants effectively receive the final evidentiary presentation on genericness

despite bearing the burden. The Court's ruling also deprives CMT of the right to present rebuttal evidence directed to matters that could not reasonably have been anticipated during its case in chief.

As one illustration of the prejudice: Defendants intend to rely on third-party saw blade evidence (the "Marksmen report") identifying more than forty saw blades in support of their genericness defense. CMT disputes the relevance and admissibility of many of those products and has objected—and intend to renew their objection at trial—to their admission. In the event that CMT's objections are overruled, CMT had anticipated potentially calling one or more rebuttal witnesses to address some of these blades affirmatively, depending upon which blades are admitted into evidence and depending upon the nature of the testimony that Defendants elicit. But after today's ruling, Defendants will undoubtedly argue that CMT's only mechanism for addressing particular blades affirmatively is to anticipate which blades Defendants will actually offer, which objections the Court will sustain, and what evidence will ultimately reach the jury—all before Defendants present their case. Moreover, Defendants will presumably argue, in response to objections from CMT, that CMT opened the door to otherwise inadmissible evidence by preemptively addressing it in CMT's case-in-chief. CMT should not be required to preemptively rebut evidence that may never be admitted or even offered. Nor should Plaintiffs be faced with the Hobson's choice of either: (i) being precluded from rebutting the evidence that Defendants ultimately introduce; or (ii) being held to have opened the door to the admission of inadmissible evidence. The order of proof should not result in a "heads I win, tails you lose" windfall for Defendants.

The prejudice is compounded by Defendants' attempt to elicit testimony regarding U.S. consumer perception from fact witnesses who were never disclosed as possessing such knowledge,

3

in violation of Defendants' disclosure obligations under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring, in relevant part, that each party disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses"); Fed. R. Civ. P. 26(e)(1)(A) (requiring that any supplement to initial disclosures be made "in a timely manner"); Fed. R. Civ. P. 37(c)(1) (generally precluding the use of information that is not timely disclosed under Rules 26(a) or 26(e)); *see* Pretrial Order at 12-14. Defendants' sole designated witness on the U.S. market, Porscha Imperial, has essentially acknowledged that she cannot testify regarding U.S. consumer perception. CMT has objected to Defendants' efforts to backfill that deficiency through other witnesses and maintains those objections. However, if such testimony is permitted, CMT will have had no discovery regarding those witnesses' purported opinions, no meaningful opportunity to prepare for cross-examination, and no ability to present responsive evidence before resting its case.

The Court's current ruling was clearly erroneous and would work manifest injustice. It requires CMT to speculate about the evidence Defendants will ultimately present in support of an affirmative defense on which Defendants bear the burden of proof. Limited cross-examination is not an adequate substitute for the opportunity to present affirmative evidence responding to the evidence actually admitted. Nor does it cure the practical effect of depriving CMT of any meaningful rebuttal on genericness.

Accordingly, CMT respectfully requests that the Court modify the presentation of proof so that CMT presents its infringement case, Defendants present their non-infringement and genericness case, and CMT is permitted to present rebuttal on genericness as necessary, including through witnesses previously called during its infringement case. This approach preserves the proper allocation of burdens of proof, permits each party to present evidence on the issues for

which it bears responsibility, preserves Plaintiffs' ability to seek judgment as a matter of law after Defendants have been fully heard on their genericness defense, and ensures that the jury evaluates Defendants' genericness defense only after hearing both Defendants' evidence and Plaintiffs' response to the evidence actually admitted.

If the Court adheres to its ruling, CMT respectfully reserves the right to revise its witness presentation to account for the altered order of proof. In particular, because CMT would otherwise be required to anticipate and rebut Defendants' genericness evidence before it is presented, CMT reserves the right to call one or more of Defendants' witnesses during CMT's case-in-chief as necessary to address issues on which Defendants bear the burden of proof.

CMT is available at the Court's convenience should the Court wish to discuss.


Dated: June 16, 2026

Respectfully submitted,

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Kaitlin M. Farrell (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com

/s/ Joshua B. Durham
Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202

5

(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

6

## CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's order of June 13, 2024 regarding the use of artificial intelligence in court filings, Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A., through their undersigned counsel, hereby certify:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.


Signed this 16th of June, 2026 in New York, NY.


/s/ Robert E. Colletti
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System.  Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Robert E. Colletti
Robert E. Colletti (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
rcolletti@haugpartners.com

*Attorney for Plaintiffs CMT USA, Inc.
and CMT Utensili S.p.A.*

2