# CMT'S COMMENTS TO THE COURT'S JUNE 17, 2026 VERDICT FORM

<u>Infringement Instructions</u>

CMT objects to Questions 1–3 of the proposed verdict form because they are inconsistent with the Court's proposed jury instructions, which are based on the Fourth Circuit test for trademark infringement. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012).

The Court's proposed jury instructions correctly instruct the jury that CMT must prove four elements of trademark infringement: (1) ownership of a valid trademark[1]; (2) Apex's unauthorized use of the mark in commerce; (3) Apex's use of the mark in connection with the sale, offering for sale, distribution, or advertising of goods; and (4) that Apex's use was likely to cause confusion. The instructions further direct that "[i]f you find that CMT has proved these elements by a preponderance of the evidence, you must then find Apex liable for trademark infringement."

The proposed verdict form does not mirror those instructions. Instead, it asks the jury to answer only a revised version of two of the four elements—ownership and likelihood of confusion—and then separately asks whether Apex "infringe[d]" CMT's trade dress. That structure is inconsistent with both the Court's instructions and the governing law. It omits whether Apex's uses CMT's mark in commerce without CMT's

---

[1] CMT readily satisfies its burden on the first infringement factor because its registered trade dress is incontestable. Incontestability constitutes "conclusive evidence" of the validity of CMT's registered mark, CMT's ownership of the mark, and CMT's exclusive right to use the mark in commerce. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995).

1

consent and whether Apex's uses CMT's mark in connection with the sale, distribution, or advertising of goods.

Moreover, infringement is not a separate factual element for the jury to decide; it is the legal consequence of finding that the four elements have been established. By requiring the jury to answer an additional "Infringement" question after already resolving the predicate issues, the verdict form invites misunderstanding and creates the possibility of internally inconsistent verdicts.

Accordingly, CMT respectfully requests that the verdict form be revised to mirror the four elements set forth in the Court's infringement instruction, with a direction that, if each element is answered "Yes," the jury must find Apex liable for trademark infringement. That approach accurately reflects the governing law and the Court's jury instructions while eliminating the risk of an inconsistent verdict.

Alternatively, if the Court prefers a more streamlined verdict form, CMT requests that the only question posed to the jury is whether Apex is liable for trademark infringement.

Case 3:24-cv-00137-TMR-DCK    Document 382-1    Filed 06/17/26    Page 2 of 7

<u>Damages Instructions</u>

CMT objects to the removal of the reasonable royalty line from the verdict form, as proposed by Apex.

The Court excluded only Mr. Jon-Reid Henz's opinion regarding "the calculation of reasonable royalties in the Henz Report and related opinions and testimony from Mr. Henz." Dkt. 362 at 32. While Mr. Henz will not offer excluded opinions, the Court's ruling did not preclude CMT from presenting evidence supporting a reasonable royalty through other admissible evidence or witnesses. CMT expressly reserves its right to do so.

Accordingly, there remains a legally permissible basis upon which the jury could award a reasonable royalty if supported by the evidence presented at trial. Conversely, if the jury concludes that CMT has not met its burden of proof, the jury is free to award $0, as the Court's damages instructions make clear. The possibility that the jury may ultimately award no reasonable royalty is not a basis to remove that category of damages from the verdict form before the evidence is presented.

CMT therefore respectfully requests that the reasonable royalty line remain on the verdict form.

To the extent the Court is inclined to strike reasonable royalty damages from the case based on the Henz limine motion, CMT requests additional briefing on this point.

# CMT'S PROPOSED REVISIONS TO THE COURT'S JUNE 17, 2026 VERDICT FORM

Please read each question carefully and answer based on the evidence and law as instructed. Your answers should reflect your honest and impartial judgment. Please follow each of the below instructions carefully.

## PART I – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

If you answer yes to each of the below questions, then you have found Apex liable for infringing CMT's trademark rights and unfair competition.

Question 1: ~~Validity~~Ownership of CMT's Trade Dress

Is the CMT trade dress, consisting of the color orange as applied ~~by CMT on the entire surface of its~~to circular blades for power saws ~~f~~or cutting wood, a valid trademark owned by CMT?

_____ YES    _____ NO

(If you answered "NO," proceed to Question ~~4~~5. If "YES," proceed to Question 2).

Question 2: Apex's Unauthorized Use of CMT's Trade Dress In Commerce

Has Apex used the color orange (or an imitation of it) on circular blades for power saws for cutting wood in commerce without CMT's authorization?

_____ YES    _____ NO

(If you answered "NO," proceed to Question 5. If "YES," proceed to Question 3).

Question 3: Apex's Use of CMT's Trade Dress in Connection with Sale, Distribution, or Advertising

Has Apex used the color orange (or an imitation of it) as applied to circular blades for power saws for cutting wood in connection with the sale, offering for sale, distribution, or advertising of such goods?

_____ YES   _____ NO

(If you answered "NO," proceed to Question 5.  If "YES," proceed to Question 4).

Question 4: Likelihood of Confusion

Has Apex used CMT's trademark (or an imitation of it) in a manner that was likely to cause confusion?

_____ YES   _____ NO  (If you answered "NO," stop here and sign the verdict form

.  If "YES," proceed to Question 3).

Question 3: Infringement

Does Apex's sale and advertising of circular saw blades for cutting wood that use Apex's Crescent trade dress infringe the CMT trade dress?

_____ YES   _____ NO

(If you answered "NO," proceed to Question 4.  If "YES," proceed to Question 4.)

2

**PART II – GENERICNESS DEFENSE**

Question 45: Genericness

Should CMT's U.S. Registration No. 3,038,625 be cancelled as generic?

_____ YES     _____ NO

(If you answered "YES," stop here and sign the verdict form. If you answered "NO," proceed to Part III).

**PART III – WILLFULNESS AND DAMAGES**

Question 56: Willfulness

If you found that Apex infringed the CMT trade dress, was Apex's infringement willful?

_____ YES     _____ NO

Question 67: Damages

If you found that Apex infringed the CMT trade dress, what amount of damages do you award to CMT as a result of Apex's infringement?

(State the amount in dollars; if none, write "$0.")

a. Lost Profits:

3

$ _____

b. Reasonable Royalty

$ _____

c. Remedial Advertising:

$ _____

The jury foreperson is to sign and date this form below and return it to the Court.

Signature _____

Date _____

4