

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

June 24, 2026

**Robert E. Colletti**
rcolletti@haugpartners.com

**Via ECF**

Hon. Timothy M. Reif
U.S. District Court
Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Re:  ***CMT USA, Inc. et al. v. Apex Tool Group LLC et al.*, No. 3:24-cv-00137-TMR-DCK (W.D.N.C.)**

Dear Judge Reif:

CMT respectfully submits its position regarding its designation of Matthew King's deposition testimony.

Apex mischaracterizes its withdrawal of Mathew King's declaration in response to CMT's motion *in limine* and the Court's June 8, 2026 Order. The Court accepted Apex's withdrawal of the Declaration of Mr. King, exhibits related thereto, and any testimony related to that declaration, provided the exclusion relates to testimony offered by both parties. CMT does not seek to admit the Declaration, publish it to the jury, or use it as substantive evidence.

Rather, the designated testimony concerns Mr. King's own sworn admissions regarding his lack of personal knowledge, qualifications, and basis for statements he adopted under penalty of perjury. Those admissions are independently admissible because they bear directly on Mr. King's credibility, reliability, and the weight the jury should afford his testimony.

Mr. King testified under oath that:

- he signed the declaration under penalty of perjury;

- he did not know what it was being used for (King Tr. 24:14-17; 34:22-24; 35:21-24);

- he spent approximately ten seconds reviewing it before signing (King Tr. 49:2-7);

- Defendants' counsel drafted the declaration (King Tr. 24:2-4; 25:25-26:2; 38:19-22; 39:5-6; 40:3-8; 40:23-25; 41:16-18; 42:10-12; 42:18-20; 44:3-5; 48:15-49:7; 49:15-17);



- portions of the declaration were not true and accurate (King Tr. 40:16-19; 78:6-9; 79:4-22);

- he did not independently verify those opinions before signing (King Tr. 42:21-43:3; 43:4-6; 43:11-18); and

- Apex agreed to indemnify him for legal expenses associated with this litigation (King Tr. 21:21-22:7).

The Federal Rules expressly permit inquiry into matters bearing on a witness's credibility, bias, motive, knowledge, and reliability. *See* FED. R. EVID. 607, 611, 613.

Apex's position would improperly shield Mr. King from impeachment on subjects about which he testified under oath merely because those subjects arose during questioning concerning a declaration that Apex withdrew. Nothing in the Court's Order supports such a broad result.

This is not an attempt to relitigate a discovery dispute. The testimony goes directly to the credibility of a witness that Apex designated and now wants to rely upon in this litigation. A witness's admission that he signed a declaration under penalty of perjury without meaningfully reviewing it, without verifying its contents, is highly probative of credibility. Particularly where that declaration included opinions on confusion, a topic for which Mr. King will offer testimony. Likewise, evidence of indemnification bears directly on potential bias.

Defendants' Rule 403 argument is also unpersuasive. The probative value of this testimony is substantial because it concerns the reliability and credibility of the witness himself. Any potential prejudice arises not from unfairness, but from the witness's own sworn testimony.

Accordingly, CMT respectfully request that the Court deny Apex's request to strike CMT's designated testimony.

Respectfully submitted,

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Kaitlin M. Farrell (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
kfarrell@haugpartners.com



bauricchio@haugpartners.com
mruggeri@haugpartners.com

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
Kevin Roak (NC Bar 57402)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com
kroak@ belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Brian E. Auricchio
Brian E. Auricchio (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
bauricchio@haugpartners.com