

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

June 24, 2026

**Robert E. Colletti**
rcolletti@haugpartners.com

**Via ECF**

Hon. Timothy M. Reif
U.S. District Court
Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Re:   ***CMT USA, Inc. et al. v. Apex Tool Group LLC et al.*, No. 3:24-cv-00137-TMR-DCK (W.D.N.C.)**

Dear Judge Reif:

Ms. Imperial, an employee of Marksmen, Inc. ("Marksmen"), and her team of investigators were retained by Defendants' counsel and worked at their direction. Defendants seek to introduce nearly 40 third-party saw blades through Ms. Imperial. The Federal Rules of Evidence do not permit it.

Ms. Imperial cannot establish two foundational facts necessary for admission: (i) that each saw blade was ***actually purchased*** and (ii) that each saw blade was ***for sale*** in the U.S. Defendants seek to prove those facts based on information ***provided by others***. Thus, Ms. Imperial must rely on hearsay, not personal knowledge, to establish the relevance of these blades.

The problem begins with the source of Ms. Imperial's purported "knowledge." The Marksmen Report was not the product of a single investigator, but Ms. Imperial testified that a "***team of investigators***" prepared the report. Imperial Tr. 24:16-22. In fact, at least ***seven individuals*** contributed to the investigation: four investigators contacted sellers and three investigators purchased saw blades. *Id.* at 24:16-25:24. Yet Defendants now seek to introduce ***all evidence*** from that investigation through a single witness who did not personally conduct these purchases.

Federal Rule of Evidence 602 requires evidence "sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. A witness must have "***actually observed the fact***." *Webster v. ACB Receivables Mgmt.*, 15 F. Supp. 3d 619, 631 (D. Md. 2014) (citing FED. R. EVID. 602 Advisory Committee Note).

Ms. Imperial's testimony falls far short of that standard. Ms. Imperial *did not testify* that she personally observed *any* of this work. Rather, she is a supervisor that checks their work, but she does not personally observe it. In other words, she relies on ***out-of-court statements*** from her investigative team—a team


*hired by* Defendants' counsel for litigation—to establish *facts* about these products. In other words, Ms. Imperial's testimony establishes **oversight**, not **personal knowledge**. She did not observe every purchase, or in any way verify that each saw blade was available in the U.S.

As a result, Ms. Imperial can testify only by repeating what other investigators told her. Under Rule 801(c), that is hearsay. FED. R. CIV. P. 801(c). Defendants seek to use Ms. Imperial's testimony to prove precisely what other investigators reported: that particular saw blades were purchased and available for sale in the U.S. Because she lacks **personal knowledge** of those facts, her testimony necessarily depends on hearsay.

Nor can Defendants invoke a hearsay exception. The Marksmen Report was prepared in anticipation of litigation. Documents prepared for litigation lack the reliability that underlies the hearsay exceptions. As the Fourth Circuit has explained, "[t]he absence of trustworthiness is clear, however, when a report is prepared in the anticipation of litigation because the document is not for the systemic conduct and operations of the enterprise but for the primary purpose of litigating." *See Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200 (4th Cir. 2000).

The consequence is straightforward. Defendants cannot use Ms. Imperial as a conduit for information gathered by a team **hired for the purposes of litigation**. If Defendants wish to admit a particular saw blade, they must present a witness with personal knowledge of that blade's purchase. Rule 602 requires it.

Respectfully submitted,

/s/ Robert E. Colletti
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Kaitlin M. Farrell (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
kfarrell@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com


Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
Kevin Roak (NC Bar 57402)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com
kroak@ belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Brian E. Auricchio
Brian E. Auricchio (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
bauricchio@haugpartners.com