CMT USA, INC. and CMT UTENSILI S.P.A.,

      Plaintiffs,

v.

APEX TOOL GROUP LLC and APEX BRANDS, INC.,

      Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF FEES MOTION**

### A. The Rates Charged by Apex's Counsel Were Reasonable.

The Declaration of David Jackson and invoices attached thereto affirm that the average rate charged by Apex's counsel for the motions at issue was approximately $410 and that such rate is reasonable (and in fact quite low) for this type of litigation. (ECF No. 407). Although CMT challenges the reasonableness of Apex's rates, it does not provide any evidence demonstrating that they are high. For example, CMT did not provide the rates charged by its own counsel to prepare the ill-advised motions or Rule 72 objections that resulted in the fee awards, or any surveys or declarations from disinterested counsel showing that the rates charged to Apex were high. Regardless, in addition to Mr. Jackson's Declaration, publicly available data demonstrates the reasonableness of the rates charged to Apex. Specifically, the 2025 AIPLA Report of the Economic Survey shows that the average rate charged in intellectual property cases was $525 in 2024. (*See* Ex. A, 2025 AIPLA Report, at p. 16).[1] CMT's rate arguments therefore fail.

---

[1] The survey further shows that for firms having over 100 practitioners (like Apex's counsel's firm, Womble Bond Dickinson), the average rate was $797. *Id*.

**B. The Hours Charged by Apex's Counsel Were Also Reasonable.**

CMT argues that 157 total hours spread amongst seven timekeepers (including paralegals) was excessive for responding to what CMT describes as two routine discovery motions. That argument too seems a bit hypocritical. Although CMT failed to disclose its own hours or number of timekeepers involved, CMT's signature blocks for the brief opposing Apex's motion for fees lists seven (7) attorneys. And if the number of attorneys and paralegals who attended trial on CMT's behalf is any indication, there should be little doubt about the reasonableness of the number of attorneys used by Apex throughout the case.

Moreover, the subject motions were far from routine. Through its motions CMT sought privileged/work product materials as well as sanctions under Rule 37, both of which were far from "routine." Indeed, as confirmed by the Court the sanctions motion was so unusual that CMT itself cited no case law supporting its position. *See* Dkt. 246, at p. 19 ("As Defendant noted, Plaintiffs do not provide any caselaw supporting the requested relief."). CMT's aggressive and uncommon requests necessitated thorough responses, increasing the time required.

**C. Any Fees That May not Have Been Directly Related to the Motions were De Minimis.**

CMT identifies entries amounting to a total of $8,296.19 that it contends are unrelated to the motions. (ECF No. 415, at pp. 7-8). A plain review of those entries, however, shows that most of the work was related to the motions. For example:

- The 10-31-24 entries from Megan and Jason Sneed both explicitly refer to the "motion to compel" filed by CMT that same day. Naturally counsel would have to review CMT's motion to compel in order to advise the client on next steps and prepare Apex's response, which culminated in the filing of ECF No. No. 127, one of the motions covered by the Court's fee award.

- The 11-1-24 entries from Aaron Johnson and Karen Wildman as well as the 11-8-24 entry relate to redactions and sealing of filings related to the motions.

- The 11-4-24 entry from David Jackson relates to a client call where CMT's motion to compel at issue is explicitly referenced as part of the conversation.

- The 11-5-24 entries from David Jackson, Joy Woller, and Aaron Johnson reflect internal discussions on a number of topics, including Apex's "response to CMT's motion to compel" as explicitly set forth in the entry from David Jackson. Although the entries from Mr. Johnson and Ms. Woller were broader in scope, reviewing those entries in tandem in their entirety clearly shows that those internal discussions encompassed Apex's response to CMT's motion to compel and therefore were properly requested in Apex's fee motion.

- The 11-13-24 entry from Aaron Johnson relates to an internal discussion among counsel that explicitly references responding to CMT's motion to compel, but also naturally encompassed another discreet topic related to the litigation. Once again, for a time entry that lasted just over a half hour, for CMT to dispute a small portion of that total amount is an exercise in tedium.

Consequently, if the Court is inclined to reduce the fees, it should reduce them by no more than 30% of the total $8,296.19 encompassed by the entries identified by CMT, which would result in a reduction of the entries disputed by CMT to $5,807.33 and reduce Apex's total fees sought to $55,564.55.[2]  Indeed, the weight of authority does not support wholesale reductions due to a party's use of block billing, particularly when the entries are detailed. *See, e.g.*, *Tinsley v. City of Charlotte*, 397 F. Supp. 3d 803, 809 (W.D.N.C. 2019), *rev'd on other grounds*, 854 F. App'x 495 (4th Cir. 2021); *Supler v. FKAACS, Inc.*, No. 5:11-CV-229-FL, 2013 WL 6713120, at *4 (E.D.N.C. Dec. 19, 2013).

### D. Conclusion

For these reasons and those set forth in Apex's opening brief, Apex Respectfully requests that the Court grant its motion in-full.

---

[2] As confirmed by CMT's response, prior to filing this motion Apex agreed to resolve this fee dispute for $55,000. Because CMT refused to agree to that amount, the parties have now been forced to incur additional fees in preparing the briefing on this motion. Apex was also forced to incur additional fees in responding to CMT's Rule 72 Objections relating to the underlying motions. CMT's actions have thus not only caused Apex to incur substantial additional fees relating to CMT's motions, but also required the Court to deal with this motion and CMT's Rule 72 objections. If anything, these facts weigh in favor of increasing fees to be awarded to Apex.

DATED: July 29, 2026  **WOMBLE BOND DICKINSON (US) LLP**

By: <u>/s/ David A. Jackson</u>
John F. Morrow, Jr.
Aaron D. Johnson
David A. Jackson
Joy Tacy Allen Woller
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
John.Morrow@wbd-us.com
Aaron.Johnson@wbd-us.com
David.Jackson@wbd-us.com
Joy.Woller@wbd-us.com

Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 29th day of July, 2026, the foregoing

DEFENDANTS' REPLY IN SUPPORT OF FEES MOTION was served via electronic means

through CM/ECF on the following counsel of record:

Edward B. Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
BELL, DAVIS & PITT
227 W. Trade St., Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)

HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
mruggeri@haugpartners.com
bauricchio@haugpartners.com

*Attorneys for Plaintiffs CMT USA, Inc.*
*and CMT Utensili S.p.A.*

/s/  David A. Jackson
Attorneys for Defendants
*Apex Tool Group LLC and Apex Brands, Inc.*