UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00137-TMR-DCK

CMT USA, INC. and CMT UTENSILI S.P.A.,

     Plaintiffs,

v.

APEX TOOL GROUP LLC and APEX
BRANDS, INC.,

     Defendants.

**DECLARATION OF JOHN F. MORROW, JR. IN SUPPORT
OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, John F. Morrow, Jr., declare as follows:

1. I am an attorney duly licensed to practice law, am in good standing with the State Bar of North Carolina, and am a partner with the law firm of Womble Bond Dickinson (US) LLP ("WBD"). This declaration is submitted in support of Defendants' Motion for Attorneys' Fees.

2. I have practiced in WBD's (formerly Womble Carlyle's) intellectual property litigation practice group since graduating Wake Forest University School of Law in 1996. I was promoted to partner in 2004. From 2012 until 2021, I served as the Chair of WBD's intellectual property litigation practice group, and since 2023 I have served as the Managing Partner of WBD's Winston-Salem and Greensboro offices while maintaining my full practice within the firm's intellectual property litigation practice group.

3. Since January 2026 I have been the lead partner responsible for WBD's legal work required to represent Defendants in this case and have worked primarily with partners David Jackson, Aaron Johnson, and Joy Woller, as well as associate Chris Underwood and paralegal Karen Wildman, all of whom worked on this case in these same positions at the law firm of Lewis

Roca Rothgerber Christie LLP ("Lewis Roca") prior to Lewis Roca's merger with WBD effective January 1, 2025. All of these professionals have extensive experience working on intellectual property disputes, and particularly trademark disputes. Throughout the case a number of other attorneys, paralegals, and legal professionals worked on discreet tasks (*e.g.*, document review, privilege review, document confidentiality coding, legal research, document drafting) based on their billing rates, experience, and proficiency in handling such tasks. ***Despite these efficiencies, Defendants are not seeking fees associated with work performed by those other attorneys, paralegals and legal professionals.***

4.    Collectively, WBD (and formerly, Lewis Roca) billed 8,769.7 hours and $3,172,933.80 to this litigation from October 2023 through June 2026. However, Defendants only seek to recover $2,776,688.89 of their attorneys' fees—those fees billed by Mr. Jackson, Mr. Johnson, Ms. Woller, Mr. Underwood, Ms. Wildman and me. The effective average rate for the fees Defendants seek to recover for these people is approximately $390 per hour, which as discussed below constitutes a significant discount from our standard rates.

5.    **Exhibit 1** includes invoices reflecting the amounts billed to and paid by Defendants from the inception of this case in September 2023 through June 2026.[1] As shown by the invoices, the primary work by WBD reasonably necessary to represent Defendants included at least the following tasks: (a) evaluating the complaint, exhibits thereto and advising Apex regarding various response options in view of same; (b) preparing a motion to transfer; (c) preparing the answer and counterclaims; (d) negotiating and preparing a protective order; (e) negotiating and preparing a Rule 26(f) Report; (f) preparing multiple sets of discovery requests; (g) responding to written

---

[1] Invoice No. 6864043 dated July 21, 2026 has been sent to Defendants but has not yet been paid, but to date Defendants have paid their bills in-full.

discovery requests from CMT; (h) reviewing, coding and producing documents responsive to CMT's discovery requests; (i) reviewing CMT's written responses and documents produced in response to Apex's discovery requests; (j) preparing multiple emails and letters outlining deficiencies in CMT's discovery responses and document production; (k) engaging in multiple meet and confer conferences regarding discovery issues; (l) preparing a privilege log and reviewing/analyzing CMT's privilege log; (m) preparing, filing, and filing a reply in support of a discovery motion to obtain CMT's documents on saw blades; (n) responding to and fighting CMT's efforts to take the deposition of Apex's CEO, including filing a motion for protective order; (o) preparing for, taking, and defending 18 fact depositions; (p) reviewing and analyzing four expert reports from CMT, and taking the depositions of those experts; (q) evaluating and retaining five rebuttal experts, and working with those experts to prepare rebuttal reports, and defending their depositions; (r) holding meet and confers with opposing counsel and preparing and filing a motion in support of a substitute expert due to death of Apex's initial color expert and CMT's refusal to agree to a substitute expert; (s) responding to multiple CMT discovery motions filed after the close of discovery; (t) preparing a motion for summary judgment and supporting papers; (u) responding to CMT's motion for summary judgement; (v) preparing for trial, including all pretrial submissions; (w) participating in a four day jury trial; and (x) providing advice to Apex throughout the case. As further shown by the billing records, however, this list is by no means exhaustive.

6. As set forth in the chart below, through the end of June 2026 the primary attorneys and paralegal referenced above spent a total of 7,122.9 hours over the course of nearly three years of litigation. This chart also shows the admission year, hours billed, and average rates billed each of the attorneys in this case:

| Attorney | Admission Year | Hours Billed | Average Rates Charged |
|---|---|---|---|
| J. Morrow | 1996 | 433.0 | $845 |
| J. Woller | 2004 | 992.8 | $400 |
| A. Johnson | 2008 | 2,173.3 | $475.50 |
| D. Jackson | 2012 | 1,615.5 | $395 |
| C. Underwood | 2020 | 874.4 | $298.50 |

7. For further illumination of the significantly discounted rates provided in this case, the chart below shows the rates billed to Apex compared with the standard rates for each of the five primary attorneys in this case from 2023 when this case commenced through June 2026.

| | David Jackson | | Aaron Johnson | | Chris Underwood | | Joy Woller | | John Morrow | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Std. Rate | Billed Rate | Std. Rate | Billed Rate | Std. Rate | Billed Rate | Std. Rate | Billed Rate | Std. Rate | Billed Rate |
| 2023 | $500 | $370 (25%) | $600 | $467.50 (22%) | $335 | $290 (14%) | NA | NA | NA | NA |
| 2024 | $525 | $390 (25%) | $625 | $467.50 (25%) | $375 | $305 (19%) | $545 | $391 (28%) | NA | NA |
| 2025 | $555 | $370 (33%) | $660 | $467 (30%) | $425 | $290 (31%) | $595 | $391 (35%) | NA | NA |
| 2026 | $660 | $450 (32%) | $775 | $500 (35%) | $510 | $309 (40%) | $700 | $417 (40%) | $995 | $845 (15%) |

8. WBD's total fees at our standard rates to complete these tasks from the case's inception through June 2026 were $4,853,364 for all timekeepers. From that amount, WBD also discounted its rates by 14% to 40% for Defendants and otherwise wrote off or down $262,702.38 in fees, resulting in total fees billed to Defendants of $3,172,933.80. As shown in the bills, time for various work performed was routinely written off for various reasons. Additionally, as noted above, Defendants are not seeking fees associated with work performed by attorneys, paralegals and legal professionals other than the five primary attorneys referenced above as well as Ms. Wildman, the primary paralegal involved throughout this case.

9. Based on my experience, I believe the time spent was quite reasonable, particularly in view of: (a) the number of claims asserted; (b) the case subject matter (primarily trademark

infringement), (c) the amount of damages claimed by Plaintiffs; (d) and the manner in which Plaintiffs litigated the case. I also believe the skill and experience of the attorneys who worked for Defendants was appropriate.

10.     The attorneys and paralegals who worked on this case also did so at considerable opportunity costs, as their time would have been spent on other cases but for the obligations presented by CMT's claims.

11.     Based on my experience and understanding of rates charged by peer firms for intellectual property cases, I also believe that the rates charged to Apex have been extremely reasonable.

12.     The need for deterrence is also particularly strong in this case. CMT essentially sought to monopolize any shade it considered to be "orange" on circular saw blades and demanded in a series of letters prior to filing suit that Apex cease all use of any orange color on circular saw blades for cutting wood. Apex responded to these demand letters, arguing that the parties used perceptively different shades of orange on their saw blades and that multiple third-parties also used various shades of orange on saw blades. Apex's response also pointed out that both parties prominently displayed their respective brand names and other trademarks on the face of the saw blades as well as on packaging, further negating any likelihood of confusion. *Id.* These were the very arguments that Apex relied on at trial and which the jury presumably found persuasive in ruling in Apex's favor so quickly on the issue of infringement.

13.     CMT proceeded with the lawsuit despite the obvious weaknesses. When Apex defended itself, CMT litigated the case in a very aggressive manner while seeking in excess of $4 million in damages (over $12 million if trebled) in addition to injunctive relief.

14.     In sum, this was a serious case that required extensive work to defend. I believe the

defense provided was very reasonable and efficient based on my years of experience litigating intellectual property disputes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29th, 2026, in Winston-Salem, NC.

*/s/ John F. Morrow, Jr.*
John F. Morrow, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of July, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

*/s/ John F. Morrow, Jr.*
John F. Morrow, Jr.