UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 24-CV-00137-TMR-DCK

|  |  |
|---|---|
| CMT USA, INC. AND CMT UTENSILI S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> APEX TOOL GROUP LLC AND APEX BRANDS, INC., <br><br> Defendants. | **OPINION & ORDER** |

Dated: August 13, 2026

Edgar H. Haug, Robert E. Colletti, Kaitlin M. Farrell, Brian E. Auricchio and Malorie Ruggeri, Haug Partners LLP, of New York, N.Y., Joshua B. Durham and Kevin Roak, Bell, Davis & Pitt PA, of Charlotte, N.C., for plaintiffs CMT USA, Inc. and CMT Utensili S.p.A.

John F. Morrow, Jr., Aaron D. Johnson, David A. Jackson and Joy Tacy Allen Woller, Womble Bond Dickinson (US) LLP, of Winston-Salem, N.C., for defendants Apex Tool Group LLC and Apex Brands, Inc.

TIMOTHY M. REIF, Judge, United States Court of International Trade, Sitting by Designation:

Before the court is the motion for award of reasonable attorneys' fees and costs of defendants Apex Tool Group LLC and Apex Brands, Inc. *See* Defs.' Mot. for Award of Reasonable Att'ys' Fees and Costs Pursuant to Two Disc. Orders ("Defs.

Mot."), ECF No. 405. Defendants seek reasonable attorneys' fees and costs in connection with responding to two discovery motions for which the Court has ruled previously that defendants should receive fees: "(1) Apex's opposition to CMT's Motion to Compel Defendants to Produce Third-Party Communications (Dkt. No. 127), for which Apex seeks $29,430.01; and (2) Apex's opposition to CMT's Motion to Sanction Apex's Failure to Complete and Correct Its Response to Interrogatory No. 6 (Dkt. No. 231), for which Apex seeks $28,623.40." *Id.* at 1.

Plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. oppose the motion on the grounds that defendants "seek[] reimbursement for services beyond the scope of the Court's Orders, claim[] an unreasonable number of hours in opposing [plaintiffs'] motions, and fail[] to support justifying [their] hourly rates." Pls.' Mem. in Opp'n to Defs.' Mot. for Award of Reasonable Att'ys' Fees and Costs ("Pls. Br.") at 1, ECF No. 415.

For the reasons discussed below, the court grants defendants' motion in part.

## BACKGROUND

The court presumes familiarity with the facts as set out in *CMT USA, Inc. v. Apex Tool Group LLC*, 813 F. Supp. 3d 542, 547-49 (W.D.N.C. 2025), and recounts only those facts relevant to the issues now before the court.

On October 31, 2024, plaintiffs moved to compel defendants to produce "all communications between Apex's law firm Lewis Roca Rothgerber Christie LLP ("Lewis Roca") and third-party Marksmen Brand Protection ("Marksmen"), along with all related documents" and "all communications between Apex and/or Lewis

Roca and third-party saw blade manufacturers, along with all related documents." Mot. to Compel Defs. to Produce Third-Party Communications at 1, ECF No. 114.

On May 21, 2025, plaintiffs filed a motion to sanction defendants pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c)(1), alleging that defendants failed to supplement an inaccurate interrogatory response in violation of FRCP 26(e). *See* CMT's Mot. to Sanction Apex's Failure to Complete and Correct Its Incomplete and Erroneous Resp. to Interrog. No. 6, ECF No. 204.

On July 29, 2025, Magistrate Judge Keesler denied plaintiffs' motion to compel and plaintiffs' motion to sanction defendants and awarded "reasonable costs and fees" to defendants. *See* Order at 20, ECF No. 246.

On August 12, 2025, plaintiffs filed objections to the Magistrate Judge's ruling pursuant to FRCP 72(a). *See* CMT's Objections to Magistrate Judge Keesler's Order Dated July 29, 2025 (Dkt. 246) at 3-8, ECF No. 247.

On June 12, 2026, the Court sustained the Magistrate Judge's order and awarded defendants reasonable attorneys' fees and costs. *See* Sealed Op'n & Order, ECF No. 368.

On July 8, 2026, defendants filed the instant motion. *See* Defs. Mot.

### JURISDICTION AND STANDARD OF REVIEW

The court has subject matter jurisdiction over the federal law claims pursuant to 15 U.S.C. § 1125(a) and (c) and 28 U.S.C. § 1331.  The court exercises supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

In general, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Supreme Court has stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* This approach is referred to as the "lodestar method of calculation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The lodestar method "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley*, 461 U.S. at 433; *see also BAM Cap., LLC v. Houser Transp., Inc.*, No. 5:19-CV-00105-KDB-DCK, 2020 WL 97459, at *2 (W.D.N.C. Jan. 8, 2020).

To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

## DISCUSSION

### I.      Plaintiffs' Motion to Compel Third-Party Communications

The court concludes that defendants' claimed award for the motion to compel should be reduced.

Defendants seek $29,430.01 in connection with their opposition to plaintiffs' motion to compel the production of third-party communications. Defs.' Mem. in Supp. of Mot. for Award of Reasonable Att'ys' Fees and Costs Pursuant to Two Disc.

Orders ("Defs. Br.") at 1, ECF No. 406.  Defendants submit three sets of billing invoices to support this claim.  *See* Decl. of David A. Jackson in Supp. of Mot. for Fees ("Jackson Decl."), Exs. 1-3.

Plaintiffs take issue with several aspects of the invoices.  First, Plaintiffs argue that "Apex spent over 150 hours to prepare oppositions to routine motions to compel, which included time from five partners, two associates, and a paralegal." Pls. Br. at 5.  Plaintiffs insist that "[t]hat amount of hours from seven attorneys is reflective of duplication, not a reasonable amount of time."  *Id.*  However, it is difficult for the court to assess the reasonableness of the hours billed, or lack thereof, when plaintiffs do not offer any counter evidence of the hours that *their* counsel spent on the motion to compel.  *See id.*

Second, plaintiffs object that "Apex did not provide any support for the reasonableness of its hourly rates."  *Id.* at 12.  While true of the original motion, defendants remedy this deficiency in their reply brief.  Defendants submit the 2025 American Intellectual Property Law Association Report of the Economic Survey, which states that "[i]n 2024, the average hourly billable rate was $525."  Defs.' Reply in Supp. of Fees Mot. ("Defs. Reply Br."), Ex. A at 16, ECF No. 416-1.  The economic report of a subject-matter-specific bar association constitutes "specific evidence that allows the court to determine 'actual rates which counsel can command in the market.'"  *Project Vote/Voting for America, Inc. v. Long*, 887 F. Supp. 2d 704, 710 (E.D. Va. 2012) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)); *BAM Cap., LLC*, 2020 WL 97459, at *2.  The benchmark figure of

$525 is considerably higher than the $410 average rate that counsel for defendants charged. *See* Defs. Reply Br. at 1; *see also* Jackson Decl. For that reason, the court declines to scrutinize the hourly rate any further.

Plaintiffs argue also that "Apex's total request includes numerous billing entries that are either in whole or in-part completely unrelated to the work for which the Court authorized a fee award." Pls. Br. at 6. Plaintiffs note that "Apex's billing entries often include multiple tasks within a single time entry, making it difficult to determine first, how much time counsel actually spent on any particular task and second, whether the time allocated to that task was reasonable." *Id.* at 9. Plaintiffs highlight a series of entries from defendants' invoices that allegedly "include entirely unrelated or irrelevant services." *See id.* at 6-8.

The court notes that the highlighted entries, and others throughout the invoices, often include multiple tasks within a single entry. *See generally* Jackson Decl., Exs. 1-6. Courts in this circuit have held that while this practice is not prohibited, it may constitute nonetheless "a proper basis for reducing a fee award because [block billing] prevent[s] an accurate determination of the reasonableness of the time expended in a case." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006); *see also Supler v. FKAACS, Inc.*, No. 5:11-CV-229-FL, 2013 WL 6713120, at *4 (E.D.N.C. Dec. 19, 2013).

The highlighted entries that relate purportedly to the motion to compel add up to 11.89 hours with a total fee of $5,117.19. *See* Pls. Br. at 6-8. Of that total, the court notes 5.39 hours' worth of entries that bill for tasks seemingly unrelated to

responding to the motion to compel. *See e.g. id.* at 7 (November 4, 2024 entry that details "preparation of expert reports, and case management plan and litigation strategy"); *see also id.* (November 5, 2024 entry that details "preparation of expert reports, preparation of motion for summary judgment, and litigation strategy); *see also id.* at 8 (November 13, 2024 entry that details an "[i]nternal strategy call" regarding "motion to compel and *expert disclosure strategy*" (emphasis supplied)).

These unclear entries constitute roughly 45% of the highlighted entries. But given that some of the entries within this 45% discuss work relating to opposition to plaintiffs' motion to compel, the court will reduce the fees pertaining to the highlighted entries by 30% only. *See Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1223-24 (9th Cir. 2010) (upholding the district court's 30% reduction of fees associated with block-billed hours). Accordingly, the total amount of fees awarded to defendants in connection with its opposition to the motion to compel shall be $27,894.85.

## II.   Plaintiffs' Motion for Sanctions Concerning Interrogatory No. 6

The court concludes that defendants' claimed fee award for the motion for sanctions should be reduced as well.

Defendants seek $28,623.40 for their opposition to plaintiffs' motion to sanction defendants' alleged failure to complete and correct their response to Interrogatory No. 6. Defs. Br. at 1. Defendants submit three sets of billing invoices to support this claim. *See* Jackson Decl., Exs. 4-6.

As with the motion to compel, plaintiffs highlight a series of allegedly problematic entries in defendants' invoices. *See* Pls. Br. at 8. The highlighted entries add up to 11.6 hours with a total fee of $4,223. *Id.* And all five highlighted entries contain tasks unrelated to the motion for sanctions. *See, e.g., id.* (May 22, 2025 entry listing "conference call with opposing counsel on meet-and-confer obligations; additional conference calls and working on motion to continue or stay action"); *id.* (June 4, 2025 entry listing "[r]eviewing ORDER of Judge Reif suspending trial and all related deadlines pending summary judgment resolution; corresponding with co-counsel regarding same" among other unrelated tasks). Given that block billing makes it difficult to determine the relative weight to afford each task, *see Guidry*, 442 F. Supp. 2d at 294, the court will reduce the fees associated with the highlighted entries by 50%. Accordingly, the total amount of fees awarded to defendants in connection with its opposition to the motion for sanctions shall be $26,511.90.

## CONCLUSION

For the foregoing reasons, defendants' motion for attorneys' fees and costs is **GRANTED IN PART.** Defendants shall be awarded $54,406.75 in reasonable attorneys' fees and costs.

**SO ORDERED.**

Dated: August 13, 2026                    /s/ Timothy M. Reif
New York, New York                        United States Court of International Trade
                                          *Sitting by Designation*
                                          United States District Court for the
                                          Western District of North Carolina