HAUG PARTNERS

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

October 23, 2026

**Edgar H. Haug**
**ehaug@haugpartners.com**

**Via ECF**

Hon. Timothy M. Reif
U.S. District Court
Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Re: ***CMT USA, Inc. et al. v. Apex Tool Group LLC et al.*, No. 3:24-cv-00137-TMR-DCK (W.D.N.C.)**

Dear Judge Reif:

We represent the plaintiffs CMT USA, Inc. and CMT Utensili S.p.A. (collectively "CMT" or "Plaintiffs") in the above identified action, and write to inform the Court that, pursuant to the terms of the parties' Settlement and Release Agreement ("Settlement Agreement") executed by Plaintiffs and defendants Apex Tool Group LLC and Apex Brands, Inc. (collectively "Apex" or "Defendants") on October 6, 2026, Defendants' Motion for an Award of Reasonable Attorneys' Fees and Costs ("Fees Motion") (Dkt. 418) is moot. We note, however, that as of the date of this letter, the Court's PACER system shows that the motion has not yet been terminated, and therefore submit this letter as a courtesy to update the Court on its status so that the Court does not undertake any further unnecessary work or action.

The Settlement Agreement expressly provides that the parties "shall make no monetary payments to one another" and "shall each bear their own costs and fees" incurred in connection with this litigation, consistent with the Notice of Settlement submitted by the parties on September 16, 2026 (Dkt. 436). The Agreement further removes any doubt as to the pending Fees Motion, expressly stating that Apex "shall not seek the fees that are the subject of its motion currently pending before the District Court (Dkt. 418)." *See* Ex. A (Settlement Agreement) ¶ 2. As such, Defendants will not—and cannot—seek the relief that is the subject of their Fees Motion, leaving no live controversy for the Court to resolve and no relief for the Court to award. Defendants' Fees Motion is therefore moot, and the Court lacks jurisdiction to adjudicate it. *See Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1379 (Fed. Cir. 2008) (finding that the parties' agreement concerning attorneys' fees—as set forth in their broader settlement agreement—rendered the pending exceptional case motion moot and deprived the court of jurisdiction to determine whether the case was exceptional); *see generally Kennedy v. Block*, 784 F.2d 1220, 1222 (4th Cir. 1986) (holding that the Constitution "forbids the consideration by federal courts of matters that have become moot" and finding that the parties' settlement agreement resolving the underlying dispute rendered the action moot).

Accordingly, Plaintiffs respectfully request that the Court terminate Defendants' Fees Motion (Dkt. 418) as moot in light of the parties' Settlement Agreement, and thereby formally conclude all proceedings in the case, consistent with the parties' efforts to bring this litigation to a close. On October 7, 2026, one day after executing the Settlement Agreement, the parties filed a Stipulation of Dismissal with Prejudice in this Court (Dkt. 437), and likewise dismissed their respective appeals before the Fourth Circuit with prejudice (Dkt. 438).

Respectfully submitted,

/s/ Edgar H. Haug
Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Kaitlin M. Farrell (*pro hac vice*)
Brian E. Auricchio (*pro hac vice*)
Malorie Ruggeri (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
rcolletti@haugpartners.com
kfarrell@haugpartners.com
bauricchio@haugpartners.com
mruggeri@haugpartners.com

Ward Davis (NC Bar ID 27546)
Joshua B. Durham (NC Bar ID 25414)
**BELL, DAVIS & PITT**
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Plaintiffs*
*CMT USA, Inc. and CMT Utensili S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Malorie Ruggeri
Malorie Ruggeri
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
mruggeri@haugpartners.com